# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEIMAN MARCUS GROUP LTD LLC, | ) | Case No. 20-32519 (DRJ) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 20-3509435 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BERGDORF GOODMAN INC., | ) | Case No. 20-32513 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 13-0485530 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BERGDORF GRAPHICS, INC., | ) | Case No. 20-32510 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 13-2739271 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BG PRODUCTIONS, INC., | ) | Case No. 20-32509 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 35-2433650 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MARIPOSA BORROWER, INC., | ) | Case No. 20-32518 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-3749015 | ) | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MARIPOSA INTERMEDIATE HOLDINGS LLC, | ) ) ) | Case No. 20-32520 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 46-3655829 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NEMA BEVERAGE CORPORATION, | ) ) ) | Case No. 20-32497 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 75-2323412 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NEMA BEVERAGE HOLDING CORPORATION, | ) ) ) | Case No. 20-32498 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 75-2849264 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NEMA BEVERAGE PARENT CORPORATION, | ) ) ) | Case No. 20-32499 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 75-2849262 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NM BERMUDA, LLC, | ) ) | Case No. 20-32507 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 45-4242943 | ) | |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| NM FINANCIAL SERVICES, INC., | ) | Case No. 20-32512 (DRJ) |
| Debtor. | ) | |
| Tax I.D. No. 86-0862446 | ) | |
| In re: | ) | Chapter 11 |
| NM NEVADA TRUST, | ) | Case No. 20-32511 (DRJ) |
| Debtor. | ) | |
| Tax I.D. No. 04-3343700 | ) | |
| In re: | ) | Chapter 11 |
| NMG CALIFORNIA SALON LLC, | ) | Case No. 20-32502 (MI) |
| Debtor. | ) | |
| Tax I.D. No. 81-4129242 | ) | |
| In re: | ) | Chapter 11 |
| NMG FLORIDA SALON LLC, | ) | Case No. 20-32501 (MI) |
| Debtor. | ) | |
| Tax I.D. No. 81-4139269 | ) | |
| In re: | ) | Chapter 11 |
| NMG GLOBAL MOBILITY, INC., | ) | Case No. 20-32506 (DRJ) |
| Debtor. | ) | |
| Tax I.D. No. 45-5000664 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NMG NOTES PROPCO LLC, | ) | Case No. 20-32515 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 84-2071102 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NMG SALON HOLDINGS LLC, | ) | Case No. 20-32504 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4545236 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NMG SALONS LLC, | ) | Case No. 20-32503 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4731570 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NMG TERM LOAN PROPCO LLC, | ) | Case No. 20-32514 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4720786 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NMG TEXAS SALON LLC, | ) | Case No. 20-32500 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-1200318 | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| NMGP, LLC, | Case No. 20-32505 (MI) |
| Debtor. | |
| Tax I.D. No. 06-1701558 | |
| In re: | Chapter 11 |
| THE NEIMAN MARCUS GROUP LLC, | Case No. 20-32517 (MI) |
| Debtor. | |
| Tax I.D. No. 95-4119509 | |
| In re: | Chapter 11 |
| THE NMG SUBSIDIARY LLC, | Case No. 20-32516 (MI) |
| Debtor. | |
| Tax I.D. No. 83-4426074 | |
| In re: | Chapter 11 |
| WORTH AVENUE LEASING COMPANY, | Case No. 20-32508 (DRJ) |
| Debtor. | |
| Tax I.D. No. 04-3435996 | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 8, 2020, AT 1:00 P.M. (CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN MAY 8, 2020.**
>
> **PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**

> **IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S REGULAR DIAL-IN NUMBER. THE DIAL-IN NUMBER IS +1(832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGE S. YOU WILL BE ASKED TO KEY IN THE CONFERENCE ROOM NUMBER. JUDGE JONES' CONFERENCE ROOM NUMBER IS 205691.**
>
> **PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. THE INTERNET SITE IS WWW.JOIN.ME. PERSONS CONNECTING BY MOBILE DEVICE WILL NEED TO DOWNLOAD THE FREE JOIN.ME APPLICATION.**
>
> **ONCE CONNECTED TO WWW.JOIN.ME, A PARTICIPANT MUST SELECT "JOIN A MEETING". THE CODE FOR JOINING THIS HEARING BEFORE JUDGE JONES IS "JUDGEJONES". THE NEXT SCREEN WILL HAVE A PLACE FOR THE PARTICIPANT'S NAME IN THE LOWER LEFT CORNER. PLEASE COMPLETE THE NAME AND CLICK "NOTIFY".**
>
> **HEARING APPEARANCES SHOULD BE MADE ELECTRONICALLY AND IN ADVANCE OF THE HEARING. YOU MAY MAKE YOUR ELECTRONIC APPEARANCE BY:**
>
> **1) GOING TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE;**
>
> **2) SELECTING "BANKRUPTCY COURT" FROM THE TOP MENU;**
>
> **3) SELECTING JUDGES' PROCEDURES AND SCHEDULES;**
>
> **4) SELECTING "VIEW HOME PAGE" FOR JUDGE DAVID R. JONES;**
>
> **5) UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE;"**
>
> **6) SELECT NEIMAN MARCUS GROUP LTD LLC, ET AL. FROM THE LIST OF ELECTRONIC APPEARANCE LINKS, AND**
>
> **7) AFTER SELECTING NEIMAN MARCUS GROUP LTD LLC, ET AL. FROM THE LIST, COMPLETE THE REQUIRED FIELDS AND HIT THE "SUBMIT" BUTTON AT THE BOTTOM OF THE PAGE.**
>
> **SUBMITTING YOUR APPEARANCE ELECTRONICALLY IN ADVANCE OF THE HEARING WILL NEGATE THE NEED TO MAKE AN APPEARANCE ON THE RECORD AT THE HEARING.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:[1]

---

[1] The facts and circumstances supporting this motion are set forth in the *Declaration of Mark Weinsten, Chief Restructuring Officer of Neiman Marcus Group LTD LLC, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed substantially contemporaneously with the Debtors' voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") on May 7, 2020 (the "<u>Petition Date</u>") and incorporated by reference herein. Capitalized terms used but not immediately defined in this motion shall have the meanings assigned to them elsewhere in this motion or in the First Day Declaration, as applicable.

**Relief Requested**

1.  The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), (a) directing procedural consolidation and joint administration of these chapter 11 cases. The Debtors request that one file and one docket be maintained for all of the jointly-administered cases under the case of Neiman Marcus Group LTD LLC and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) Case No. 20-32519 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

2.  The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.  The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Neiman Marcus Group LTD LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the

7

chapter 11 cases of:  Neiman Marcus Group LTD LLC, Case No. 20-32519; Bergdorf Goodman, Inc., Case No. 20-32513; Bergdorf Graphics, Inc., Case No. 20-32510; BG Productions, Inc., Case No. 20-32509; Mariposa Borrower, Inc., Case No. 20-32518; Mariposa Intermediate Holdings LLC, Case No. 20-32520; NEMA Beverage Corporation, Case No. 20-32497; NEMA Beverage Holding Corporation, Case No. 20-32498; NEMA Beverage Parent Corporation, Case No. 20-32499; NM Bermuda, LLC, Case No. 20-32507; NM Financial Services, Inc., Case No. 20-32512; NM Nevada Trust, Case No. 20-32511; NMG California Salon LLC, Case No. 20-32502; NMG Florida Salon LLC, Case No. 20-32501; NMG Global Mobility, Inc., Case No. 20-32506; NMG Notes PropCo LLC, Case No. 20-32515; NMG Salon Holdings LLC, Case No. 20-32504; NMG Salons LLC, Case No. 20-32503; NMG Term Loan PropCo LLC, Case No. 20-32514; NMG Texas Salon LLC, Case No. 20-32500; NMGP, LLC, Case No. 20-32505; The Neiman Marcus Group LLC, Case No. 20-32517; The NMG Subsidiary LLC, Case No. 20-32516; and Worth Avenue Leasing Company, Case No. 20-32508.  The docket in Case No. 20-32519 (DRJ) should be consulted for all matters affecting this case.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-32519 (DRJ).**

## Jurisdiction and Venue

4.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

5.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     The bases for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and rules 1075-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

## Background

7.     For over 100 years, the Debtors have been the leader in retail luxury, innovation, and customer experiences.  Since opening in 1907 with just one store in Dallas, Texas, the Debtors have strategically grown to 67 stores across the United States, including their marquee

8

luxury Neiman Marcus and Bergdorf Goodman locations, Horchow e-commerce website, and off-price Last Call stores. Each Neiman Marcus and Bergdorf Goodman store offers a distinctive selection of apparel, handbags, shoes, cosmetics, and precious and designer jewelry from premier luxury and fashion designers. Horchow offers luxury home furnishings and accessories, and Last Call provides a more affordable option for price-sensitive yet fashion-minded customers. To complement its store footprint, NMG operates the largest luxury e-commerce platform in the world. More than 30 percent of NMG's total annual revenue is from online sales. The Debtors' non-Debtor affiliates own and operate a single store under the THERESA brand and an e-commerce platform under the Mytheresa brand. As of the Petition Date, the Debtors have funded-debt obligations of approximately $5.5 billion.

8. The Debtors commenced these chapter 11 cases in the face of the unprecedented global COVID-19 pandemic with the goal of stabilizing the Debtors' business and maximizing the value of the enterprise for stakeholders. In the face of these catastrophic headwinds, the Debtors have obtained financial commitments from key stakeholders to enable the Debtors to satisfy their postpetition obligations and beyond, and support from these same key stakeholders for a pre-negotiated transaction pursuant to the Restructuring Support Agreement, filed contemporaneously herewith. The Restructuring Support Agreement includes commitments from holders of over 77% of the Debtors' Extended Term Loans, over 99% of the Debtors' Second Lien Notes, and over 69% of the Debtors' Third Lien Notes to equitize their debt and to backstop the full amount of a proposed $675 million new-money debtor-in-possession financing facility and a $750 million committed exit financing facility. Through the Debtors' diligent and timely efforts to implement the transaction, the Debtors seek to deleverage their balance sheet by approximately $4 billion and emerge from chapter 11 as a stronger, better-capitalized enterprise.

9.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**Basis for Relief**

10.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

11.     Joint administration of these chapter 11 cases will provide administrative convenience without harming the substantive rights of any party in interest, in any manner. Many of the motions, hearings, and orders in these chapter 11 cases will affect all Debtor entities. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead

will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Emergency Consideration

13. Pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm," and Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this motion. The motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this motion on an emergency basis.

## Notice

14. The Debtors will provide notice of this motion to: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Term Loan Lender Group; (d) counsel to the Noteholder Group; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an order, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
May 7, 2020

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Anup Sathy, P.C. (*pro hac vice* pending) |
| Kristhy M. Peguero (TX Bar No. 24102776) | Chad J. Husnick, P.C. (*pro hac vice* pending) |
| Veronica A. Polnick (TX Bar No. 24079148) | 300 North LaSalle Street |
| 1401 McKinney Street, Suite 1900 | Chicago, Illinois 60654 |
| Houston, Texas 77010 | Telephone: (312) 862-2000 |
| Telephone: (713) 752-4200 | Facsimile: (312) 862-2200 |
| Facsimile: (713) 752-4221 | Email: anup.sathy@kirkland.com |
| Email: mcavenaugh@jw.com | chad.husnick@kirkland.com |
| jwertz@jw.com | |
| kpeguero@jw.com | -and- |
| vpolnick@jw.com | |
| | Matthew C. Fagen (*pro hac vice* pending) |
| *Proposed Co-Counsel to the Debtors* | 601 Lexington Avenue |
| *and Debtors in Possession* | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: matthew.fagen@kirkland.com |
| | |
| | *Proposed Co-Counsel to the Debtors* |
| | *and Debtors in Possession* |

**Certificate of Service**

I certify that on May 7, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Matthew D. Cavenaugh
Matthew D. Cavenaugh