## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) Case No. 20-32519 (DRJ) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) (Emergency Hearing Requested) |

### DEBTORS' <u>EMERGENCY</u> MOTION
### FOR ENTRY OF AN ORDER (I) AUTHORIZING
### THE DEBTORS TO FILE A CONSOLIDATED LIST
### OF CREDITORS AND A CONSOLIDATED LIST OF THE 50
### LARGEST UNSECURED CREDITORS, (II) AUTHORIZING THE
### DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION
### INFORMATION, (III) APPROVING THE FORM AND MANNER OF
### NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE CHAPTER 11
### CASES AND OTHER INFORMATION, AND (IV) GRANTING RELATED RELIEF

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 8, 2020, AT 1:00 P.M. (CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**RELIEF IS REQUESTED NOT LATER THAN MAY 8, 2020.**

**PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**

**IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S REGULAR DIAL-IN NUMBER. THE DIAL-IN NUMBER IS +1(832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

LONG-DISTANCE CHARGE S.  YOU WILL BE ASKED TO KEY IN THE CONFERENCE ROOM NUMBER.  JUDGE JONES' CONFERENCE ROOM NUMBER IS 205691.

PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION.  THE INTERNET SITE IS WWW.JOIN.ME.  PERSONS CONNECTING BY MOBILE DEVICE WILL NEED TO DOWNLOAD THE FREE JOIN.ME APPLICATION.

ONCE CONNECTED TO WWW.JOIN.ME, A PARTICIPANT MUST SELECT "JOIN A MEETING".  THE CODE FOR JOINING THIS HEARING BEFORE JUDGE JONES IS "JUDGEJONES".  THE NEXT SCREEN WILL HAVE A PLACE FOR THE PARTICIPANT'S NAME IN THE LOWER LEFT CORNER.  PLEASE COMPLETE THE NAME AND CLICK "NOTIFY".

HEARING APPEARANCES SHOULD BE MADE ELECTRONICALLY AND IN ADVANCE OF THE HEARING.  YOU MAY MAKE YOUR ELECTRONIC APPEARANCE BY:

1) GOING TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE;

2) SELECTING "BANKRUPTCY COURT" FROM THE TOP MENU;

3) SELECTING JUDGES' PROCEDURES AND SCHEDULES;

4) SELECTING "VIEW HOME PAGE" FOR JUDGE DAVID R. JONES;

5) UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE;"

6) SELECT NEIMAN MARCUS GROUP LTD LLC, ET AL. FROM THE LIST OF ELECTRONIC APPEARANCE LINKS, AND

7) AFTER SELECTING NEIMAN MARCUS GROUP LTD LLC, ET AL. FROM THE LIST, COMPLETE THE REQUIRED FIELDS AND HIT THE "SUBMIT" BUTTON AT THE BOTTOM OF THE PAGE.

SUBMITTING YOUR APPEARANCE ELECTRONICALLY IN ADVANCE OF THE HEARING WILL NEGATE THE NEED TO MAKE AN APPEARANCE ON THE RECORD AT THE HEARING

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion:[2]

## **Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto

(respectively, the "Order"), (a) authorizing the Debtors to file a consolidated creditor matrix and

list of the 50 largest general unsecured creditors in lieu of submitting separate mailing matrices

---

[2] The facts and circumstances supporting this motion are set forth in the *Declaration of Mark Weinstein, Chief Restructuring Officer of Neiman Marcus Group LTD LLC, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously with the Debtors' voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on May 7, 2020 (the "Petition Date") and incorporated by reference herein.  Capitalized terms used but not immediately defined in this motion shall have the meanings assigned to them elsewhere in this motion or in the First Day Declaration, as applicable.

and creditor lists for each Debtor, (b) authorizing the Debtors to redact certain personal identification information, (c) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code, and (d) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107(b), and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 6003, and rules 1075-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

## Background

5.      For over 100 years, the Debtors have been the leader in retail luxury, innovation, and customer experiences.  Since opening in 1907 with just one store in Dallas, Texas, the Debtors have strategically grown to 67 stores across the United States, including their marquee luxury Neiman Marcus and Bergdorf Goodman locations, Horchow e-commerce website, and off-price Last Call stores.  Each Neiman Marcus and Bergdorf Goodman store offers a distinctive selection of apparel, handbags, shoes, cosmetics, and precious and designer jewelry from premier luxury and fashion designers.  Horchow offers luxury home furnishings and accessories, and Last Call provides a more affordable option for price-sensitive yet fashion-minded customers.  To

complement its store footprint, NMG operates the largest luxury e-commerce platform in the world. More than 30 percent of NMG's total annual revenue is from online sales. The Debtors' non-Debtor affiliates own and operate a single store under the THERESA brand and an e-commerce platform under the Mytheresa brand. As of the Petition Date, the Debtors have funded-debt obligations of approximately $5.5 billion.

6. The Debtors commenced these chapter 11 cases in the face of the unprecedented global COVID-19 pandemic with the goal of stabilizing the Debtors' business and maximizing the value of the enterprise for stakeholders. In the face of these catastrophic headwinds, the Debtors have obtained financial commitments from key stakeholders to enable the Debtors to satisfy their postpetition obligations and beyond, and support from these same key stakeholders for a pre-negotiated transaction pursuant to the Restructuring Support Agreement, filed contemporaneously herewith. The Restructuring Support Agreement includes commitments from holders of over 77% of the Debtors' Extended Term Loans, over 99% of the Debtors' Second Lien Notes, and over 69% of the Debtors' Third Lien Notes to equitize their debt and to backstop the full amount of a proposed $675 million new-money debtor-in-possession financing facility and a $750 million committed exit financing facility. Through the Debtors' diligent and timely efforts to implement the transaction, the Debtors seek to deleverage their balance sheet by approximately $4 billion and emerge from chapter 11 as a stronger, better-capitalized enterprise.

7. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have concurrently filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the

4

appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**<u>Basis for Relief</u>**

**I.      Consolidated Creditor Matrix.**

8.      Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." Fed. R. Bankr. P. 1007(a)(1).  Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[3]  Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome.  Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "<u>Creditor Matrix</u>") for all of the Debtors.

**II.      Consolidated List of the 50 Largest General Unsecured Creditors.**

9.      Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).  Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors (the "<u>Top 50 List</u>").  The Top 50 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

**III.      Redaction of Certain Confidential Information of Individuals Is Warranted.**

10.      Section 107(c) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following
> types of information to the extent the court finds that disclosure of

---

[3]      *See Procedures for Complex Chapter 11 Cases in the Southern District of Texas.*

5

such information would create undue risk of identity theft or other unlawful injury to the individual:

(A) Any means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).  In addition, privacy protection regulations are being enacted in key jurisdictions.  In 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to request their collected personal information be deleted by entities subject to the regulation.  Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation.  Cal. Civ. Code § 1798.155.  The CCPA applies to all for-profit entities doing business in California ("CCPA Entities") that collect and process consumers' personal data and satisfy one of the following criteria:  (i) annual gross revenue in excess of $25 million; (ii) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (iii) receives 50% or more of their annual revenues from selling consumers' personal information.  Cal. Civ. Code § 1798.140(c)(1).  The Debtors likely qualify as CCPA Entities because the Debtors operate 12 stores located in California and the Debtors' annual gross revenue for 2019 was $4.5 billion.  In addition, the European General Data Protection Regulation (the "GDPR"), which applies to all European Union member countries and protects all European Union member countries' citizens, imposes significant constraints on the disclosure of "personally identifiable information" (which includes home addresses of individuals).  Violators of the GDPR risk severe penalties.  If an organization is found to have disclosed information in breach of the GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover of the preceding financial year.  *See* General

Data Protection Regulation (EU) 2016/679, art. 83(5).  The GDPR may apply to the Debtors as certain of the Debtors' creditors are located in member countries of the European Union and may therefore be European Union citizens protected by the personally identifiable information disclosure regulations.

11.     The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the Schedules and Statements,[4] (a) the home addresses of individual creditors—including the Debtors' employees and contract workers—and (b) the names and addresses of European Union member countries' citizens because (x) such information can be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking, and (y) disclosure risks violating the CCPA / GDPR, exposing the Debtors to potential civil liability and significant financial penalties. This risk is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[5]

12.     The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed order to (a) the Court, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), counsel to an official committee of unsecured creditors appointed in these

---

[4]   As defined in the *Debtors' Emergency Motion for Entry of an Order Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs*, filed contemporaneously herewith.

[5]   The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

chapter 11 cases (if any), and (b) upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, any party in interest. In addition, the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

13.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1) and in compliance with the CCPA / GDPR, the home addresses of individuals (and, with respect to individuals who are or may be located in the European Union, the names and home addresses) listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court. Absent such relief, the Debtors (a) would be in violation of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft, and (c) could jeopardize the safety of employees, contract workers, and other individual creditors who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## IV.     Service of the Notice of Commencement.

14.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

15.     Through Stretto, the Debtors' proposed noticing, claims, and balloting agent (the "Noticing and Claims Agent"), the Debtors propose to serve the notice of commencement,

substantially in the form attached as Exhibit 1 to the Order (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code.  Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix.  Accordingly, the Debtors submit that service of the Notice of Commencement is warranted.

**Emergency Consideration**

16.     Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm," and Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this motion.  The motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date.  The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this motion on an emergency basis.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

17.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and

that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

18.     The Debtors will provide notice of this motion to:  (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Term Loan Lender Group; (d) counsel to the Noteholder Group; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
May 7, 2020

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Anup Sathy, P.C. (*pro hac vice* pending) |
| Kristhy M. Peguero (TX Bar No. 24102776) | Chad J. Husnick, P.C. (*pro hac vice* pending) |
| Veronica A. Polnick (TX Bar No. 24079148) | 300 North LaSalle Street |
| 1401 McKinney Street, Suite 1900 | Chicago, Illinois 60654 |

JACKSON WALKER L.L.P.
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:  (713) 752-4200
Facsimile:  (713) 752-4221
Email:   mcavenaugh@jw.com
     jwertz@jw.com
     kpeguero@jw.com
     vpolnick@jw.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Anup Sathy, P.C. (*pro hac vice* pending)
Chad J. Husnick, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:   anup.sathy@kirkland.com
     chad.husnick@kirkland.com

-and-

Matthew C. Fagen (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:   matthew.fagen@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on May 7, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh