**EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) Case No. 20-32519 (DRJ) |
| Debtors. | ) (Jointly Administered) |

**ORDER APPROVING DEBTORS' APPLICATION TO EMPLOY AND RETAIN PERELLA WEINBERG PARTNERS LP AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DISINTERESTED MANAGERS OF NEIMAN MARCUS GROUP LTD LLC NUNC PRO TUNC TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-referenced debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (the "Order") authorizing the Disinterested Managers to retain and employ Perella Weinberg Partners LP ("PWP") as their financial advisor and investment banker *nunc pro tunc* to May 7, 2020 (the "Petition Date"), pursuant to sections 327(a), 329, 330, 331, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1, 2016-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"); and the Court having reviewed the Application, Declaration of Bruce Mendelsohn, Partner of PWP (the "Mendelsohn Declaration"); and the Court having jurisdiction over the matters raised in the Application pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

§§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Mendelsohn Declaration that PWP's employment is in the best interests of the Debtors' estates; and PWP: (a) does not represent, and does not hold, any interest adverse to the Debtors' estates and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and has no connection to the Debtors, the Disinterested Managers, their creditors, or other parties in interest; and the Court having found that the Debtors' provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Application after having given due deliberation upon the Application and all of the proceedings had before the Court in connection with the Application, it is

HEREBY ORDERED THAT:

1. The Debtors are authorized to retain and employ PWP as their financial advisor and investment banker *nunc pro tunc* to the Petition Date in accordance with (a) the terms and conditions set forth in the Engagement Letter attached to the Application as **Exhibit C** and (b) this Order.

2. PWP shall file applications for the allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the guidelines established by the Office of the United States Trustee, and any other applicable orders and

procedures of this Court; provided however, that (a) PWP shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code, and PWP's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code, except that, notwithstanding any provisions to the contrary in this Order, the Application or any of its attachments, the U.S. Trustee and the Court shall retain all rights and be entitled to object to PWP's requests for fees and reimbursement of expenses, including those set forth in applications filed with the Court, based on the reasonableness standard provided in section 330 of the Bankruptcy Code, and (b) that PWP and its professionals shall be excused from keeping time records for services rendered in one-tenth of an hour increments and instead shall only be required to maintain time records in half-hour increments, and will submit, with any interim or final fee application, in summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Disinterested Managers in one-half (.5) hour increments.  PWP will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the services discussed above.  PWP's applications for compensation and expenses will be paid by the Debtors pursuant to the terms of the Engagement Letter in accordance with any related procedures established by the Court.

3. PWP is authorized without further order of the Court to reserve and apply amounts from prepetition payments received by PWP as are necessary and appropriate to compensate and reimburse PWP for any outstanding fees or expenses incurred on or prior to the Petition Date, consistent with PWP's ordinary course billing practices.

4. The Debtors and PWP are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Houston, Texas
Dated: _____, 2020

_____
The Honorable David R. Jones
United States Bankruptcy Judge