IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) Case No. 20-32519 (DRJ) |
|  | ) |
| Debtors. | ) (Jointly Administered) |

**STIPULATION AND AGREED ORDER MODIFYING THE AUTOMATIC STAY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Tayler Bayer ("Bayer," and together with the Debtors, the "Parties") hereby enter into this stipulation (the "Stipulation") and agree as follows:

**WHEREAS**, on May 7, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

**WHEREAS**, prior to the Petition Date, Bayer commenced a civil case against the Debtors, *Bayer v. Neiman Marcus Grp., Inc.*, Case No. 3:13-cv-04487-TSH (N.D. Cal.), which is pending in the United States Court of Appeals for the Ninth Circuit under the name *Bayer v. Neiman Marcus Group, Inc.*, Case No. 19-16282 (9th Cir.) (collectively, the "Underlying Lawsuit");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

**WHEREAS**, on May 3, 2020, the Ninth Circuit scheduled an oral argument to take place on July 16, 2020 (the "Oral Argument") in the Underlying Lawsuit;

**WHEREAS**, on May 22, 2020, Bayer filed the *Notice of Motion and Motion for Partial Relief from Automatic Stay by Tayler Bayer* [Docket No. 509] (the "Bayer Motion") in these chapter 11 cases, seeking partial relief from the automatic stay;

**WHEREAS**, on June 10, 2020, the Debtors filed the *Debtors' Objection to Tayler Bayer's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to Proceed with Oral Argument* [Docket No. 811];

**WHEREAS**, subject to the approval of the Ninth Circuit, the Parties have agreed to proceed in the Underlying Litigation without the need for Oral Argument and solely based on *Plaintiff-Appellant Tayler Bayer's Opening Brief* [Docket No. 8], *Plaintiff-Appellant Tayler Bayer's Excerpts of Record* [Docket No. 9], *Appellee's Brief (In Response to Appellant's Opening Brief)* [Docket No. 15], and *Plaintiff-Appellant Tayler Bayer's Reply Brief* [Docket No. 28] (collectively, the "Ninth Circuit Briefs") filed in the Underlying Lawsuit;

**WHEREAS**, the Parties have agreed to allow Bayer to modify the automatic stay pursuant to section 362 of the Bankruptcy Code, as set forth herein.

**NOW, THEREFORE, IT IS STIPULATED BY THE PARTIES AND HEREBY ORDERED THAT:**

1.  *Modifying of the Automatic Stay.* Upon approval of this Stipulation by the Court, the automatic stay pursuant to section 362 of the Bankruptcy Code shall be modified solely to the extent necessary to allow the Ninth Circuit to consider and decide the issues raised in the Ninth Circuit Briefs in the Underlying Lawsuit against Neiman Marcus Group, LTD LLC f/k/a Neiman Marcus Group, Inc., and in the event that the Ninth Circuit remands to the U.S. District Court for the Northern District of California (the "District Court"), to permit the District Court to determine

the value, if any, of Bayer's claim in the Underlying Lawsuit. If Bayer obtains a final judgment for which any applicable appeal period has expired or final settlement in Bayer's favor, Bayer may assert a general unsecured claim in this case and may recover Bayer's *pro rata* share of any general unsecured creditor distribution that may be available, but may not otherwise recover property of the Debtors' estates or any other property of the Debtors or their successors. Upon approval of this Stipulation by the Court, the Bayer Motion is hereby withdrawn and the hearing scheduled for June 17, 2020, or any hearing subsequently scheduled for the purpose of adjudicating the Bayer Motion is hereby adjourned.

2. *Scope of Stay Relief.* Except to the extent set forth in Paragraph 1 hereof, the provisions of section 362 of the Bankruptcy Code, including, without limitation, those provisions prohibiting the execution, enforcement, or collection of any award or judgment obtained against the Debtors, and against any assets or properties of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect. Nothing contained herein shall constitute or operate as a waiver or modification of the automatic stay so as to permit the prosecution against any of the Debtors of any claims by any person or entity other than Bayer as provided herein.

3. *Authority.* The attorneys for Bayer and the Debtors represent and warrant that Bayer and the Debtors have full knowledge of, and have consented to, this Stipulation and that the attorneys for Bayer and the Debtors have full authority to execute this Stipulation on behalf of Bayer and the Debtors.

4. *Bankruptcy Court Approval.* This Stipulation is subject to the approval of the Court and shall be of no force and effect unless and until an order approving the same is entered. If this

Stipulation is not approved by the Court, it shall be null and void and shall not be referred to, or used for any purpose, by any of the Parties except as to this Paragraph 5.

5. *Exclusive Jurisdiction*. The Court shall have sole and exclusive jurisdiction over the enforcement of the terms of this Stipulation as well as with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before the Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of Texas.

6. *Reservation of Rights, Claims, and Defenses*. By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise, except as otherwise provided in this Stipulation.

7. *Modification of Stipulation*. This Stipulation shall not be modified, altered, amended, or vacated without written consent of all Parties hereto.

IT IS SO ORDERED.

Dated:_____

                                                                  DAVID R. JONES
                                                                   UNITED STATES BANKRUPTCY JUDGE

Houston, Texas
June 16, 2020

/s/ *Matthew D. Cavenaugh*

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:    mcavenaugh@jw.com
          jwertz@jw.com
          kpeguero@jw.com
          vpolnick@jw.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    anup.sathy@kirkland.com
          chad.husnick@kirkland.com

-and-

Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    matthew.fagen@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

/s/ *Michael Rubin*

**ALTSHULER BERZON LLP**
Michael Rubin (CA Bar No. 80618)
Matthew J. Murray (CA Bar No. 271461)
177 Post Street, Suite 300
San Francisco, California 94108
Telephone:    (415) 421-7151
Facsimile:    (415) 362-8064
Email:    mrubin@altber.com
          mmurray@altber.com

-and-

**MCGUINN, HILLSMAN & PALEFSKY**
Cliff Palefsky (CA Bar No. 77683)
Keith Ehrman (CA Bar No. 106985)
535 Pacific Avenue
San Francisco, CA 94133
Telephone:    (415) 421-9292
Facsimile:    (415) 403-0202
Email:    cp@mhpsf.com
          keith@mhpsf.com

*Attorneys for Tayler Bayer*