IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| NEIMAN MARCUS GROUP LTD LLC, | § | CASE NO. 20-32519 |
| *et. al.*, | § | |
| | § | Joint Administration Pending |
| Debtors. | § | |

**DELL MARKETING, L.P.'S MOTION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM FOR POST-PETITION SERVICES**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 27, 2020 AT 9:30 A.M. PREVAILING CENTRAL TIME IN COURTROOM 400, 515 RUSK STREET, HOUSTON, TEXAS 77002, BEFORE THE HONORABLE DAVID R. JONES. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Dell Marketing, L.P. ("Dell"), a creditor in the above-entitled and numbered case, and files its Motion for Allowance and Payment of Administrative Expense Claim for Post-Petition Services (the "Motion"), pursuant to Sections 105, 503(b), and 365 of the Bankruptcy Code. In support hereof, Dell respectfully shows the Court as follows:

## I. JURISDICTION

1.  Under 28 U.S.C. §§ 157 and 1334, the Court has jurisdiction over the Motion and relief requested herein. Pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O), this Motion presents a core proceeding. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicate for the relief requested herein is 11 U.S.C. §§ 503(b)(1), 507(a)(2).

## II. BACKGROUND

3. On May 7, 2020 (the "Petition Date"), Neiman Marcus Group LTD LLC and various related entities (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.[1]

4. Prior to the Petition Date, on or about September 18, 2007, Dell and the Debtors entered into a Professional Services Agreement (the "Original Services Agreement") which included, among other things, VMware Support and Subscription services.[2] VMware specializes in software and services relating to virtualization technologies. In addition to providing software and support services, VMware products include, but not limited to, virtualization, networking and security management tools, software-defined data center software, and storage software.

5. Under the Original Services Agreement, EMC (now a part of Dell) agreed to provide software subscription and support services to the Debtors for use in their retail stores. Debtors, in turn, agreed to pay Dell/EMC the annual subscription fees and charges pursuant to the Original Services Agreement.

6. On or about May 1, 2020, six (6) days before the Petition Date, the Debtors renewed their subscription with Dell to continue using the VMware software and support subscription (the "Subscription Renewal"). Dell invoiced the Debtors on May 1, 2020 setting forth a total of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[2] VMware is a subsidiary of Dell. EMC Corporation originally acquired VMware in or around 2004 and Dell acquired EMC Corporation in or around 2016.

$329,025.87 for the VMware Subscription Renewal. Under the VMware Terms and Conditions and according to the invoice, payment for the Subscription Renewal was due 30 days later, on or before May 31, 2020.

7. While payment of the renewal was to be made on or before May 31, 2020 (Post-Petition), the Subscription Renewal covers software and support services for the entire period of one (1) year starting from May 5, 2020 to May 4, 2021, with the bulk of services provided by Dell after the Petition Date. Under the Subscription Renewal, Debtors were obligated to make the annual renewal payment to Dell under the Terms and Conditions for continued use of the VMware subscription and support services.

8. On June 19, 2020, the Debtors filed their Schedules and properly named Dell's subscription agreement as an Executory Contract in their Schedule G. [Doc. No. 926, p. 12 of 52 of Schedule G Attachment]. The Debtors, however, did not list Dell as a creditor of the estate. [*See id.*].

9. On June 23, 2020, counsel for Dell reached out in writing to Debtors' counsel in an attempt to resolve the post-petition amounts outstanding and owed to Dell by the Debtors and provided a copy of the draft Motion and the relevant invoice. To date, no response has been received.

10. Since the Petition Date, and pursuant to the Subscription Renewal, Dell has continued to provide the software subscription and support services to the Debtors. Although Debtors have enjoyed the benefit of Dell's services, the Debtors have failed to pay for post-petition software subscription and support services. As of the date of this Motion, the Debtors owe Dell a total of $329,025.87 (the "Administrative Expense Claim"). Attached hereto as **Exhibit A** is a true

and correct copy of the invoice reflecting the amount due and owing to Dell for Debtors' use of the software subscription and support services for the time period of May 5, 2020 to May 4, 2021.

### III. **RELIEF REQUESTED AND BASIS FOR RELIEF**

11. The Bankruptcy Code provides that "the actual, necessary costs and expenses of preserving the estate" are characterized as administrative expenses and are entitled to priority. 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2). Administrative priority is given to post-petition vendors as an inducement to engage in business transactions with a debtor's estate. *Matter of TransAmerican Nat. Gas Corp.*, 978 F.2d 1409, 1416, reh'g denied, 983 F.2d 1060 (5th Cir. 1993).

12. A request for payment qualifies as an administrative expense claim pursuant to Section 503 if it arose post-petition and results in a direct benefit to the estate. *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001). A debt is incurred on the date that a debtor becomes liable for it or "when . . . a service [is] performed." *Matter of Emerald Oil Co.*, 695 F.2d 833, 837 (5th Cir. 1983). Further, in order for an obligation to qualify as an actual and necessary cost, the obligation: (1) must have arisen from a transaction with the estate; and (2) the goods or services supplied enhanced the ability of the estate's business to function. *In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992).

13. Moreover, in the period prior to assumption or rejection, the non-debtor party to an executory contract is required to perform, but the contract is unenforceable as against the debtor until assumption. *Lauter v. Citgo Petroleum Corp.*, No. CV H-17-2028, 2018 WL 801601, at *14 (S.D. Tex. Feb. 8, 2018); *In re El Paso Refinery, L.P.*, 196 B.R. 58, 72 (Bankr. W.D. Tex. 1996). Nonetheless, "[i]f the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-

possession is obligated to pay for the reasonable value of those services." *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984).

14. After the Petition Date, Dell continued to provide post-petition software and support services to the Debtors. Because the Debtors became liable for these services after the Petition Date and the support and subscription services were provided after the Petition Date, the debt is a post-petition debt. Further, the cost of those post-petition services constitutes an actual and necessary cost of preserving the Debtors' estates, because the software subscription and support services has allowed the Debtors to continue their retail operations, generate income during their bankruptcy, and preserve key customer relationships.  In sum, Dell's services conferred a post-petition benefit upon the Debtors and the Debtors' estates by ensuring that certain software and support services used in the Debtors' businesses remained in good and operating condition.

15. However, Debtors failed to timely pay for such services in violation of Debtors' contractual obligations. As a result of this failure to pay and as shown by **Exhibit A**, Dell is entitled to an administrative claim in the amount of $329,025.87 pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2).

16. In addition to requesting an order allowing the Administrative Expense Claim in the amount set forth herein, Dell also requests that the Court order Debtors to pay the Administrative Expense Claim within ten (10) days of an order granting this Motion. The timing of payment of an administrative expense claim under § 503(b) is a matter within the Court's discretion.  *In re NE Opco, Inc.*, 501 B.R. 233, 259 (Bank. D. Del. 2013); *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005); *In re Mr. Gatti's, Inc.*, 164 B.R. 929, 936 (Bankr. W.D. Tex. 1994).

### IV. NO PRIOR REQUEST

No prior motion or application for the relief sought herein has been made to this or any other court.

### V. RESERVATION OF RIGHTS

Dell reserves the right to amend or supplement this Motion to assert additional administrative expense claims against the Debtors.

### VI. CONCLUSION

Accordingly, for the reasons described above, Dell respectfully requests this Court to enter an Order: (i) granting Dell an administrative priority claim in the amount of $329,025.87; (ii) requiring the Debtors to pay $329,025.87 to Dell in satisfaction of such administrative claim within ten (10) days of entry of this Order; and (iii) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  July 1, 2020

Respectfully submitted,

By:  /s/ *Sabrina L. Streusand*
Sabrina L. Streusand
State Bar No. 11701700
Anh Nguyen
State Bar No. 24079053
**STREUSAND, LANDON, OZBURN & LEMMON LLP**
1801 S. MoPac Expressway, Ste. 320
Austin, Texas 78746
Telephone:  (512) 236-9901
Facsimile:   (512) 236-9904
streusand@slollp.com
nguyen@slollp.com

**ATTORNEYS FOR DELL MARKETING, L.P.**

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served on this 1st day of July, 2020 upon all parties requesting service via ECF Notification and/or electronic mail and/or First Class Mail pursuant to the attached service list.

                  */s/ Sabrina L. Streusand*
                  Sabrina L. Streusand