**From:** Weisfelner, Edward S.
**Sent:** Saturday, August 01, 2020 1:15 PM
**To:** 'hector.duran.Jr@usdoj.gov'; Nan.R.Eitel@usdoj.gov; 'henry.g.hobbs@usdoj.gov'
**Cc:** 'Richard Pachulski'; Michael Warner; Dan Kamensky (dkamensky@marbleridgecap.com)
**Subject:** Neiman Marcus et al.

Messers Hobbs and Duran and Ms. Eitel :

I'm writing to inform each of you that, earlier this morning, Marble Ridge ("MR") tendered its resignation from the Official Creditors Committee that was appointed in these cases as one of its Co-Chairs and Members.

The circumstances leading to MR's resignation stems from considerable efforts that were well underway among MR's Managing Partner, Dan Kamensky, on the one hand, and the Committee's professionals at the Pachulski Stang firm, the Cole Schotz firm and the MIII firm, working collectively, on the other hand.  These efforts were intended to address the recently announced settlement proffered by Scott Vogel as the remaining Independent Manager to resolve the estates' claims against the Debtors' LBO sponsors.  Under the proposal that was being negotiated and finalized, it was anticipated that MR would offer the general unsecured creditors the option of converting their pro rata share of units (securities of uncertain value) into cash that would be provided by MR.  The parties were working under a presumed deadline since the Bankruptcy Court had, on July 30th approved the debtors' disclosure statement and dissemination of same, together with ballots and the opportunity to make elections thereon, were likely to be finalized in the space of the following few days.

Sometime on Friday, July 31st, the Committee's professionals informed Mr. Kamensky that they had been contacted that morning by a representative of the Jefferies Financial Group ("JFG") indicating that JFG might be interested in submitting an offer to acquire creditors' units at a price point that would be higher than the proposal being discussed with MR.  Thereafter, Mr. Kamensky telephoned JFG and expressed his concern that a last minute proposal that didn't have firm financial backing and could involve additional conditionality could result in unwarranted delay and jeopardize a fully consensual plan.  We are advised that Mr. Kamensky' s call was subsequently reported to the Committee's professionals by JFG but that JFG suggested that MR was attempting to somehow impair or prevent JFG's proposal from moving forward.  I was contacted by Committee Counsel Friday evening who informed me that they wanted to immediately bring the entire matter to the attention of the Committee without involving MR or its counsel, a plan that I fully endorsed on MR's behalf.

We have determined, in advance of that Committee meeting, that in light of what appears to be a significant misunderstanding as to MR's intentions when it communicated with JFG, and to avoid even the appearance of impropriety, that MR should resign its position on the Committee.  In addition, through Committee counsel, we have attempted to make it abundantly clear that MR would continue to welcome the involvement of JFG or any other party to monetize the units and afford electing creditors the opportunity to realize the highest amount of cash instead.

Despite its resignation, MR remains committed to resolving these cases in a prompt, efficient and fair manner and is committed to continuing to work with the parties, including the Committee, toward that end.

Mr. Kamensky and I are available at your convenience to provide as much detail regarding this matter as you may desire and will respond to any questions or concerns you may have.



**Edward S. Weisfelner**
Counselor at Law

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212.209.4900
F: 212.938.2900
M: 917.846.2803
eweisfelner@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail