

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/05/2020

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **NEIMAN MARCUS GROUP LTD LLC, et al.,** | § | **Case No. 20-32519 (DRJ)** |
| | § | |
| Debtors. | § | **Jointly Administered** |

## ORDER
### (Docket Nos. 1427, 1428, 1431, 1432)

On August 3, 2019, the Official Committee of Unsecured Creditors (the "UCC") filed a sealed document at Docket No. 1427 along with a motion to seal at Docket No. 1428. The motion was filed in accordance with the applicable rules and practices in the Southern District of Texas. The sealed document at Docket No. 1427 is a letter from counsel for the UCC to the United States Trustee identifying concerns about certain actions by a committee member. The Court has carefully studied the contents of the letter over the past 48 hours and finds the described actions to be alarming. If the letter is accurate, the actions of Marble Ridge Capital LP ("Marble Ridge") and its principal, Dan Kamensky, potentially implicate 11 U.S.C. § 510(c) as well as 18 U.S.C. § 152.

In an apparent attempt to mitigate the impact of the UCC's letter, counsel for Marble Ridge filed the sealed declaration of Edward Weisfelner, counsel for Marble Ridge, on August 4, 2020 at Docket No. 1432. Marble Ridge simultaneously filed its own motion to seal Mr. Weisfelner's declaration at Docket No. 1431. In taking this action, Mr. Weisfelner promoted himself to the status of a witness in this matter. Mr. Weisfelner is advised to review the governing ethics rules regarding his continued participation as counsel for Marble Ridge in this matter.

A creditors' committee in a large commercial case serves an especially important role in the bankruptcy process. A properly functioning committee adds transparency and public confidence to a complicated and often confusing process. The Court relies on a committee's views to add depth and balance to the myriad of commercial issues that it considers. Any threat that endangers this delicate balance must be resolved promptly and in a public manner. Although the Court understands the reason that the UCC's letter was filed under seal, the Court finds that transparency demands that interested parties have the opportunity to evaluate the actions taken by Marble Ridge while acting as a fiduciary in this case. Accordingly, it is

**ORDERED THAT**:

1. The motion to seal filed by the UCC at Docket No. 1428 is denied.

2. The motion to seal filed by Marble Ridge at Docket No. 1431 is denied.

3. The Clerk is directed to immediately unseal Docket Nos. 1427 and 1432.

4.      The United States Trustee is directed to file a statement of position within 14 days regarding the conduct of Marble Ridge and Mr. Kamensky in this case. The United States Trustee's investigation should include all conduct of Marble Ridge and Mr. Kamensky since appointment to the UCC. The UCC's professionals are directed to provide all information in their possession concerning these matters to the United States Trustee. Upon reviewing the United States Trustee's statement, the Court will schedule a further hearing to determine what action, if any, should be taken.

**Signed: August 05, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**