IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | § § | Case No. 20-32519 (DJR) |
| Debtors. | § § § | (Jointly Administered) |

**ANNALY'S LIMITED OBJECTION AND**
**RESERVATION OF RIGHTS WITH RESPECT TO THE PROPOSED ASSUMPTION**
**AND ASSIGNMENT OF ITS LEASE AND TO CONFIRMATION**

ACREG 5300 Wisconsin LLC (the "Annaly Landlord," and together with Annaly CRE LLC (the "Annaly Lender"), "Annaly"), a creditor and party in interest in the above-captioned, jointly administered bankruptcy cases (the "Bankruptcy Case(s)"), hereby files *Annaly's Limited Objection and Reservation of Rights with Respect to the Proposed Assumption and Assignment of its Lease and to Confirmation* (this "Objection"), and in support hereof, respectfully states the following:

**Preliminary Statement**[2]

1. Annaly does not necessarily object to the assumption of its Lease or payment of the Cure Amount as set forth in the Plan Supplement and Schedule of Assumed Contracts, but reserves its rights with respect to the same. On information and belief, the Broker has negotiated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[2] Any capitalized terms not otherwise defined in this Preliminary Statement are defined later in this Objection.

an assumption and assignment of the Lease with Ashkenazy (majority owner of the prior landlord), which purportedly waives any cure of the Lease, without Annaly's contractually mandated consent.  Further, based on the status of Ashkenazy's guaranty obligations to the Annaly Lender, and without any supporting documentation provided to Annaly showing the financial wherewithal of the Ashkenazy Entity, Annaly seriously questions Ashkenazy's ability to provide adequate assurance of prompt cure or of future performance as required by section 365(b)(1) of the Bankruptcy Code. Accordingly, Annaly files this limited objection and reservation of rights with respect to any assumption and assignment of the Lease to the Ashkenazy Entity and to confirmation of the Plan to the extent such assumption and assignment is contemplated under the Plan.

## Relevant Background

2. Prior to the filing of these Bankruptcy Cases, the Annaly Lender was the mortgage lender to Prime Chevy Chase Asset I LLC (the "Borrower"), pursuant to that certain Amended and Restated Promissory Note, dated January 9, 2029, and effective January 15, 2019, in the original principal amount of $50,325,000.00 (the "Note").  The Borrower is an affiliate of Ashkenazy Acquisition Corporation, and its principal, Ben Ashkenazy ("Ashkenazy"), is the majority owner/sponsor of the Borrower and a guarantor of certain of the Borrower's obligations under the Note.

3. The Borrower was the landlord for the Neiman Marcus store at Mazza Gallerie, 5300 Wisconsin Avenue, NW, Washington, DC 20015 (the "Property"), pursuant to that certain Indenture of Lease, dated September 12, 1973 (as subsequently amended, the "Lease"), whereby The Neiman Marcus Group LLC (the "Debtor") leased the Property from the Borrower.  The Note was secured by the Property.

4. On May 7, 2020 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), commencing its Bankruptcy Case. When the Debtor filed its Bankruptcy Case, the Note had been in maturity default since January 9, 2020.

5. After the filing of the Bankruptcy Cases, the Debtors retained A&G Realty Partners (the "Broker") as a real estate broker to market certain leases, including the Lease, for assumption and assignment. *See* Docket No. 1231.

6. On July 27, 2020, a *Notice of Foreclosure Sale of Real Property or Condominium Unit* (the "Notice of Foreclosure") was provided to the Borrower, giving the Borrower notice that the Property would be sold at a foreclosure sale (the "Foreclosure Sale") on August 28, 2020, at 11:00 A.M. When sent, the Notice of Foreclosure reflected that the outstanding balance on the Note was $52,694,649.07.

7. On July 30, 2020, the Debtors filed their *First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No . 1388] (the "Plan") as well as their *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1390] (the "Disclosure Statement").

8. Also on July 30, 2020, the Court approved, among other things, the adequacy of the Disclosure Statement, the solicitation and voting procedures, and the form of notices to counterparties to executory contracts and unexpired leases that will be assumed or rejected pursuant to the Plan. *See* Docket No. 1400 (the "Order"). Attached as Schedule 13 to the Order was the *List of Store Leases to be Assumed or Rejected*, which listed the Lease as a lease to be assumed. *See id*. at 464.

9. On August 21, 2020, the Debtors filed their *Notice of Additional Store Closing List* [Docket No. 1512], which listed the Neiman Marcus store under the Lease as an additional store that would close.

10. Also on August 21, 2020, the Debtors filed their *Plan Supplement for the First Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No 1513] (the "Plan Supplement"). Attached as Exhibit D to the Plan Supplement was the *Schedule of Assumed Executory Contracts and Unexpired Leases*, which again listed the Lease as one to be assumed, with a cure cost of $237,309.81 (the "Cure Amount"). Additionally, the line item listing the Lease was footnoted, with the footnote stating that "assumption of [the Lease] is subject to the closure of a valid assignment under section 365 of the Bankruptcy Code." *See* Docket No. 1513 at 245 n.2.

11. On information and belief, the Broker has negotiated an agreement for assumption and assignment of the Lease to an entity newly created by Ashkenazy (the "Ashkenazy Entity"), which assumption purportedly includes a waiver of the Cure Amount. Annaly, in its capacity as a mortgage lender on the property, was never asked for its contractually required consent for waiver of the Cure Amount—which is the Annaly Lender's collateral—and it does not consent to such waiver. Because the Borrower is no longer the landlord under the Lease (as described below), it has no authority to waive delivery of any cure amount.

12. Further, although Annaly has asked for the details related to the agreement for assumption and assignment of the Lease to Ashkenazy or the Ashkenazy Entity, Annaly has only been provided limited information—and certainly not enough information to assess adequate assurance of prompt cure or future performance.

13. On August 28, 2020, the Foreclosure Sale was conducted, and the Annaly Landlord acquired the Property, thereby stepping into the shoes of the landlord under the Lease. Attached hereto as **Exhibit A** is a copy of the trustee's deed, reflecting the Annaly Landlord as the grantee.

### Limited Objection

14. While Annaly does not necessarily object to the assumption of the Lease or the Cure Amount, Annaly reserves its rights with respect to the same, and files this limited objection to any proposed assumption and assignment of the Lease to the Ashkenazy Entity to the extent:

- there is any waiver of the Cure Amount or cure obligations under the Lease;

- the Lease is not fully cured pursuant to section 365(b)(1) of the Bankruptcy Code; and

- the Ashkenazy Entity cannot show, pursuant to section 365(b)(1) of the Bankruptcy Code: (i) adequate assurance of prompt cure, (ii) adequate assurance that it will promptly compensate Annaly for actual pecuniary losses resulting from defaults under the Lease; and (iii) adequate assurance of future performance.

*See* 11 U.S.C. § 365(b)(1).

15. Additionally, based on: (i) the failure of the Borrower, of which Ashkenazy is the majority owner/sponsor and guarantor, to adequately support the Property financially while it was in ownership; (ii) the fact that the Annaly Lender had to initiate litigation in New York State Court against Ashkenazy for non-payment of his guaranty obligations; (iii) the absence of any business plan or other information made available to Annaly with respect to the proposed use of the Property; and (iv) and the lack of any financial history and/or evidence of the financial wherewithal for the nascent Ashkenazy Entity, Annaly submits that the Ashkenazy Entity is incapable of providing adequate assurance of prompt cure or future performance.

16.     To the extent that the Plan contemplates the assumption and assignment of the Lease to the Ashkenazy Entity, Annaly may further object to confirmation of the Plan for failing to comply with the requirements under section 365 of the Bankruptcy Code and/or to the extent the Plan has not been proposed in good faith or has been proposed by any means forbidden by law. *See* 11 U.S.C. § 1129(a)(1), (a)(3).

17.     Prior to any assumption and assignment of the Lease to the Ashkenazy Entity (or any other entity), Annaly requests that such entity prove its compliance with the items listed above and that any assumption and assignment of the Lease, through the Plan or otherwise, comply with the Bankruptcy Code and applicable law.

## Reservation of Rights

18.     Annaly reserves all rights with respect to the assumption and assignment of the Lease, the Plan, and all other pending pleadings in these Bankruptcy Cases, and as against the Debtor, the Borrower, Ashkenazy, the Ashkenazy Entity, any other party under the Lease, and under the Bankruptcy Code and other applicable law. Annaly further reserves the right to amend or supplement this Objection, including with respect to the Cure Amount, at any time prior to any hearing related to the assumption or assumption and assignment of the Lease or confirmation of the Plan, and to assert further arguments as the evidence may allow.

## Prayer

Annaly respectfully requests that this Court: (i) sustain this Objection; and (ii) grant Annaly such other and further relief as is appropriate and just under the circumstances.

**DATED: August 28, 2020.**

Respectfully submitted,

**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Phone)
(214) 745-5390 (Facsimile)

By: *_/s/ Joe Wielebinski_*
Joseph J. Wielebinski
Texas Bar No. 21432400
Jason A. Enright
Texas Bar No. 24087475

**ATTORNEYS FOR ACREG 5300 WISCONSIN LLC AND ANNALY CRE LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 28, 2020, a true and correct copy of the foregoing Objection will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

*_/s/ Jason A. Enright_*
One of Counsel