IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*.¹ | Case No. 20-32519 (DRJ) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 1452, 1513** |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CONFIRMATION OF THE DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the jointly administered bankruptcy cases of the above-captioned debtors and debtors in possession (together, the "**Debtors**") hereby files this Limited Objection and Reservation of Rights to the *Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* dated September 1, 2020 [Docket No. 1700] (as it may be further amended, the "**Plan**").² In support hereof, the Committee respectfully represents as follows:

1. On August 21, 2020, the Debtors filed their Plan Supplement [Docket No. 1513]. Exhibit F of the Plan Supplement is a Schedule of Retained Causes of Action, pursuant to which

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

1

the Debtors purport to reserve all Causes of Action against UMB Bank, N.A. ("UMB"), along with various Marble Ridge-affiliated parties.[3] On September 1, 2020, the Debtors filed the latest version of the Plan, which continues to reserve the Debtors' rights to exclude UMB from the exculpation and release provisions thereunder.

2. UMB, as indenture trustee under certain prepetition unsecured notes, is a member in good standing of the Committee. UMB has been a productive member of the Committee since its formation on May 19, 2020. As reflected in the United States Trustee's Statement filed on August 19, 2020 [Docket No. 1485], there is no evidence of which the Committee is aware that UMB had any involvement whatsoever in any of the unfortunate events that led to Marble Ridge's resignation from the Committee. Further, there is no mention in the Disclosure Statement of any potential estate claims against UMB. Hence, any attempt by the Debtors to now withdraw UMB's exculpation and release would have to relate to post-Disclosure Statement behavior, as to which at this point no factual basis has been articulated by the Debtors.

3. The Committee is informed that UMB has produced (or will be producing) documents in response to the Debtors' recent document requests and will appear for a deposition. Reasonableness and fairness dictate that the Debtors should present a detailed factual record to support treating UMB differently. Guilt by association is not enough. Based on the information presently available, there is no more basis for UMB to be singled out by the Debtors' reservation of rights than any other Committee member.

---

[3] There is no dispute that the Marble Ridge entities should be excluded from the exculpation and release provisions of the Plan; the same cannot be said for the inclusion of UMB in the Schedule of Retained Causes of Action. Not until the events involving Marble Ridge in late July 2020 came to light was there any suggestion, at least to the knowledge of the Committee, that UMB should be excluded from the exculpation and release provisions of the Plan.

4. UMB, in its capacity as trustee, sued the Debtors prepetition for the same fraudulent transfer claims relating to MyTheresa that the Committee and the Disinterested Manager both later determined to be highly valuable estate assets. Such claims form the basis for the settlement with the Consenting Sponsors incorporated into the Plan and identified as the Disinterested Manager Settlement. As the Debtors have not articulated any grounds for excluding UMB from the exculpation and release provisions of the Plan, it might be assumed that the basis is the prepetition fraudulent transfer litigation brought by UMB with respect the MyTheresa transactions. However, it is hard to understand how such prepetition litigation was not properly asserted, given that these same claims are now being settled in a transaction worth tens of millions of dollars to the general unsecured creditors (a class of creditors represented by UMB as a member of the Committee).

5. Absent convincing evidence to the contrary, UMB should be treated the same as any other Committee member and entitled to the same exculpation and release provisions under the Plan. The chilling effect on the Committee from singling out a particular creditor, likely because its prepetition activities fostered a better recovery for creditors than otherwise would have achieved, is troubling to the Committee. Of course, if it is ever determined that any Committee member engaged in any actual fraud, willful misconduct, or gross negligence, those claims are expressly carved out of the exculpation in the Plan. The Committee objects to the Plan to the extent that it purports to exclude UMB, without any factual or legal basis, from the exculpation and releases thereunder.

6.	Separately, the Committee reserves all rights to object to the Plan if the term sheet (the "**Series B Term Sheet**") for the 140,000,000 shares of MYT Series B Preferred Stock (inclusive of any accrued dividends, the "**Sponsor Contribution**"), that the Committee has been negotiating with the Consenting Sponsors is not finalized by the Confirmation Hearing and incorporated into the Plan or Confirmation Order in a form acceptable to the Committee. Specifically, the Plan or Confirmation Order should expressly provide that the definitive documents must be consistent with the Series B Term Sheet, and this Court should have continuing and sole jurisdiction to address any disputes relating thereto.

7.	Finally, the Committee reserves its rights with respect to any further technical comments to the Plan and the proposed form of Confirmation Order, both of which remain under review and are the subject of ongoing discussions.

8.	Based on the foregoing, the Committee requests that the Court confirm the Plan and enter a Confirmation Order that takes into account this limited objection and any remaining issues that the Committee may raise at or before the Confirmation Hearing.

*[signature page follows]*

Dated: September 2, 2020

/s/ Michael D. Warner
COLE SCHOTZ P.C.
Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5250
Facsimile:  (817) 810-5255
Email:   mwarner@coleschotz.com
         bwallen@coleschotz.com

*Co-Counsel for the Official Committee of Unsecured Creditors*

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
Alan J. Kornfeld, Esq.
Maxim B. Litvak, Esq. (TX Bar No. 24002482)
Steven W. Golden, Esq. (TX Bar No. 24099681)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100
Telephone:  (310) 227-6910
Email: rpachulski@pszjlaw.com
       jpomerantz@pszjlaw.com
       akornfeld@pszjlaw.com
       mlitvak@pszjlaw.com
       sgolden@pszjlaw.com

*Lead Counsel for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2020, a true and correct copy of the above and foregoing has been served by electronic transmission to all registered CM/ECF users appearing in these cases.

/s/ Michael D. Warner
Michael D. Warner