# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*[1] | Case No. 20-32519 (DRJ) |
| Debtors. | Jointly Administered |

**ORDER (A) APPROVING OMNIBUS CLAIMS OBJECTION PROCEDURES AND FILING OF SUBSTANTIVE OMNIBUS CLAIMS OBJECTIONS, (B) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(E)(6), AND (C) GRANTING RELATED RELIEF**
(Related Docket No. 1632)

Upon the joint motion (the "Motion")[2] of the of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") for entry of an order (this "Order"), (a) approving the Objection Procedures attached hereto as **Exhibit 1**, (b) authorizing the Debtors and the Committee to assert substantive objections to claims (including requests for payment of administrative claims) in an omnibus format pursuant to Bankruptcy Rule 3007(c) and Local Rule 3007-1, (c) waiving the requirement in Bankruptcy Rule 3007(e)(6) that Omnibus Objections contain objections to no more than 100 claims, and (d)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996).  The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

granting related relief, all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is hereby **GRANTED** as set forth herein.

2. Notwithstanding anything to the contrary in the Bankruptcy Code and Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), Bankruptcy Local Rule 3007-1, and the Complex Rules, the Debtors (or any successors thereto), the Committee, and the GUC Claims Administrator may file Omnibus Objections that include objections to claims on any basis provided for in Bankruptcy Rule 3007(d), Bankruptcy Local Rule 3007-1, and/or the Additional Grounds.

3. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Debtors (or any successors thereto), the Committee, and the GUC

Claims Administrator may object to more than 100 claims in a single Omnibus Objection on any of the bases set forth in Bankruptcy Rule 3007(d) or the Additional Grounds.

4.      The Debtors (or any successors thereto), the Committee, and the GUC Claims Administrator shall be authorized to file and prosecute any Omnibus Objections in accordance with the Objection Procedures attached hereto as **Exhibit 1**, which are hereby approved, and the other procedural safeguards set forth in Bankruptcy Rule 3007(e) and Bankruptcy Local Rule 3007-1.

5.      The form of Objection Notice attached hereto as **Exhibit 2** is hereby approved.

6.      The relief accorded herein shall also be available to the Debtors and any Plan Administrator to be appointed pursuant to a confirmed plan.

7.      Nothing in this Order shall affect the Debtors' (or any successors thereto's) authority to pay claims to the extent authorized by a separate order of the Court.

8.      Nothing in this Order shall obligate the Debtors (or any successors thereto), the Committee, or the GUC Claims Administrator to settle or pursue settlement of any particular claim. Settlements of claims may be negotiated and compromised by the Debtors, the Committee, or the GUC Claims Administrator in their sole discretion (subject to applicable law).

9.      For the avoidance of doubt, the Debtors (or any successors thereto), the Committee, and the GUC Claims Administrator may include scheduled claims in Omnibus Objections.

10.      The provisions of this Order and attached Objection Procedures shall not apply to either (a) any claims included in an Omnibus Objection that are claims of the United States of America or are claims of any agency or officer of the United States of America, or (b) any response by the United States of America to an Omnibus Objection.

11.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order, the Motion, or the Objection Procedures shall be deemed:

(a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any right of any Debtor or the Committee to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', the Committee's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

13.     The terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.     The Debtors, the Committee, and the GUC Claims Administrator are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated:_____, 2020          _____
                                    DAVID R. JONES
                                    UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

## **Objection Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*[3] | Case No. 20-32519 (DRJ) |
| Debtors. | Jointly Administered |

## PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS

1.    Grounds for Omnibus Objections. In addition to those grounds expressly set forth

in Bankruptcy Rule 3007(d), the Debtors, the Committee, and the GUC Claims Administrator[4]

may file omnibus objections (each, an "Omnibus Objection") to claims on the grounds that such

claims, in part or in whole:

a.    are inconsistent with the Debtors' book and records;

b.    fail to specify the asserted claim amount (or only list the claim amount as "unliquidated");

c.    seek recovery of amounts for which the Debtors are not liable;

d.    are incorrectly or improperly classified;

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996).  The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[4] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

e.       have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a Court order indicating withdrawal of the claim;

f.       are filed against non-Debtors or are filed against multiple Debtors;

g.       fail to specify a Debtor against whom the claim is asserted;

h.       are disallowed pursuant to section 502 of the Bankruptcy Code; or

i.       fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation therefor.

2.       Form of Omnibus Objection.   Each Omnibus Objection will be numbered consecutively, regardless of basis.

3.       Supporting Documentation.  To the extent appropriate, Omnibus Objections may include an affidavit or declaration that provides a factual basis for the objection to the claims, including from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the claim.

4.       Claims Exhibits.  An exhibit listing the claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the claims to which there is a common basis for the objection.  Claims for which there is more than one basis for the objection will be referenced on each exhibit applicable thereto.  Including an Omnibus Objection on one exhibit will not constitute a waiver of the Debtors', the Committee's, or the GUC Claims Administrator's right to object to the Claim on an additional basis or bases.  The exhibits will include, without limitation, the following information alphabetized by claimant:

a.       the claims that are the subject of the Omnibus Objection and, if applicable, the proof of claim number related thereto from the claims register;

2

b.      the asserted amount of the claim;

c.      the grounds for the objection;

d.      a cross-reference to the section of the Omnibus Objection discussing such claim; and

e.      other information, as applicable, including: (i) the proposed classification of claims the Debtors, the Committee, or the GUC Claims Administrator seeks to reclassify; (ii) the reduced claim amounts of claims the Debtors, the Committee, or the GUC Claims Administrator seeks to reduce; or (iii) the surviving claims of claimants affected by the Omnibus Objection.

5.      <u>Objection Notice</u>. Each Omnibus Objection will be accompanied by an objection notice, substantially in the form annexed to the Order as **Exhibit 2** (the "<u>Objection Notice</u>"), which will:

a.      describe the basic nature of the objection;

b.      inform creditors that their rights may be affected by the objection;

c.      describe the procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

d.      identify the hearing date, if applicable, and related information; and

e.      describe how copies of proofs of claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6.      <u>Notice and Service</u>.  Each Omnibus Objection will be filed with the Court and served electronically using the Court's electronic filing system.  Each Omnibus Objection (along with a copy of the Objection Notice) will be mailed to each claimholder that is subject to such objection.

7.      <u>Omnibus Claims Objection Hearings</u>.  Each Omnibus Objection shall be set for hearing no less than 30 days after service of the Omnibus Objection (each, a "<u>Hearing</u>"), unless as otherwise ordered by the Court.  In the Debtors', the Committee's, or the GUC Administrator's sole discretion, and after notice to the affected claimant, the Debtors, the Committee, or the GUC Claims Administrator's may (without further order of the Court) adjourn the Hearing on the

3

Omnibus Objection to a subsequent hearing date by filing a notice or statement on the record. For claims subject to an Omnibus Objection and with respect to which either no Response is filed in accordance with the proposed response procedures and no appearance is made at the Hearing or a Response is filed in accordance with the proposed response procedures but such Response is resolved prior to the Hearing, the Debtors, the Committee, or the GUC Claims Administrator may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such claim. Contested claims for which a Response is filed in accordance with the proposed response procedures but such Response is not resolved prior to the Hearing and an appearance is made at the Hearing may be heard at the Hearing or adjourned to a subsequent hearing date in the the Debtors', the Committee's, or the GUC Claims Administrator's sole discretion. If a subsequent hearing is determined to be necessary, the Debtors, the Committee, or the GUC Claims Administrator shall file with the Court and serve on the affected claimants a notice of the hearing (the date of which shall be determined in consultation with the affected claimant(s)) or announce such adjournment on the record. Notwithstanding the foregoing, nothing herein shall prejudice the Debtors', the Committee's, or the GUC Claims Administrator's rights to seek entry of an order sustaining the Omnibus Objection as to any or all Claims contained therein, as applicable, pursuant to Section "N" of the Complex Rules.

8.     <u>Contested Matter</u>. Each claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such claim. The Debtors, the Committee, or the GUC Claims Administrator may, in their discretion and in accordance with other orders of this Court, and the provisions of the Bankruptcy Code and

4

Bankruptcy Rules, settle the priority, amount, and validity of such contested claims without any further notice to or action, order, or approval of the Court.

### **Responses to Omnibus Objections**

9.      <u>Parties Required to File a Response</u>.  Any party who disagrees with an objection is required to file a Response in accordance with the procedures set forth herein and to appear at the Hearing.  If a claimant whose claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below or fails to appear at the Hearing, the Court may grant the objection with respect to such claim without further notice to the claimant.

10.     <u>Response Contents</u>.  Each Response must contain the following (at a minimum):

a.      a caption stating the name of the Court, the names of the Debtors, the case number, and the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.      a concise statement setting forth the reasons why the Court should not grant the objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.      a copy of any other documentation or other evidence of the claim, to the extent not already included with the claim, upon which the claimant will rely in opposing the objection; *provided* that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; and, *provided*, *further*, that the claimant shall disclose to counsel for the Debtors and the Committee all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints;

d.      a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

e.      the following contact information for the responding party:

(i)      the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative

5

to whom the attorneys for the Debtors, the Committee, or the GUC Administrator should serve a reply to the Response, if any; or

(ii)     the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on the claimant's behalf.

11.     <u>Filing and Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court and served electronically using the Court's electronic filing system <u>and</u> *actually received* by 5:00 p.m. (prevailing Central Time) on the day that is thirty (30) calendar days from the date the Omnibus Objection is served (the "<u>Response Deadline</u>") unless as otherwise ordered by the Court, by the following parties (the "<u>Notice Parties</u>"):

| ***Counsel to the Debtors*** |
| :---: |
| Anup Sathy, P.C.<br>Chad J. Husnick, P.C.<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br><br>-and-<br><br>Matthew C. Fagen<br>**KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br><br>-and-<br><br>Matthew D. Cavenaugh<br>Jennifer F. Wertz<br>Kristhy M. Peguero<br>Veronica A. Polnick<br>**JACKSON WALKER LLP**<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010 |
| ***U.S. Trustee*** |

6

| |
|---|
| Hector Duran, Jr., Esq.<br>**Office of the United States Trustee for the Southern District of Texas**<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002<br>hector.duran.jr@usdoj.com |
| ***Counsel to the Official Committee of Unsecured Creditors*** |
| Richard M. Pachulski, Esq.<br>Andrew W. Caine, Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067<br>rpachulski@pszjlaw.com<br>acaine@pszjlaw.com |

12.     <u>Discovery</u>.  If the Debtors, the Committee, or the GUC Administrator determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Debtors, the Committee, or the GUC Administrator will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.

**13.**     <u>Failure to Respond</u>. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Debtors, the Committee, or the GUC Administrator resolving the objection to a claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein or to appear at the Hearing may result in the Court granting the Omnibus Objection without further notice or hearing.**  Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

7

14.    <u>Reply to a Response</u>.    The Debtors, the Committee, and the GUC Claims Administrator shall be permitted to file a reply to any Response no later than one business day before the hearing with respect to the relevant Omnibus Objection.

**<u>Miscellaneous</u>**

15.    <u>Additional Information</u>.  Copies of these procedures, the Motion, the Order, or any other pleadings (the "<u>Pleadings</u>") filed in these chapter 11 cases are available at no cost at the Debtors' restructuring website https://cases.stretto.com/nmg/.  You may also obtain copies of any of the Pleadings filed in these chapter 11 cases for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy.  A login identification and password to the Court's Public Access to Court Electronic Records ("<u>PACER</u>") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.

16.    <u>Reservation of Rights</u>. NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS INTENDED OR SHALL BE DEEMED TO CONSTITUTE (A) AN ADMISSION AS TO THE VALIDITY OF ANY PREPETITION CLAIM AGAINST A DEBTOR ENTITY; (B) A WAIVER OF ANY RIGHT OF ANY DEBTOR, OR THE COMMITTEE TO DISPUTE ANY PREPETITION CLAIM ON ANY GROUNDS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE; (C) A PROMISE OR REQUIREMENT TO PAY ANY PREPETITION CLAIM; (D) AN IMPLICATION OR ADMISSION THAT ANY PARTICULAR CLAIM IS OF A TYPE SPECIFIED OR DEFINED IN THIS MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THIS MOTION; (E) A REQUEST OR

8

AUTHORIZATION TO ASSUME ANY PREPETITION AGREEMENT, CONTRACT, OR LEASE PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; OR (F) A WAIVER OF ANY RIGHT OF ANY DEBTOR, THE COMMITTEE OR UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW.

9

**<u>Exhibit 2</u>**

**Objection Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*[5] | Case No. 20-32519 (DRJ) |
| Debtors. | Jointly Administered |

### NOTICE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' [NUMBER] OMNIBUS CLAIMS OBJECTION

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON [DATE] AT [TIME] IN COURTROOM 400, 515 RUSK, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE JONES CONFERENCE ROOM NUMBER IS 205691.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE**

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996).  The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

**"JUDGEJONES" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE JONES HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE JONES. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE". SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

## Important Information Regarding the Objection

Grounds for the Objection.   By the Objection, the Committee is seeking to **[disallow/expunge/reclassify/reduce/subordinate]** your claim(s) listed in the schedule attached hereto on the grounds that your claim(s) [is/are] [_____]. The claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

Objection Procedures. On [Date], the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. ] approving procedures for filing and resolving objections to claims asserted against the Debtors in these chapter 11 cases (the "Objection Procedures"). A copy of the Objection Procedures is included with this notice. **Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.**

## Resolving the Objection

Parties Required to File a Response. If you disagree with the Objection filed with respect to your claim, you must file a response (each, a "Response") with the Court in accordance with the procedures described below and appear at the Hearing (as defined herein).

Response Contents. Each Response must contain the following (at a minimum):

    a.    a caption with the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not grant the Objection with respect to your claim, including the specific factual and legal bases upon which you rely in opposing the Objection;

    c.    copies of documentation or other evidence of your claim not previously filed with proof of such claim on which your Response is based (excluding confidential, proprietary, or other protected information, copies of which

2

**must** be provided to the counsel to the Debtors and Committee, subject to appropriate confidentiality constraints, if any);

d. a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

e. the following contact information for the responding party:

(i) the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Committee should serve a reply to the Response, if any; or

(ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or resolve the Objection on your behalf.

Notice and Service. Your Response must be filed with the Court and served so as to be **actually received** by 5:00 p.m. (prevailing Central Time) on [Date], (the "Response Deadline") by the following parties (the "Notice Parties"):

| ***Counsel to the Debtors*** |
|:---:|
| Anup Sathy, P.C.<br>Chad J. Husnick, P.C.<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br><br>-and-<br><br>Matthew C. Fagen<br>**KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br><br>-and-<br><br>Matthew D. Cavenaugh<br>Jennifer F. Wertz<br>Kristhy M. Peguero<br>Veronica A. Polnick<br>**JACKSON WALKER LLP**<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010 |

3

| U.S. Trustee |
|:---:|
| Hector Duran, Jr., Esq.<br>**Office of the United States Trustee for the Southern District of Texas**<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002<br>hector.duran.jr@usdoj.com |
| ***Counsel to the Official Committee of Unsecured Creditors*** |
| Richard M. Pachulski, Esq.<br>Andrew W. Caine, Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067<br>rpachulski@pszjlaw.com<br>acaine@pszjlaw.com |

<u>Failure to Respond</u>. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent an agreement with the Committee resolving the Objection to a claim, failure to timely file and serve a Response as set forth herein and appear at the Hearing may result in the Court granting the Objection without further notice or hearing.** Upon entry of an order, affected creditors will be served with a notice of entry, and a copy, of the order.

## Hearing on the Objection

<u>Date, Time, and Location</u>. A hearing (the "<u>Hearing</u>") on the Objection will be held on [Date], at [Time] prevailing Central Time, before the Honorable David R. Jones, United States Bankruptcy Judge, in Courtroom 400, 515 Rusk, Houston, Texas 77002. You may participate in the Hearing either in person or *via* audio/video connection with the instructions included at the top of this Notice. The Hearing may be adjourned to a subsequent date in these chapter 11 cases in the Committee's sole discretion. **You must attend the Hearing if you disagree with the Objection and have filed a Response.** Contested claims for which (a) a Response is filed in accordance with the proposed response procedures but such Response is not resolved prior to the Hearing and (b) an appearance is made at the Hearing may be heard at the Hearing or adjourned to a subsequent hearing in the Committees' sole discretion. If a subsequent hearing is determined to be necessary, the Committee shall file with the Court and serve on the affected claimants a notice of the hearing (the date of which shall be determined in consultation with the affected claimant(s)).

<u>Discovery</u>. If the Committee determines that discovery is necessary in advance of a hearing on an Objection, the Committee will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.

4

Any such notice may be incorporated into the initial agenda letter for the hearing or may be provided by separate notice.

### Additional Information

Questions or Information. Copies of the Objection Procedures and any other pleadings (collectively, the "Pleadings") filed in these chapter 11 cases are available at no cost at the Debtors' restructuring website https://cases.stretto.com/nmg/.  You may also obtain copies of any of the Pleadings filed in these chapter 11 cases for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Please do not contact the Court to discuss the merits of any claim or any Objection filed with respect thereto.

### Reservation of Rights

**NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS INTENDED OR SHALL BE DEEMED TO CONSTITUTE (A) AN ADMISSION AS TO THE VALIDITY OF ANY PREPETITION CLAIM AGAINST A DEBTOR ENTITY; (B) A WAIVER OF ANY RIGHT OF ANY DEBTOR OR THE COMMITTEE TO DISPUTE ANY PREPETITION CLAIM ON ANY GROUNDS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE; (C) A PROMISE OR REQUIREMENT TO PAY ANY PREPETITION CLAIM; (D) AN IMPLICATION OR ADMISSION THAT ANY PARTICULAR CLAIM IS OF A TYPE SPECIFIED OR DEFINED IN THIS MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THIS MOTION; (E) A REQUEST OR AUTHORIZATION TO ASSUME ANY PREPETITION AGREEMENT, CONTRACT, OR LEASE PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; OR (F) A WAIVER OF ANY RIGHT OF ANY DEBTOR, THE COMMITTEE, OR UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW.**


Dated:   [          ], 2020

                                          /s/
                                          ─────────────────────────────────
                                          COLE SCHOTZ P.C.
                                          Michael D. Warner (TX Bar No. 00792304)
                                          James W. Walker (TX Bar No. 20709600)
                                          301 Commerce Street, Suite 1700
                                          Fort Worth, TX 76102
                                          Telephone: (817) 810-5250
                                          Facsimile:   (817) 810-5255
                                          Email:    mwarner@coleschotz.com
                                                       jwalker@coleschotz.com

61208/0001-21168084v2

*Co-Counsel for the Official Committee of Unsecured Creditors*

- and -

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski (*admitted pro hac vice*)
Andrew W. Caine (*pro hac vice pending*)
Steven W. Golden (TX Bar No. 24099681)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 227-6910
Email: rpachulski@pszjlaw.com
        acaine@pszjlaw.com
        sgolden@pszjlaw.com

*Lead Counsel for the Official Committee of Unsecured Creditors*

6