

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Neiman Marcus Group LTD LLC, *et al.*,[1] | Case No. 20-32519 (DRJ) |
| Debtors. | Jointly Administered |

**STIPULATION AND AGREED ORDER REGARDING CLAIM NO. 2346 FILED LIESELETTE MESHER, THROUGH STEWART MESHER AS ATTORNEY-IN-FACT AND NEXT FRIEND**
(Docket No. 2086)

This stipulation and order (the "Stipulation") is made and entered into by and among Mohsin Meghji ("Trustee") in his capacity as Trustee of the GUC Liquidating Trust (the "Trust) of Neiman Marcus Group LTD LLC, *et al.*, the above-captioned debtors (collectively, the "Debtors") and Lieselette Mesher, Through Stewart Mesher as Attorney-In-Fact and Next Friend (the "Claimant", and with the Trustee, collectively, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on May 7, 2020 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

WHEREAS, on September 4, 2020, the Court confirmed *Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1793] (as it may be amended, modified, supplemented or restated from time to time, the "Plan"), which Plan provides for, among other things, the establishment of the Trust and grants the Trust authority to prosecute claim objections in regard to claims covered by the Trust. *See* Trust Agreement, Art. 3.1 [filed at Docket No. 1955]. The Plan went effective on September 25, 2020 (the "Effective Date").

WHEREAS, on June 25, 2020, the Court entered its *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Matter for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Date, and (V) Granting Related Relief* [Docket No. 1014] (the "Bar Date Order"). On June 26, 2020, the Debtors served their *Notice of Deadlines for Filing Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code* [Docket No. 1091] (the "Bar Date Notice"), which provided notice that the deadline for all entities, other than Governmental Units, to file proofs of claim was July 20, 2020 (the "General Bar Date").

WHEREAS, the Claimant timely filed a proof of claim against Debtor Neiman Marcus Group LTD, LLC ("NMG LTD") (Claim No. 2346) in the amount of $232,507.23 (the "Claim"). The Claim relates to litigation filed by Claimant in the District Court of Travis County, Texas entitled *Lieselotte Mesher, through Stewart Mesher, as Attorney-in-Fact and Next Friend vs. Zoltan David LLC, et al.*, Case No. D-1-GN-18-00762. In the Lawsuit, Claimant alleges NMG

LTD and Debtor The Neiman Marcus Group LLC, and certain of their employees took advantage of the cognitive impairment of Claimant to up-sell her goods.

WHEREAS, the Litigation has been stayed since the Petition Date.

WHEREAS, on September 11, 2020, the Official Committee of Unsecured Creditors (the "Committee") filed its Objection (the "Objection") to the Claimants' Claim [Docket No. 1833] seeking to disallow the Claim on the grounds that the Claim was filed against the wrong Debtor entity and further, that the Claim did not assert any basis for liability against any of the Debtors.

WHEREAS, since the Effective Date of the Plan, the Trustee has taken over prosecution of claim objections from the Committee, including the Objection;

WHEREAS, on October 12, 2020, Claimant served on counsel for the Trustee, Claimant's Response to the Objection [this does not appear to have been filed with the Court] indicating Claimant's alleged basis for liability, as well as appending certain documentation;

WHEREAS, Claimant has agreed to reduce its Claim to Fifty-Thousand Dollars ($50,000.00) in exchange for receiving a cash payment as an Allowed Convenience Class General Unsecured Claim under the Plan. The Trustee estimates, but cannot guarantee, each holder of an Allowed Convenience Class General Unsecured Claim will receive a cash payment equal to between 14-15% of the allowed amount its Claim. The Trustee further estimates, but cannot guarantee, that the distribution to holders of Allowed Convenience Class General Unsecured Claims will be made during the first quarter of 2021.

WHEREAS, the Parties agree the Objection should be settled for the consideration set forth below, the sufficiency of which is hereby acknowledged, as more fully set forth in the below Stipulation.

BASED ON THE FOREGOING, it is hereby STIPULATED and AGREED as follows:

1. *Allowance of Claim*. The Claim (Claim No. 2336) shall be an allowed claim in the case of Debtor NMG LTD in the amount of Fifty-Thousand Dollars ($50,000.00). Except as set forth herein, Claimant shall have no other claims against any of the Debtors.

2. *Treatment of Allowed Claim*. Pursuant to the Plan, Claimant is a Class 11 – Non-Funded Debt General Unsecured Claim and will qualify to receive her distribution as an Allowed Convenience Class General Unsecured Claim (claims of $50,000 or less). Claimant shall receive her distribution contemporaneous with the distributions being made by the Trustee to all other holders of Allowed Convenience Class General Unsecured Claims.

3. *Bankruptcy Court Approval.* This Stipulation is subject to the approval of the Court and shall be of no force and effect unless and until an order approving the same is entered.

4. *Exclusive Jurisdiction*. The Court shall have sole and exclusive jurisdiction over the enforcement of the terms of this Stipulation as well as with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before the Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of Texas.

5. *Dismissal of Debtors from Lawsuit*. Upon approval and entry of this Stipulation by the Bankruptcy Court, Claimant will dismiss the Lawsuit with prejudice as to any Debtors who are defendants in the Lawsuit.

6. *Modification of Stipulation*. This Stipulation shall not be modified, altered, amended, or vacated without written consent of all Parties hereto.

**IT IS SO ORDERED.**

Signed:  December 10, 2020.

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**AGREED TO AS TO FORM AND CONTENT:**

/s/ *Michael D. Warner*
COLE SHOTZ P.C.
Michael D. Warner, Esq.
(TX Bar No. 00792304)
Benjamin L. Wallen, Esq.
(TX Bar No. 24102623)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5250
Facsimile:  (817) 810-5255
Email: mwarner@coleschotz.com
       bwallen@coleschotz.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
(admitted *pro hoc vice*)
Judith Elkin, Esq. (
TX Bar No. 06522200)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100
Telephone:  (310) 227-6910
Email: rpachulski@pszjlaw.com
       jelkin@pszjlaw.com

*Counsel for Mohsin Meghji in his capacity as Trustee of the GUC Liquidating Trust*

/s/ *Jared Greathouse*
AMINI & CONANT, LLP
Jared Greathouse
(TX Bar No. 24077284)
Shanon Keith Stanfield
(TX Bar No. 2456738)
408 West 11th Street
Fifth Floor
Austin, Texas 78701
Telephone: (512) 222-6833
Email: shanon@aminiconant.com
       jared@aminicontant.com

*Attorneys for Lieselette Mesher, Through Stewart Mesher as Attorney-In-Fact and Next Friend*