## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) Chapter 11 |
|  | ) |
|  | ) Case No. 20-32519 (DRJ) |
| Reorganized Debtors. | ) |
|  | ) (Jointly Administered) |
|  | ) |

## LIQUIDATING TRUSTEE'S SECOND MOTION FOR
## ENTRY OF AN ORDER (I) EXTENDING THE TIME WITHIN WHICH THE
## DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Reorganized Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

The trustee for the Liquidating GUC Trust (the "Liquidating Trustee") for the above-captioned debtors (collectively, the "Reorganized Debtors," and prior to the Effective Date, the "Debtors") states as follows in support of this motion:[2]

## Relief Requested

1.      The Liquidating Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) extending the period (the "Removal Period") within which the Liquidating Trustee may remove actions (each an "Action," and collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 to May 2, 2021 (90 days from the current deadline), without prejudice to the Liquidating Trustee's right to seek further extensions, and (b) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Reorganized Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 1452 of title 28 of the United States Code (the "Judicial Code"), Bankruptcy Rules 9006 and 9027, and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5.      On May 7, 2020 (the "Petition Date"), each of the Debtors commenced chapter 11 cases with the Bankruptcy Court.

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings given to them elsewhere in this Motion or in the Confirmation Order, as applicable.

6.     On August 4, 2020, the Debtors filed *Debtors' Motion for Entry of an Order (I) Extending the Time Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 1435] (the "Debtors' Extension Motion") seeking entry of an order extending the Removal Period.

7.     On September 4, 2020 the Court entered *Order Confirming the Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1795] (the "Confirmation Order") confirming the *Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 1793] in the chapter 11 cases of the Reorganized Debtors.

8.     On September 11, 2020, the Court granted the Debtors' Extension Motion. *See Order (I) Extending the Time Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 1834].

9.     On September 25, 2020, the effective date of the Plan occurred (the "Effective Date") and the Liquidating GUC Trust was established pursuant to the Plan, the Confirmation Order, and the Liquidating Trust Agreement. *See* Liquidating Trust Agreement, § 2.1.1; Confirmation Order, ¶ 81; Plan, Article IV, § D.6.

10.    The Liquidating GUC Trust was established to collect, hold, administer, distribute, and liquidate the Liquidating Trust Assets for the benefit of the Beneficiaries (as defined in the Liquidating Trust Agreement). *See* Liquidating Trust Agreement, § 2.2.4. Accordingly, under the Liquidating Trust Agreement, the Liquidating Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Liquidating GUC Trust (including, without limitation, all powers, rights, and duties under applicable law). *See* Liquidating Trust Agreement, § 3.1. To that end, the Liquidating Trustee was given the right

under the Plan to retain any and all rights and defenses that any Debtor had immediately prior to the Effective Date. *See* Plan, Article VII, §§ A, B.

11.     On October 19, 2020, the Liquidating Trustee filed *Liquidating Trustee's Motion for Entry of an Order (I) Extending the Time Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 1976] (the "Liquidating Trustee's First Extension Motion") seeking a further extension of the Removal Period to February 1, 2021.

12.     On October 22, 2020, the Court granted the Liquidating Trustee's First Extension Motion. *See Order (I) Extending the Time Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 2015] (the "Second Extension Order").

### The Actions

13.     As of the date of the filing of this Motion, the Reorganized Debtors are involved in a number of civil actions commenced prior to the Petition Date in various forums. The Reorganized Debtors and the Liquidating Trustee continue to review the Reorganized Debtors' books and records and are in the process of determining whether to remove any Actions pursuant to 28 U.S.C. § 1452. As described below, however, this analysis, which is both complex and time-consuming, is not yet complete as many of the Actions involve complex personal injury and employee litigation matters that require significant review prior to making any determination regarding removal. Absent the relief requested herein, the Removal Period will otherwise expire on February 1, 2021.

### Basis for Relief

14.     Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases and Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Bankruptcy Rule 9006(b)(1), in turn, permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027

"for cause shown . . . if the request therefor is made before the expiration of the period originally prescribed."

15.     The Liquidating Trustee's decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Actions to resolution of the certain issues impacting the Liquidating Trust; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with administration of the Liquidating Trust; and (e) the progress made to date in the Action. To make the appropriate determination, the Liquidating Trustee must analyze each Action with its advisors (if any) in light of such factors.

16.     Ample cause exists to extend the Removal Period. Since entry of the Second Extension Order, the Liquidating Trustee has been focused on reviewing and analyzing the full catalogue of approximately 4,500 general unsecured claims filed in the Debtors' chapter 11 cases, and, as a result, has not yet had a full opportunity to determine which Actions should be removed. Indeed, a determination of which Actions should be the subject of removal is a time-intensive process that involves complex legal and factual issues for which the Liquidating Trustee requires further time to fully analyze. Further, over the last month, the Liquidating Trustee has been largely focused on preparing several omnibus claims objections that will likely be filed with the Court in the coming weeks. For these reasons and others, the Liquidating Trustee is still building an understanding of the nature and extent of the Actions that may be subject to removal and is not yet prepared to decide which, if any, Actions should be removed. Therefore, if the Removal Period is not extended, the Liquidating Trustee will not have sufficient time to properly evaluate removal of the Actions.

17.     The extension requested herein will provide the Liquidating Trustee with time to make informed decisions concerning the removal of the Actions and will ensure that the Reorganized Debtors' rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner. Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Liquidating Trustee's requested extension of the Removal Period. If the Liquidating Trustee ultimately seeks to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to seek remand with respect to such Actions pursuant to 28 U.S.C. § 1452(b). Accordingly, cause exists for the relief requested herein.

### Notice

18.     The Liquidating Trustee will provide notice of this motion to: (a) the United States Trustee for the Southern District of Texas; (b) the United States Attorney's Office for the Southern District of Texas; (c) the Internal Revenue Service; (d) the United States Securities and Exchange Commission; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Liquidating Trustee respectfully request that the Court enter an order, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
February 1, 2021

/s/ *Amanda Cottrell*
Justin R. Bernbrock, Esq. (admitted *pro hac vice*)
Bryan V. Uelk, Esq. (admitted *pro hac vice*)
Robert B. McLellarn, Esq. (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON**
70 West Madison Street, 48th Floor
Chicago, IL 60602
Telephone: (312) 499-6300
Facsimile:  (312)  499-6301
Email:  jbernbrock@sheppardmullin.com
        buelk@sheppardmullin.com
        rmclellarn@sheppardmullin.com

-and-

Jennifer L. Nassiri, Esq. (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON**
333 South hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone:  (213) 617-4106
Facsimile: (213) 443-2739
Email:  jnassiri@sheppardmullin.com

-and-

Amanda Cottrell, Esq. (TX Bar No. 24064972)
**SHEPPARD, MULLIN, RICHTER & HAMPTON**
2200 Ross Avenue, 24th Floor
Dallas, TX 75201
Telephone:  (469) 391-7400
Facsimile: (469) 391-7577
Email:  acottrell@sheppardmullin.com

**<u>Certificate of Service</u>**

I certify that on February 1, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

<u>/s/ *Amanda Cottrell*</u>
Amanda Cottrell

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) |
| | ) Case No. 20-32519 (DRJ) |
| Reorganized Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

## ORDER (I) EXTENDING THE TIME
## WITHIN WHICH THE LIQUIDATING TRUSTEE
## MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the liquidating trustee of the Liquidating GUC Trust (the "Liquidating Trustee") for entry of an order (this "Order") extending the time period within which the Reorganized Debtors may remove Actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Liquidating Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Reorganized Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The period within which the Liquidating Trustee may seek removal of the Actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is extended to May 2, 2021 without prejudice to the Liquidating Trustee's right to seek further extensions thereof.

2.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

3.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

4.      Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5.      The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.       This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2021
Houston, Texas                                    _____
                                                  DAVID R. JONES
                                                  UNITED STATES BANKRUPTCY JUDGE

---

2       Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.