IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, | ) ) ) | Case No. 20-32519 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 20-3509435 | ) | |
| In re: | ) ) | Chapter 11 |
| BERGDORF GOODMAN INC., | ) ) ) | Case No. 20-32513 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 13-0485530 | ) | |
| In re: | ) ) | Chapter 11 |
| BERGDORF GRAPHICS, INC., | ) ) ) | Case No. 20-32510 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 13-2739271 | ) | |
| In re: | ) ) | Chapter 11 |
| BG PRODUCTIONS, INC., | ) ) ) | Case No. 20-32509 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 35-2433650 | ) | |
| In re: | ) ) | Chapter 11 |
| MARIPOSA BORROWER, INC., | ) ) ) | Case No. 20-32518 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 46-3749015 | ) | |

2

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MARIPOSA INTERMEDIATE HOLDINGS LLC, | ) ) ) ) | Case No. 20-32520 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 46-3655829 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NEMA BEVERAGE CORPORATION, | ) ) ) | Case No. 20-32497 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 75-2323412 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NEMA BEVERAGE HOLDING CORPORATION, | ) ) ) ) | Case No. 20-32498 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 75-2849264 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NEMA BEVERAGE PARENT CORPORATION, | ) ) ) ) | Case No. 20-32499 (MI) |
| Debtor. | ) ) | |
| Tax I.D. No. 75-2849262 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NM BERMUDA, LLC, | ) ) ) | Case No. 20-32507 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 45-4242943 | ) | |

3

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NM FINANCIAL SERVICES, INC., | ) | Case No. 20-32512 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 86-0862446 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NM NEVADA TRUST, | ) | Case No. 20-32511 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 04-3343700 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NMG CALIFORNIA SALON LLC, | ) | Case No. 20-32502 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4129242 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NMG FLORIDA SALON LLC, | ) | Case No. 20-32501 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4139269 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NMG GLOBAL MOBILITY, INC., | ) | Case No. 20-32506 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-5000664 | ) | |

4

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NMG NOTES PROPCO LLC, | ) ) ) | Case No. 20-32515 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 84-2071102 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NMG SALON HOLDINGS LLC, | ) ) ) | Case No. 20-32504 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 81-4545236 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NMG SALONS LLC, | ) ) ) | Case No. 20-32503 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 81-4731570 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NMG TERM LOAN PROPCO LLC, | ) ) ) | Case No. 20-32514 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 83-4720786 | ) ) | |
| In re: | ) ) | Chapter 11 |
| NMG TEXAS SALON LLC, | ) ) ) | Case No. 20-32500 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 81-1200318 | ) | |

5

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NMGP, LLC, | ) | Case No. 20-32505 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 06-1701558 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE NEIMAN MARCUS GROUP LLC, | ) | Case No. 20-32517 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-4119509 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE NMG SUBSIDIARY LLC, | ) | Case No. 20-32516 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4426074 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WORTH AVENUE LEASING COMPANY, | ) | Case No. 20-32508 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 04-3435996 | ) | (Docket No. 2366) |

**FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or, prior to emergence, the "Debtors") for entry of a final decree (this "Final Decree") closing certain of the chapter 11 cases, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

6

pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The following Affiliate Cases are hereby closed; *provided* that this Court shall retain jurisdiction as provided in the Plan and the Confirmation Order:

| Debtor | Case No. |
|---|---|
| Bergdorf Goodman, Inc. | Case No. 20-32513 |
| Bergdorf Graphics, Inc. | Case No. 20-32510 |
| BG Productions, Inc. | Case No. 20-32509 |
| Mariposa Borrower, Inc. | Case No. 20-32518 |
| Mariposa Intermediate Holdings LLC | Case No. 20-32520 |
| NEMA Beverage Corporation | Case No. 20-32497 |
| NEMA Beverage Holding Corporation | Case No. 20-32498 |
| NEMA Beverage Parent Corporation | Case No. 20-32499 |
| NM Bermuda, LLC | Case No. 20-32507 |
| NM Financial Services, Inc. | Case No. 20-32512 |

| **Debtor** | **Case No.** |
|---|---|
| NM Nevada Trust | Case No. 20-32511 |
| NMG California Salon LLC | Case No. 20-32502 |
| NMG Florida Salon LLC | Case No. 20-32501 |
| NMG Global Mobility, Inc. | Case No. 20-32506 |
| NMG Notes PropCo LLC | Case No. 20-32515 |
| NMG Salon Holdings LLC | Case No. 20-32504 |
| NMG Salons LLC | Case No. 20-32503 |
| NMG Term Loan PropCo LLC | Case No. 20-32514 |
| NMG Texas Salon LLC | Case No. 20-32500 |
| NMGP, LLC | Case No. 20-32505 |
| The Neiman Marcus Group LLC | Case No. 20-32517 |
| The NMG Subsidiary LLC | Case No. 20-32516 |
| Worth Avenue Leasing Company | Case No. 20-32508 |

2. The Lead Case of *In re Neiman Marcus Group LTD LLC,* Case No. 20-32519, shall remain open pending the entry of a final decree by this Court closing the Lead Case, including for the purposes of administering the Remaining Matters.

3. The Remaining Matters and all motions, notices, and other pleadings relating to any of the Debtors or the Reorganized Debtors, whether or not they pertain to the Lead Case or Affiliate Cases, shall be filed, administered, and adjudicated in the Lead Case without the need to reopen the Affiliate Cases.

4. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors, the Debtors, or any party in interest to seek to reopen any of the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Debtors, the Reorganized Debtors or any Entity authorized pursuant to the Plan, as applicable, to dispute, in the Bankruptcy Court or any applicable non-bankruptcy forum, any claims that were filed against the Debtors in these chapter 11 cases as contemplated by the Plan and the Confirmation

8

Order.  Notwithstanding anything to the contrary contained in the Plan, any failure of the Debtors, the Reorganized Debtors or any Entity authorized pursuant to the Plan, as applicable, to file an objection to any claim in these chapter 11 cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed against any Debtor or Reorganized Debtor.

5. All further reporting concerning the administration of the assets and liabilities of the Affiliate Cases shall occur only in the Lead Case.  A docket entry shall be made in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Neiman Marcus Group LTD LLC, Case No. 20-32519.  The docket in Case No. 20-32519 should be consulted for all matters affecting this case.

6. The Affiliate Debtors shall file a post-confirmation report through the date of entry of the Final Decree for the Affiliate Debtors and shall serve a true and correct copy of said statements on the U.S. Trustee.

7. The Debtors or Reorganized Debtors shall pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B) in connection with the Affiliate Cases by remitting payment to the United States Trustee Payment Center, P.O. Box 6200-19, Portland, Oregon, 97228-6200 no later than the later of (x) fourteen days after the date of entry of the Final Decree and (y) the date on which such quarterly fees are otherwise due, and shall furnish evidence of such payment to the acting U.S. Trustee, 515 Rusk, Suite 3516, Houston, Texas.  The payment shall reflect the Reorganized Debtors' account numbers and shall be transmitted with a "Chapter 11 Quarterly

Disbursement and Fee Report" available from the acting U.S. Trustee. This Court shall retain jurisdiction to enforce of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

8. Quarterly disbursements will be reported and statutory fees will be paid in the Lead Case pending the entry of a final decree by this Court closing the Lead Case.

9. The terms and conditions of this Final Decree shall be immediately effective and enforceable upon entry.

10. The Debtors, the Reorganized Debtors, or any Entity authorized pursuant to the Plan, as applicable, and their respective agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

11. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the right of the Debtors, the Reorganized Debtors, or any Entity authorized pursuant to the Plan, as applicable, to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Decree or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' and the Reorganized Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors, the Reorganized Debtors, or any Entity authorized pursuant to the Plan, as applicable, that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors, the Reorganized Debtors, or any Entity authorized pursuant to the Plan, as applicable,

expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

**Signed:  March 30, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**