IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) Case No. 20-32519 (DRJ) |
|  | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
|  | ) |

**LIQUIDATING TRUSTEE'S
THIRD MOTION FOR ENTRY OF AN ORDER
(I) EXTENDING THE TIME WITHIN WHICH THE LIQUIDATING
TRUSTEE MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: NMG Holding Company, Inc. (5916); Bergdorf Goodman LLC (5530); Bergdorf Graphics, Inc. (9271); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); and The Neiman Marcus Group LLC (9509). The Reorganized Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

The trustee for the Liquidating GUC Trust (the "Liquidating Trustee") in the above-captioned cases of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and prior to the Effective Date, the "Debtors") states as follows in support of this motion (this "Motion"):[2]

### Relief Requested

1. The Liquidating Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) extending the period (the "Removal Period") within which the Liquidating Trustee may remove actions (each an "Action," and collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 to October 29, 2021 (180 days from the current deadline of May 2, 2021), without prejudice to the Liquidating Trustee's right to seek further extensions, and (b) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Reorganized Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 1452 of title 28 of the United States Code (the "Judicial Code"), Bankruptcy Rules 9006 and 9027, and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them elsewhere in this Motion or in the Confirmation Order, as applicable.

**Background**

5.  On May 7, 2020 (the "Petition Date"), each of the Debtors commenced chapter 11 cases with the Bankruptcy Court.

6.  On August 4, 2020, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Extending the Time Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 1435] (the "Debtors' Extension Motion") seeking entry of an order extending the Removal Period to the earlier of November 3, 2020 or the Effective Date (defined below).

7.  On September 4, 2020 the Court entered the *Order Confirming the Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1795] (the "Confirmation Order") confirming the *Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1793] (the "Plan") in the chapter 11 cases of the Reorganized Debtors.

8.  On September 11, 2020, the Court granted the Debtors' Extension Motion. *See Order (I) Extending the Time Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 1834].

9.  On September 25, 2020, the effective date of the Plan occurred (the "Effective Date") and the Liquidating GUC Trust was established pursuant to the Plan, the Confirmation Order, and the Liquidating Trust Agreement. *See* Liquidating Tr. Agmt. § 2.1.1; Confirmation Order, ¶ 81; Plan, Article IV, § D.6.

10. The Liquidating GUC Trust was established to collect, hold, administer, distribute, and liquidate the Liquidating Trust Assets for the benefit of the Beneficiaries (as defined in the Liquidating Trust Agreement). *See* Liquidating Tr. Agmt. § 2.2.4. Accordingly, under the Liquidating Trust Agreement, the Liquidating Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Liquidating GUC Trust (including,

without limitation, all powers, rights, and duties under applicable law). *See* Liquidating Tr. Agmt. § 3.1. To that end, the Liquidating Trustee was given the right under the Plan to retain any and all rights and defenses that any Debtor had immediately prior to the Effective Date. *See* Plan, Article VII, §§ A, B.

11.     On October 19, 2020, the Liquidating Trustee filed the *Liquidating Trustee's Motion for Entry of an Order (I) Extending the Time Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 1976] (the "Liquidating Trustee's First Extension Motion") seeking a further extension of the Removal Period to February 1, 2021.

12.     On October 22, 2020, the Court granted the Liquidating Trustee's First Extension Motion. *See Order (I) Extending the Time Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 2015].

13.     On February 1, 2021, the Liquidating Trustee filed the *Liquidating Trustee's Second Motion for Entry of an Order (I) Extending the Time Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 2247] (the "Liquidating Trustee's Second Extension Motion") seeking a further extension of the Removal Period to May 2, 2021.

14.     On February 4, 2021, the Court granted the Liquidating Trustee's Second Extension Motion. *See Order (I) Extending the Time Within Which the Liquidating Trustee May Remove Actions and (II) Granting Related Relief* [Docket No. 2251] (the "Third Extension Order").

## The Actions

15.     As of the date of the filing of this Motion, the Reorganized Debtors are involved in a number of civil actions that were commenced prior to the Petition Date in various forums. The Reorganized Debtors and the Liquidating Trustee continue to review the Reorganized Debtors'

books and records and are still in the process of determining whether to remove any Actions pursuant to 28 U.S.C. § 1452. As described below, however, this analysis, which is both complex and time-consuming, is not yet complete as many of the Actions involve complex personal injury and employment litigation matters that require further review prior to making a determination regarding removal.

16. Specifically, since the Court entered the Third Extension Order, the Liquidating Trustee has been working closely with the Reorganized Debtors and the Reorganized Debtors' insurer, Liberty Mutual, to consensually resolve a variety of general unsecured claims based on prepetition litigation. The outcome of this process—which is still underway and has proven to be significantly time-consuming—will likely determine whether the Liquidating Trustee will ultimately seek to remove any of the Actions. As a result, the Liquidating Trustee requires additional time to determine which, if any, of the Actions to remove. Absent the relief requested herein, the Removal Period will otherwise expire on May 2, 2021.

**Basis for Relief**

17. Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases, and Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Bankruptcy Rule 9006(b)(1), in turn, permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027 "for cause shown . . . if the request therefor is made before the expiration of the period originally prescribed."

18. The Liquidating Trustee's decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the resolution of certain issues impacting the Liquidating Trust; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the

proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with administration of the Liquidating Trust; and (e) the progress made to date in the Action. To make the appropriate determination, the Liquidating Trustee must thoroughly analyze each Action with its advisors in light of such factors.

19. Ample cause exists to extend the Removal Period. As an initial matter, the Liquidating Trustee has made significant progress in resolving the approximately 2,800 general unsecured claims filed in these chapter 11 cases since entry of the Third Extension Order. During this period, the Liquidating Trustee has successfully resolved over 2,000 proofs of claim and identified and objected to nearly 400 additional claims. Since February 5, 2021, the Liquidating Trustee has prepared and filed six omnibus claims objections, of which four have been sustained by the Court. To date, by virtue of the Liquidating Trustee's omnibus objections, more than 230 claims have been expunged.

20. Nevertheless, the claims reconciliation process is not yet complete and a number of claims based on prepetition litigation remain unresolved. If the Liquidating Trustee is unsuccessful in resolving these litigation claims consensually, the Liquidating Trustee may need to seek to remove the underlying litigation. Any determination of which Actions should be the subject of removal is a time-intensive process that involves complex legal and factual issues for which the Liquidating Trustee requires further time to fully analyze. For these reasons and others, the Liquidating Trustee is still building an understanding of the nature and extent of the Actions that may be subject to removal and is still not yet prepared to decide which, if any, Actions should be removed. Therefore, if the Removal Period is not extended, the Liquidating Trustee will not have sufficient time to properly evaluate removal of the Actions.

21.     The extension requested herein will provide the Liquidating Trustee with time to make informed decisions concerning the removal of the Actions. Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Liquidating Trustee's requested extension of the Removal Period. If the Liquidating Trustee ultimately seeks to remove certain Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to seek remand with respect to such Actions pursuant to 28 U.S.C. § 1452(b). Accordingly, cause exists for the relief requested herein.

## Notice

22.     The Liquidating Trustee will provide notice of this motion to: (a) the United States Trustee for the Southern District of Texas; (b) the United States Attorney's Office for the Southern District of Texas; (c) the Internal Revenue Service; (d) the United States Securities and Exchange Commission; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

| | |
|---|---|
| Dated: April 16, 2021 | */s/ Michael D. Warner* |
| | Michael D. Warner (TX Bar No. 00792304) |
| | Benjamin L. Wallen (TX Bar No. 24102623) |
| | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | 440 Louisiana Street, Suite 900 |
| | Houston, TX 77002 |
| | Telephone:   (713) 691-9385 |
| | Facsimile:   (713) 691-9407 |
| | Email:  mwarner@pszjlaw.com |
| |          bwallen@pszjlaw.com |

-and-

Justin Bernbrock (admitted *pro hac vice*)
Bryan Uelk (admitted *pro hac vice*)
Robert B. McLellarn (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone:   (312) 499-6300
Facsimile:   (312) 499-6301
Email:  jbernbrock@sheppardmullin.com
         buelk@sheppardmullin.com
         rmclellarn@sheppardmullin.com

-and-

Jennifer Nassiri (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone:   (213) 617-4106
Facsimile:   (213) 443-2739
Email:  jnassiri@sheppardmullin.com

-and-


-9-

Amanda Cottrell, Esq. (TX Bar No. 24064972)
Steven Gersten**,** Esq. (TX Bar No.  24087579)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2200 Ross Avenue, 24th Floor
Dallas, TX 75201
Telephone:  (469) 391-7400
Facsimile:   (469) 391-7577
Email:  acottrell@sheppardmullin.com
         sgersten@sheppardmullin.com

*Counsel for The Liquidating GUC Trust and Mohsin  Meghji, in his capacity as trustee of the Liquidating GUC Trust*

## Certificate of Service

      I certify that on April 16, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                          */s/ Michael D. Warner*
                                          Michael D. Warner