# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re:                                     Case No. 20-32519

**NEIMAN MARCUS GROUP LTD LLC,**     **Honorable David R. Jones**
**ET AL.,**                               **Chapter 11**

Debtors.

**MICHAEL OCCHIOGROSSO, CAMILLA GALLUZZO AND ANNETTE COLARUSSO'S MOTION TO ALLOW LATE FILED PROOF OF CLAIM PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 3003(c)(3) AND 9006(b)(1)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:**

Movants Michael Occhiogrosso, Camilla Galluzzo and Annette Colarusso (together, "Movants"), by and through the undersigned counsel hereby file their Motion to Allow Late Filed Proof of Claim, and state as follows:

1

## I.    JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested is 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 3003(c)(3) and 9006(b)(1).

## II.    BACKGROUND

2.      Reorganized Debtors Neiman Marcus Group LTD LLC, *et al.* ("Debtor") filed with this Court on May 7, 2020 (the "Petition Date"), a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Debtor continues to operate its business as Debtor in Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.      Before the Petition Date, Movants had submitted three different claim letters on behalf of each movant on May 24, 2019 for Camilla Galluzzo, March 19, 2019 for Michael Ochiogrosso and January 31, 2019 for Annette Colarusso for age discrimination based on disparate treatment, disparate impact and wrongful termination.  See attached hereto as **Exhibit A**, Claim Letters.

4.      Attorneys, Littler Mendelson P.C. for debtor Bergdorf Goodman, Inc. responded to the claim letters. Counsel discussed the claims and claimants submitted demand letters in support of pre-litigation settlement in December 2019. See attached hereto as **Exhibit B**, Defense Correspondence.

5.      On December 31, 2019, defense counsel acknowledge receipt of the three movants' demand letters sent December 23, 2019.

6.      On January 26, 2020, defense counsel responded to movants' counsel, "at this point I can advise that Neiman Marcus is interested in participating in settlement discussions and likely mediation in an effort to resolve these claims for a reasonable amount. I will get back

to you soon to discuss the demands and factual allegations." See attached hereto as **Exhibit C**, Email Correspondence.

7.       After further communications on March 17, 2020, the parties agreed to proceed to mediation and ultimately selected mediator, Ruth D. Raisfeld Esq. Some delay occurred because of COVID-19 and the debtors' experiencing internal issues. In April 2020, defense counsel agreed to proceed to mediation scheduled for June 2020. There was no mention of impending bankruptcy. See **Exhibit C**.

8.        However, on May 11, 2020, defense counsel cancelled the mediation informing Plaintiffs that on May 7, 2020, debtors filed their voluntary petitions. See attached hereto as **Exhibit D**, May 11, 2020 Letter from Littler Mendelson, P.C. In her email, defense counsel provided a copy of the voluntary petition of the lead Debtor, Neiman Marcus Group LTD LLC giving rise to an automatic stay of the commencement of movants' action to bring their claims against Bergdorf Goodman, their former employer. No notice was given of any pending deadline to file a proof of claim against Bergdorf Goodman, their former employer.

9.       Thereafter, movants did not receive written notice of the deadline nor did debtors' counsel provide counsel's office with written notice, despite debtor Bergdorf Goodman, Inc. being on full notice of movants' claims against its subsidiary, Bergdorf Goodman.[1]

10.      On December 11, 2020, movants' counsel emailed defense counsel to reopen settlement negotiations and was then informed by defense counsel on December 14, 2020 that movants' claims were "raised before" lead Debtor Neiman Marcus Group LTD LLC filed for bankruptcy, and the movants "did not file proof of claim during the pendency of the

---

[1] . Bergdorf Goodman was and still operates as a store on Fifth Avenue, Manhattan, New York.]

bankruptcy." Therefore, the claims were potentially "discharged as part of the bankruptcy." Defense counsel advised, "[c]laimants  may not pursue claims outside of the Bankruptcy Court without permission of the Debtors, Bankruptcy Trustee and/or the Bankruptcy Court." See attached hereto as **Exhibit E**, Email dated December 14, 2020.

11.     On January 28, 2021, movants' counsel specifically requested a copy of the Bankruptcy Court's Order discharging movants' claims. On March 1, 2021, defense counsel provided the Order Confirming the Lead debtor's Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code filed September 4, 2020 [Dkt. No. 1795].

12.     Unbeknownst to movants, under Docket No. 2525, the Court entered an Order setting the deadline for creditors to file proofs of claim by Sept 4,  2020. Movants did not timely file proof of claims, as they did not know or believe their statutory discrimination claims against Bergdorf were included in the bankruptcy petition of lead debtor, Neiman Marcus Group. Had claimants and/or for this office been provided with proper notice this office would have timely filed proof of claims. Movants were led to believe that Bergdorf was acting in good faith to negotiate their claims to avoid litigation and were not internationally delaying moving forward with scheduling a mediation until their anticipated bankruptcy filing.

### III.     REQUESTED RELIEF

13.     Pursuant to Bankruptcy Rule 3003(c)(3), the "Court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 9006(b)(1) allows the Bar Date to be extended where the failure to timely act "was the result of excusable neglect."

14.     The Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.  Ltd. P'ship*, 507 U.S. 380, 395 (1993) established a four part test to assess whether a failure to act is "excusable": "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential

impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."

15.     The Fifth Circuit has emphasized the importance of the first factor (i.e., prejudice to the debtor) and the "key consideration in evaluating [that factor] is whether allowing the late filing of a claim will have a material adverse effect on their reorganization." *In re Pilgrim's Pride Corp.*, 2011 WL 576070, at *4 (Bankr. N.D. Tex. Feb. 9, 2011) *citing Eagle Bus. Mfg. v. Rogers*, 62 F.3d 730, 737 (5th Cir. 1995). If the debtor was aware of the claim before negotiating and confirming a plan of reorganization, there is little to no prejudice to the debtors by permitting the filing of a late claim. *Eagle Bus. Mfg.*, 62 F.3d at 737.

16.     In *Eagle Bus. Mfg.*, numerous creditors failed to file their proof of claim before the bar date and subsequently filed them approximately six to eight months after the bar date. *Id*. at 732. After applying the four factors set forth in *Pioneer Inv. Servs.*, and finding that they weighed in favor of the claimants, the Fifth Circuit permitted the belated claims. *Id*. at 737-40. Likewise, in *Pilgrim's Pride*, the court permitted a creditor to file a late claim finding there would be no prejudice to the Debtors because they "paid their creditors 100% of the amounts of their allowed claims plus interest", there was only a ninth month delay in the filing of the claim and the creditor acted in good faith. *Pilgrim's Pride*, 2011 WL 576070 at *3.

17.     Here, Movants should be permitted to file a late claim because it satisfies each of the four factors set forth in *Pioneer Inv. Servs.*, as they are applied in the Fifth Circuit.

18.     First, there is no prejudice to the Debtor in this case because at the time that Debtor's plan of reorganization was prepared, Debtor was aware of Movants' general unsecured claims. Second, there has been minimal delay without any perennial impact on this proceedings as no final plan has been approved. Third, movants had provided this court with the factual circumstances supporting reasonable excuse for the delay. Fourth, Movants acted in good faith

because they filed their proof of claim within a reasonable amount of time and as soon as practicable after analyzing the schedules and claims process, conducting research and consulting with Texas counsel, H. Miles Cohn, Crain, Caton & James. On February 7, 2021, Movants' counsel filed a motion for *Pro Hac Vici* emission to the court.

19.     In addition, movants claimants are amenable to enter into a stipulation to waive their claims under the bankruptcy to proceed solely against any insurance coverage available for these claims.

20.     In sum, Movants have satisfied each of the four factors set forth in *Pioneer Inv. Servs*. Accordingly, Movants respectively request an order from the Court allowing the late proof of claim filed by them. Movants will suffer extreme undue prejudice should their relief not be granted.

WHEREFORE, PREMISES CONSIDERED, Movants request an order from the Court allowing the late proof of claim filed by Michael Occhiogrosso, Camilla Galluzzo and Annette Colarusso.

Dated: May 14, 2021

Respectfully submitted,

THE CLANCY LAW FIRM, P.C.

*/s/ Donna H. Clancy*
Donna H. Clancy
Admitted *Pro Hac Vice* as of February 7, 2021
dhc@dhclancylaw.com
40 Wall Street, 61st Floor
New York, New York  10005
Telephone: (212) 747-1744
Facsimile: (212) 409-8574

CRAIN CATON & JAMES, PC

/s/ H. Miles Cohn
H. Miles Cohn
Texas State Bar No. 04509600
Michelle Friery
Texas State Bar No. 24040934
1401 McKinney, Suite 1700
Houston, Texas   77010
Telephone: (713) 752-8668
Facsimile:  (713) 658-1921
E-mail:  mcohn@craincaton.com

*Counsel for Movants Michael Occhiogrosso,*
*Camilla Galluzzo and Annette Colarusso*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May 2021, the above and foregoing document was filed electronically using CM/ECF and a true and correct copy of the above and foregoing was served as follows:

   X   upon filing, the CM/ECF system sent notification to Debtor's counsel and all parties participating in the CM/ECF system in this matter.

/s/ H. Miles Cohn
H. Miles Cohn