**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 20-32519 (DRJ) <br> ) <br> ) (Jointly Administered) <br> ) |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | |
| Reorganized Debtors. | |

**LIQUIDATING TRUSTEE'S THIRTEENTH**
**OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS CLAIMS)**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW, OR REDUCE AND ALLOW, A CLAIM THAT YOU FILED IN THESE BANKRUPTCY CASES. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**THIS OBJECTION SEEKS TO DISALLOW, OR REDUCE AND ALLOW, CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> TO <u>EXHIBIT B</u> ATTACHED TO THIS OBJECTION.**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Reorganized Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

The trustee (the "Liquidating Trustee") for the Liquidating GUC Trust[2] in the chapter 11 cases of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and prior to the Effective Date, the "Debtors") respectfully states as follows in support of this omnibus claims objection (this "Objection"), and submits the *Declaration of William B. Murphy in Support of the Liquidating Trustee's Thirteenth Omnibus Objection to Claims (Books and Records Claims)*, attached hereto as **Exhibit A** (the "Murphy Declaration").

### Jurisdiction and Venue

1.  This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.  The predicates for the relief requested herein are section 502(b) of title 11 of the United States Code ("Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

3.  The Liquidating Trustee seeks entry of an order (the "Order") (i) disallowing and expunging or (ii) reducing and allowing, as applicable, the claims identified on Schedule 1 to the Order (each a "Books and Records Claim," and collectively, the "Books and Records Claims") because they are inconsistent with the Reorganized Debtors' books and records.

### General Background

4.  On May 7, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

---

[2] Capitalized terms but not otherwise defined herein shall have the meanings given to such terms in *Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 1793].

5. On September 4, 2020, the Court confirmed the Plan by entering the *Order Confirming the Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1795] (the "Confirmation Order").

6. On September 25, 2020, the effective date of the Plan occurred (the "Effective Date") and the Liquidating GUC Trust was established pursuant to the Plan, the Confirmation Order, and the Liquidating Trust Agreement. *See* Liquidating Tr. Agmt. § 2.1.1; Confirmation Order ¶ 81; Plan art. IV, § D.6. The Plan authorizes the Liquidating Trustee to, among other things, file objections to general unsecured claims. *See* Plan art. IV, § D.6.

**The Claims Reconciliation Process**

7. On June 19, 2020, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 905-952]. Debtor Neiman Marcus Group LTD LLC subsequently filed certain amended schedules of assets and liabilities [Docket Nos. 1848, 1889].

8. On June 25, 2020, the Court entered its *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Matter for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Date, and (V) Granting Related Relief* [Docket No. 1014].

9. On June 26, 2020, the Debtors served their *Notice of Deadlines for Filing Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code* [Docket No. 1091], which provided notice that the deadline for all entities, other than Governmental Units, to file proofs of claim was July 20, 2020. The deadline for Governmental Units to file proofs of claims was 180 days after the Petition Date, or November 3, 2020.

10. On September 4, 2020, the Court entered the *Order (A) Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections, (B) Waiving the*

*Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [Docket No. 1790] (the "Omnibus Claims Objection Procedures Order"). The Omnibus Claims Objection Procedures Order authorizes the Liquidating GUC Trust to file and prosecute omnibus claims objections. *See* Omnibus Claims Objection Procedures Order ¶ 2.

11. On March 23, 2021, the Court entered the *Order Granting Motion of Liquidating Trustee and Reorganized Debtors for Entry of an Order Extending the Deadline to Object to Claims to September 20, 2021* [Docket No. 2352].

12. To date, over 3,300 claims have been filed against the Debtors. The Liquidating Trustee and its advisors, in coordination with the Reorganized Debtors and their advisors, have been working diligently to analyze these claims and any relevant supporting documentation. For the reasons set forth below and in the Murphy Declaration, the Liquidating Trustee has determined that the Books and Records Claims should be either allowed in a reduced amount or disallowed in their entirety.

## Basis for Relief

13. A filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. FED. R. BANKR. P. 3001(f).

14. To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 2006 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until such time that an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *Starnes v. U.S. (In re Starnes)*, 231 B.R. 903, 912 (N.D.

Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Cong., LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

15. An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* FED. R. BANKR. P. 3007(a). Objections may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons. *See* FED. R. BANKR. P. 3007(d). In addition, the Omnibus Claims Objection Procedures Order provides that claims may be included in an omnibus objection for "Additional Grounds," which, as specified in the underlying motion, includes claims that are inconsistent with the Reorganized Debtors' books and records. *See* Omnibus Claims Objection Procedures Order ¶ 1.

**The Books and Records Claims**

16. As set forth in the Murphy Declaration, the Liquidating Trustee and its advisors, in coordination with the Reorganized Debtors and their advisors, have thoroughly reviewed the Reorganized Debtors' books and records and the claims register and have determined that the Books and Records Claims are inconsistent with the Reorganized Debtors' books and records. *See* Murphy Decl. ¶ 3. Failure to reduce and allow, or disallow, as applicable, the Books and Records Claims could result in the applicable claimant receiving an unwarranted recovery against the Liquidating GUC Trust to the detriment of similarly situated creditors. *Id*. The relief requested herein is necessary to prevent any inappropriate distribution of estate funds and to facilitate the

administration of the claims allowance process. Accordingly, the Liquidating Trustee respectfully requests that the Court enter the Order reducing and allowing those claims listed on <u>Schedule 1B</u>, or disallowing, as applicable, the Books and Records Claims identified on <u>Schedule 1A</u> to the Order.

## **Reservation of Rights**

17.     In the event that any of the Books and Records Claims are not reduced and allowed, or disallowed, as applicable, on the grounds asserted herein, the Liquidating Trustee hereby reserves its rights to object to such claims on any other grounds. Additionally, the Liquidating Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein, and to file additional objections to Books and Records Claims or any other claims that may be asserted against the Debtors or from which a recovery is otherwise sought from the Liquidating GUC Trust.

18.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Liquidating Trustee's rights under the Bankruptcy Code or any other applicable law.

## **Separate Contested Matter**

19.     To the extent that a response is filed regarding any Books and Records Claim and the Liquidating Trustee is unable to resolve any such response, each such Books and Records Claim, and the Objection as it pertains to such Books and Records Claim, will constitute a separate

contested matter as contemplated by Bankruptcy Rule 9014. Further, the Liquidating Trustee requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

## **Notice**

20. Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) holders of the Books and Records Claims. The Liquidating Trustee respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter the Order granting the relief requested herein, and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: May 21, 2021 | */s/ Michael D. Warner* |
| | Michael D. Warner (TX Bar No. 00792304) |
| | Benjamin L. Wallen (TX Bar No. 24102623) |
| | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | 440 Louisiana Street, Suite 900 |
| | Houston, TX 77002 |
| | Telephone:     (713) 691-9385 |
| | Facsimile:     (713) 691-9407 |
| | Email:  mwarner@pszjlaw.com |
| | bwallen@pszjlaw.com-and- |

-and-

Justin Bernbrock (admitted *pro hac vice*)
Bryan Uelk (admitted *pro hac vice*)
Robert B. McLellarn (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone:     (312) 499-6300
Facsimile:     (312) 499-6301
Email:  buelk@sheppardmullin.com
        rmclellarn@sheppardmullin.com

-and-

Jennifer Nassiri (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone:     (213) 617-4106
Facsimile:     (213) 443-2739

-and-

-9-

        Amanda Cottrell, Esq. (TX Bar No. 24064972)
        Steven Gersten**,** Esq. (TX Bar No.  24087579)
        **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
        2200 Ross Avenue, 24th Floor
        Dallas, TX 75201
        Telephone:  (469) 391-7400
        Facsimile:   (469) 391-7577
        Email:  sgersten@sheppardmullin.com

*Counsel for the Liquidating GUC Trust and Mohsin Meghji, in his capacity as trustee of the Liquidating GUC Trust*