## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) |
| | ) Case No. 20-32519 (DRJ) |
| Reorganized Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

## LIQUIDATING TRUSTEE'S
## TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (RESOLVED CLAIMS)

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW YOUR CLAIM IN THESE BANKRUPTCY CASES. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**THIS OBJECTION SEEKS TO DISALLOW CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> TO <u>EXHIBIT B</u> ATTACHED TO THIS OBJECTION.**

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Reorganized Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

The trustee (the "Liquidating Trustee") for the Liquidating GUC Trust[2] in the chapter 11 cases of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and prior to the Effective Date, the "Debtors") respectfully states as follows in support of this omnibus claims objection (this "Objection"), and submits the *Declaration of William B. Murphy in Support of the Liquidating Trustee's Twenty-Fifth Omnibus Objection to Claims (Resolved Claims)*, attached hereto as **Exhibit A** (the "Murphy Declaration").

## Jurisdiction and Venue

1.      This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.      The predicates for the relief requested herein are section 502(b) of title 11 of the United States Code ("Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

3.      The Liquidating Trustee seeks entry of an order (the "Order") disallowing and expunging each claim identified on Schedule 1 to the Order (each a "Resolved Claim," and collectively, the "Resolved Claims") in its entirety because the claim has been resolved through payment or otherwise settled consensually through discussions with the respective claimant.

## General Background

4.      On May 7, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

---

[2]      Capitalized terms but not otherwise defined herein shall have the meanings given to such terms in *Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 1793].

5.      On September 4, 2020, the Court confirmed the Plan by entering the *Order Confirming the Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1795] (the "Confirmation Order").

6.      On September 25, 2020, the effective date of the Plan occurred (the "Effective Date") and the Liquidating GUC Trust was established pursuant to the Plan, the Confirmation Order, and the Liquidating Trust Agreement. *See* Liquidating Tr. Agmt. § 2.1.1; Confirmation Order ¶ 81; Plan art. IV, § D.6. The Plan authorizes the Liquidating Trustee to, among other things, file objections to general unsecured claims. *See* Plan art. IV, § D.6.

**The Claims Reconciliation Process**

7.      On June 19, 2020, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 905-952]. Debtor Neiman Marcus Group LTD LLC subsequently filed certain amended schedules of assets and liabilities [Docket Nos. 1848, 1889].

8.      On June 25, 2020, the Court entered its *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Matter for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Date, and (V) Granting Related Relief* [Docket No. 1014].

9.      On June 26, 2020, the Debtors served their *Notice of Deadlines for Filing Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code* [Docket No. 1091], which provided notice that the deadline for all entities, other than Governmental Units, to file proofs of claim was July 20, 2020. The deadline for Governmental Units to file proofs of claims was 180 days after the Petition Date, or November 3, 2020.

10.     On September 4, 2020, the Court entered the *Order (A) Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections, (B) Waiving the*

*Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [Docket No. 1790] (the "Omnibus Claims Objection Procedures Order"). The Omnibus Claims Objection Procedures Order authorizes the Liquidating GUC Trust to file and prosecute omnibus claims objections. *See* Omnibus Claims Objection Procedures Order ¶ 2.

11.     On March 23, 2021, the Court entered the *Order Granting Motion of Liquidating Trustee and Reorganized Debtors for Entry of an Order Extending the Deadline to Object to Claims to September 20, 2021* [Docket No. 2352].

12.     To date, over 3,300 claims have been filed against the Debtors.  Furthermore, over 3,500 unsecured claims were listed in the Debtors' schedules of assets and liabilities. The Liquidating Trustee and its advisors, in coordination with the Reorganized Debtors and their advisors, have been working diligently to analyze these claims. For the reasons set forth below and in the Murphy Declaration, the Liquidating Trustee has determined that the Resolved Claims should be disallowed in their entirety.

## Basis for Relief

13.     Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A proof of claim or interest is deemed filed under section 501 for a claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of the Bankruptcy Code, except a claim or interest that is scheduled as disputed, contingent, or unliquidated 11 U.S.C. § 1111(a). Further, Section 502(b)(1) of the Bankruptcy Code provides that the court "shall determine the amount of such claim…as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—such claim is unenforceable against the debtor and the property of the debtor…." 11 U.S.C. § 502(b)(1).

14.     A claimant's claim is entitled to a presumption of *prima facie* validity under Bankruptcy Rule 3001(f) until such time that an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *Starnes v. U.S. (In re Starnes)*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Cong., LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

15.     An objection to a claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* FED. R. BANKR. P. 3007(a). Objections may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons. *See* FED. R. BANKR. P. 3007(d). In addition, the Omnibus Claims Objection Procedures Order provides that claims, including scheduled claims, may be included in an omnibus objection for "Additional Grounds," which, as specified in the underlying motion, includes claims for which the Debtors are not liable.  *See* Omnibus Claims Objection Procedures Order ¶¶ 2, 9.

## The Resolved Claims

16.     As set forth in the Murphy Declaration, the Liquidating Trustee and its advisors, in coordination with the Reorganized Debtors and their advisors, have determined that the Resolved Claims have been resolved through payment or otherwise settled consensually through discussions with the respective claimant after such claims were included on the Debtors' schedules of assets and liabilities or after the applicable proof of claim was filed. *See* Murphy Decl. ¶ 3. Failure to disallow the Resolved Claims could result in the applicable claimant receiving an unwarranted

recovery against the Liquidating GUC Trust to the detriment of similarly situated creditors. *Id.* The relief requested herein is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims allowance process. Accordingly, the Liquidating Trustee respectfully requests that the Court enter the Order disallowing and expunging the Resolved Claims identified on Schedule 1 to the Order.

## **Reservation of Rights**

17.     In the event that any of the Resolved Claims are not disallowed on the grounds asserted herein, the Liquidating Trustee hereby reserves its rights to object to such claims on any other grounds. Additionally, the Liquidating Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein, and to file additional objections to the Resolved Claims or any other claims that may be asserted against the Debtors or from which a recovery is otherwise sought from the Liquidating GUC Trust.

18.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Liquidating Trustee's rights under the Bankruptcy Code or any other applicable law.

## **Separate Contested Matter**

19.     To the extent that a response is filed regarding any Resolved Claim and the Liquidating Trustee is unable to resolve any such response, each such Resolved Claim, and the Objection as it pertains to such Resolved Claim, will constitute a separate contested matter as

contemplated by Bankruptcy Rule 9014. Further, the Liquidating Trustee requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

## **Notice**

20.     Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) holders of the Resolved Claims. The Liquidating Trustee respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter the Order granting the relief requested herein, and such other relief as the Court deems appropriate under the circumstances.

Dated: May 25, 2021

*/s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone:        (713) 691-9385
Facsimile:        (713) 691-9407
Email:            mwarner@pszjlaw.com
                  bwallen@pszjlaw.com

*Counsel for the Liquidating GUC Trust and Mohsin Meghji, in his capacity as trustee of the Liquidating GUC Trust*