**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
06/07/2021

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) Case No. 20-32519 (DRJ) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) (Docket No. 2462) |

**ORDER GRANTING THE JOINT MOTION OF MARIPOSA**
**INTERMEDIATE HOLDINGS LLC, NMG HOLDING COMPANY, INC., AND**
**THE NEIMAN MARCUS GROUP LLC FOR ENTRY OF AN ORDER (I)**
**APPROVING A SETTLEMENT PURSUANT TO FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 9019 AND (II) GRANTING RELATED RELIEF**

Upon the joint motion (the "Motion")[2] of Mariposa Intermediate Holdings LLC, NMG

Holding Company, Inc., and the Neiman Marcus Group LLC for entry of an order (a) approving the

proposed settlement attached hereto as **Exhibit A** (the "Settlement") and (b) granting related relief,

all as more fully described in the Motion, the Court finds that: (i) it has jurisdiction over the Motion

pursuant to 28 U.S.C. § 1334; (ii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this

is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) proper and adequate notice of the Motion

has been given and no other or further notice is necessary; (v) the relief requested in the Motion is in

the best interests of the Reorganized Debtors, their creditors, and other parties in interest; (vi) it may

enter a final order consistent with Article III of the United States Constitution; (vii) the Parties' notice

of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: NMG Holding Company, Inc. (5916); Bergdorf Goodman LLC (5530); Bergdorf Graphics, Inc. (9271); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); and The Neiman Marcus Group LLC (9509). The Reorganized Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[2] Capitalized terms not defined herein have the meanings given to such terms in the Motion or the Settlement, as applicable.

be provided; (viii) having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and (ix) this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1.      Pursuant to Bankruptcy Rule 9019, the Court approves the Settlement.

2.      The Parties are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Settlement in accordance with the terms, conditions, and agreements set forth or provided for therein, all of which are approved.

3.      The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion including, but not limited to, instructing the Escrow Agent (as defined in the Settlement Agreement) to make the Settlement Payments and release the Escrowed Funds as provided under Section 2 of the Settlement Agreement.

4.      Upon receipt of the Settlement Payments by the Neiman Marcus Parties, NMG Inc., and the GUC Trust and such remittance of the Escrowed Funds pursuant to the Settlement Agreement, the TRO (as defined in the Settlement Agreement) shall by operation of this Order be dissolved and vacated in its entirety and be of no further force or effect in any respect.

5.      The Court shall retain exclusive jurisdiction over all matters subject to this Order, including disputes arising under this Order, and the construction, interpretation, modification, and

enforcement of this Order, and shall retain exclusive jurisdiction to hear and adjudicate any motions related to this Order.

   **Signed:  June 07, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**<u>EXHIBIT A</u>**

Settlement Agreement

Execution Version

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is made and entered into by and between Mariposa Intermediate Holdings LLC ("Mariposa"), NMG Holding Company, Inc. (as successor to Neiman Marcus Group LTD LLC) ("NMG Holding"), The Neiman Marcus Group LLC ("NMG LLC" and, together with Mariposa and NMG Holding, the "Neiman Marcus Parties"), MYT Ultimate Parent LLC (f/k/a Neiman Marcus Group, Inc.) ("NMG Inc." and, together with the Neiman Marcus Parties, the "Litigation Plaintiff Parties"), the Liquidating General Unsecured Creditors' Trust operating under the guidance of Mohsin Meghji, as trustee (the Liquidating GUC Trust and Mr. Meghji in his capacity as trustee, together, the "GUC Trust"), Marble Ridge Capital LP ("MRC"), Marble Ridge Master Fund LP ("MRMF" and, together with MRC, the "Marble Ridge Parties") and Daniel Kamensky.  NMG Inc., Mariposa, NMG Holding, NMG LLC, GUC Trust, MRC, MRMF and Mr. Kamensky are each a "Party" under this Agreement, and together they constitute the "Parties."

WHEREAS, on December 10, 2018, the Marble Ridge Parties filed a petition against the Litigation Plaintiff Parties or their predecessors, captioned *Marble Ridge Capital LP and Marble Ridge Master Fund LP v. Neiman Marcus Group, Inc.,* in the District Court for the 116th Judicial District, Dallas County, Texas, Case No. DC-18-18371 (the "Texas Proceeding");

WHEREAS, on December 14, 2018, the Litigation Plaintiff Parties filed an Answer, Verified Denial, and Original Counterclaims in the Texas Proceeding asserting claims against the Marble Ridge Parties;

WHEREAS, on May 7, 2020, NMG LLC, Neiman Marcus Group LTD LLC ("NMG LTD," predecessor to NMG Holding), Mariposa and certain of their affiliates (collectively, the "Debtors" and as of the effective date of the Plan (as defined herein), the "Reorganized Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, captioned *In re: Neiman Marcus Group LTD LLC, et al.*, Debtors, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), Chapter 11, Case No. 20-32519 (DRJ) (the "Neiman Marcus Bankruptcy Proceeding");

WHEREAS, on August 26, 2020, Mariposa, NMG LTD, and NMG LLC filed a Complaint And Application For A Temporary Restraining Order And Preliminary Injunction against the Marble Ridge Parties, captioned *Mariposa Intermediate Holdings LLC, et al., v. Marble Ridge Capital LP, et al.*, in the Bankruptcy Court, Adv. Proc. No. 20-03402 (the "Adversary Proceeding");

---

[1] The Reorganized Debtors, along with the last four digits of each Reorganized Debtor's federal tax identification number, are:  NMG Holding Company, Inc. (5916); Bergdorf Goodman LLC (5530); Bergdorf Graphics, Inc. (9271); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); and The Neiman Marcus Group LLC (9509).

WHEREAS, as part of the Adversary Proceeding, on August 26, 2020, Mariposa, NMG LTD, and NMG LLC sought a Temporary Restraining Order enjoining the Marble Ridge Parties from distributing any funds or proceeds from any asset sales in connection with MRMF's wind-down and liquidation and requiring that the Marble Ridge Parties place $55,000,000 into an escrow account for the payment of alleged damages or requested sanctions in connection with the Adversary Proceeding (the "TRO");

WHEREAS, on August 28, 2020, Mariposa, NMG LTD, NMG LLC, and the Marble Ridge Parties agreed to the TRO by stipulation and to an escrow of $55,000,000, which TRO was subsequently extended by stipulation on September 14, 2020, further extended by stipulation and the escrow reduced from $55,000,000 to $10,000,000 on September 28, 2020, and further extended by stipulations on February 12, February 19, February 26, March 5, and March 12, 2021;

WHEREAS, in connection with the Adversary Proceeding and the TRO, on September 11, 2020, the Marble Ridge Parties entered into a Depository and Escrow Agreement (as amended or extended from time-to-time, "Escrow Agreement") with JPMorgan Chase Bank, N.A. ("Escrow Agent"), which pursuant to the TRO as amended currently holds $10,000,000 ("Escrowed Funds");

WHEREAS, the Parties have decided to resolve the disputes as between any of the Litigation Plaintiff Parties, on the one hand, and any of the Marble Ridge Parties, on the other hand, in and relating to the Texas Proceeding and the Adversary Proceeding, including, but not limited to, any claims or counterclaims filed therein, arising out of, or relating to the alleged conduct underlying those proceedings; and

WHEREAS, the GUC Trust and all of the Marble Ridge Parties have agreed to resolve any and all disputes between them in connection with potential affirmative claims by the GUC Trust against the Marble Ridge Parties and the allowance of the Marble Ridge Parties' claims in the Neiman Marcus Bankruptcy Proceeding.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    Effective Date.  This Agreement shall be effective upon the first date that (i) this Agreement has been executed and delivered by each of the Parties and (ii) the Bankruptcy Court has entered an order in the form attached as Exhibit 1 hereto or as otherwise agreed by the Parties approving this Agreement, directing payment of the Escrowed Funds as set forth in Section 2, below, and, coincident with such payments, dissolving the TRO, and such order becomes final and non-appealable (such date, the "Effective Date").

2.    The Settlement Payments. Within two (2) business days after the Effective Date, the Marble Ridge Parties shall issue a joint written consent to the Escrow Agent, pursuant to the requirements of the Escrow Agreement and in the form of Exhibit A-2 thereto, for (i) $1,666,666.67 U.S. dollars in Escrowed Funds to be paid to the Neiman Marcus Parties (the "Neiman Marcus Settlement Payment"); (ii) $1,666,666.67 U.S. dollars in Escrowed Funds to be

paid to NMG Inc. (the "NMG Inc. Settlement Payment"); and (iii) $1,666,666.67 U.S. dollars in Escrowed Funds to be paid to the GUC Trust (the "GUC Trust Settlement Payment" and, together with the Neiman Marcus Settlement Payment and the NMG Inc. Settlement Payment, the "Settlement Payments"), with any and all remainder of the Escrowed Funds (the "Remaining Escrowed Funds") to be paid to MRMF.

The Neiman Marcus Settlement Payment shall be remitted to the Neiman Marcus Parties by wire transfer into the account identified below and made by Automated Clearing House transfer to:

[Bank account information redacted.]

The NMG Inc. Settlement Payment shall be remitted to NMG Inc. by wire transfer into the account identified below and made by Automated Clearing House transfer to:

[Bank account information redacted.]

The GUC Trust Settlement Payment shall be remitted to the GUC Trust by wire transfer into the account identified below and made by Automated Clearing House transfer to:

[Bank account information redacted.]

The Remaining Escrowed Funds shall be remitted to MRMF by wire transfer into the account identified below and made by Automated Clearing House transfer to:

[Bank account information redacted.]

Except for the Settlement Payments, the Marble Ridge Parties shall have no obligation to make any further payments or transfer any property or other form of remuneration to the Litigation Plaintiff Parties or the GUC Trust.  The Litigation Plaintiff Parties acknowledge and agree that the consideration provided in this Section 2 is adequate to fully discharge any and all obligations owed by the Marble Ridge Parties to the Litigation Plaintiff Parties and/or claims asserted

against the Marble Ridge Parties by the Litigation Plaintiff Parties that are released pursuant to Section 4 of this Agreement.

3.      <u>Stipulations and Orders of Dismissal</u>.  Within two (2) business days of receipt of all of the Settlement Payments, the parties to the Adversary Proceeding shall submit the Stipulation and Order Dismissing the Adversary Proceeding With Prejudice contained in <u>Exhibit 2</u> hereto, and the parties to the Texas Proceeding shall file with the Texas Supreme Court the Joint Motion to Dismiss the Texas Proceeding With Prejudice contained in <u>Exhibit 3</u> hereto. Within five (5) business days of the Texas Supreme Court's dismissal of the Texas Proceeding and the Dallas Court of Appeal's issuance of the mandate to the trial court, the Litigation Plaintiff Parties shall file the Joint Notice of Nonsuit with Prejudice contained in <u>Exhibit 4</u> hereto and Proposed Order Granting Joint Notice of Nonsuit with Prejudice contained in <u>Exhibit 4.1</u> hereto.  The Litigation Plaintiff Parties shall use their best efforts to cause entry in the Adversary Proceeding and the Texas Proceeding of all dismissals with prejudice and related submissions contemplated under this Section.  Further, for avoidance of doubt, the effectiveness of all releases set forth in Section 4 of this Agreement shall occur upon the receipt of all of the Settlement Payments, irrespective of whether or when such dismissals with prejudice are submitted or entered.

4.      <u>Releases</u>.  Effective upon the receipt of all of the Settlement Payments, and in consideration for the Settlement Payments and the other undertakings assumed and promises made by the Marble Ridge Parties, the Litigation Plaintiff Parties, and the GUC Trust pursuant to this Agreement:

(a)      the Litigation Plaintiff Parties, the Reorganized Debtors, and the GUC Trust, for themselves and their respective subsidiaries, trustees, trust certificate holders, successors, agents, assigns, representatives, officers, directors, employees, managers, partners, and members (together, the "<u>Neiman Releasors</u>"), to the fullest extent permitted by law, hereby irrevocably and unconditionally forever release, waive, and discharge the Marble Ridge Parties, and their respective parents, direct and indirect equity holders, subsidiaries, trustees, successors, assigns, agents, representatives, officers, directors, employees, managers, partners, and members (together, the "<u>Marble Ridge Releasees</u>"), from any and all actions, claims, demands, causes of action, rights, and liabilities of any kind whatsoever (upon any legal or equitable theory, and whether based on contract, tort, common law, statutory, federal, state, local, foreign or other law), including known or Unknown Claims (as that term is defined in Section 4(c) below), that the Neiman Marcus Releasors have, or hereafter may have, in any jurisdiction or territory, against the Marble Ridge Releasees relating in any way to or arising in any way from the Texas Proceeding, the Neiman Marcus Bankruptcy Proceeding, and/or the Adversary Proceeding and/or any other claims, counterclaims, rights of setoff, relief or allegations that were, could have been, or could be asserted by the Neiman Marcus Releasors against the Marble Ridge Releasees in any forum at any time (together, the "<u>Neiman Marcus Released Disputes</u>").  By executing the Agreement, the Litigation Plaintiff Parties and the GUC Trust agree that the Neiman Marcus Released Disputes are fully and finally resolved with prejudice and will not be the subject of arbitration, litigation or any other form of dispute resolution.

(b)      The Marble Ridge Parties and Daniel Kamensky, for themselves and their respective subsidiaries, trustees, successors, agents, assigns, representatives, officers,

4

directors, employees, managers, partners, and members (together, the "Marble Ridge Releasors"), to the fullest extent permitted by law, hereby irrevocably and unconditionally forever release, waive, and discharge the Litigation Plaintiff Parties, the Reorganized Debtors, and the GUC Trust, and their respective parents, direct and indirect equity holders, subsidiaries, trustees, trust certificate holders, successors, agents, assigns, representatives, officers, directors, employees, managers, partners, and members (together, the "Neiman Marcus Releasees"), from any and all actions, claims, demands, causes of action, rights, and liabilities of any kind whatsoever (upon any legal or equitable theory, and whether based on contract, tort, common law, statutory, federal, state, local, foreign or other law), including known or Unknown Claims (as that term is defined in Section 4(c) below), that the Marble Ridge Releasors have, or hereafter may have, in any jurisdiction or territory, against the Neiman Marcus Releasees relating in any way to or arising in any way from the Texas Proceeding, the Neiman Marcus Bankruptcy Proceeding, and/or the Adversary Proceeding and/or any other claims, counterclaims, rights of setoff, relief or allegations that were, could have been, or could be asserted by the Marble Ridge Releasors against the Neiman Marcus Releasees in any forum at any time (together, the "Marble Ridge Released Disputes"); provided that, notwithstanding the foregoing or anything to the contrary in this Agreement, the Marble Ridge Released Disputes exclude (i) any and all rights, claims and interests of the Marble Ridge Releasors in or to any and all distributions pursuant to the terms of the Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 1793 in the Neiman Marcus Bankruptcy Proceeding] (the "Plan") in the Neiman Marcus Bankruptcy Proceeding and/or the Liquidating Trust Agreement [Docket No. 1955 in the Neiman Marcus Bankruptcy Proceeding] (the "Trust Agreement"), including, without limitation, any and all distributions on account of (a) the NM MRMF Claims (as defined below), subject to paragraph 5 of the Kamensky Settlement Order (as defined below), and (b) the 2013 Term Loans Claims (as defined in the Plan) of Bank of Montreal (in which MRC Luxembourg S.A.R.L. or any transferee therefrom ("MR Luxembourg") holds a 100% participation interest) [Claim No. 2221] (the "MR 2013 Term Loans Claims"); (ii) all rights described in Section 7 herein; and (iii) any claims or rights between or among the Marble Ridge Releasees.  By executing the Agreement, the Marble Ridge Parties agree that the Marble Ridge Released Disputes are fully and finally resolved with prejudice and will not be the subject of arbitration, litigation or any other form of dispute resolution.

(c)    "Unknown Claims" means any and all claims and causes of action arising out of or relating to the Neiman Marcus Released Disputes or the Marble Ridge Released Disputes that the Parties may have but do not know, do not suspect, or do not have reason to know or to suspect exist in their favor at any time on or before the Effective Date, including any such claim or cause of action for new or additional damages or injuries that, if known, might have affected the decision to enter into this Agreement.

(d)    Claims Arising Out of Breach of this Agreement.  For avoidance of doubt, nothing contained herein shall release or discharge any claim that any Party may have arising out of a breach of any other Party's obligations under this Agreement.

5.    Claims in the Neiman Marcus Bankruptcy Proceeding.  Effective on the Effective Date, (a) all claims held by MRMF (whether directly or beneficially held) in the Neiman Marcus Bankruptcy Proceeding ("NM MRMF Claims") and the MR 2013 Term Loans Claims shall be treated as allowed, unsubordinated claims for all purposes in the Neiman Marcus

Bankruptcy Proceeding, except to the extent that a portion of such claims shall be subordinated as set forth pursuant to Paragraph 5 of the *Order Granting The Joint Motion Of The Reorganized Debtors, The Liquidating GUC Trust, Daniel B. Kamensky, And Marble Ridge Capital LP For Entry Of An Order (I) Approving A Settlement Pursuant To Federal Rule Of Bankruptcy Procedure 9019 And (II) Granting Related Relief* [Docket No. 2154 in the Neiman Marcus Bankruptcy Proceeding] (the "Kamensky Settlement Order") and Paragraph 5 of the settlement agreement approved pursuant to the Kamensky Settlement Order; (b) any and all restrictions relating to the NM MRMF Claims and/or the MR 2013 Term Loans Claims previously required under the TRO (including any and all restrictions on the sale, assignment, transfer or other disposition of such claims) shall be null, void and of no effect; (c) each of MRMF, MR Luxembourg and Bank of Montreal shall be entitled to sell, transfer, assign, or otherwise dispose (or direct the sale, transfer, assignment or disposition) of any of (i) the NM MRMF Claims, (ii) the MR 2013 Term Loans Claims, (iii) the New Equity (as defined in the Plan), (iv) Trust Interests (as defined in the Trust Agreement), or (iv) other equity interests, cash or other property distributed on account of any of the NM MRMF Claims or the MR 2013 Term Loans Claims, in each case without restrictions, except those restrictions and other limitations set forth in (and subject in all respects to the terms of) the Plan and the Trust Agreement; (d) each of the Litigation Plaintiff Parties and the GUC Trust, for themselves and each of the Neiman Releasors, agrees and covenants not to assert any claim or cause of action against any purchaser, assignee, or transferee of any of the NM MRMF Claims or the MR 2013 Term Loans Claims, or any distributions made on account of such claims, seeking to subordinate such claim(s) on account of or based on the Neiman Marcus Released Disputes beyond the extent to which such claims are subordinated pursuant to the Kamensky Settlement Order; and (e) the Litigation Plaintiff Parties, the Reorganized Debtors and the GUC Trust acknowledge, covenant and agree that no purchaser, assignee or transferee of any of the MRMF Claims or the MR 2013 Term Loans Claims, or any distributions made on account of such claims, and no party that acquires a participation or similar interest in the Trust Interests (as defined in the Trust Agreement) of MRMF, MR Luxembourg or Bank of Montreal, shall be added to the Disqualified Institutions List (as defined in the Trust Agreement) solely on account of such purchase, assignment, transfer, or acquisition.

6. <u>Allowed Amount of Term Loan Deficiency Claim</u>. The MR 2013 Term Loans Claim constituting a 2013 Term Loans Deficiency Claim (as defined in the Plan) shall be allowed in the Neiman Marcus Bankruptcy Proceeding as an unsubordinated Class 10 Funded-Debt General Unsecured Claim (as defined in the Plan) in the amount of Nine Million One Hundred Thousand U.S. dollars ($9,100,000), and the GUC Trust shall take all necessary steps, promptly following the Effective Date, to effectuate the allowance of such claim as provided for in this Section 6.

7. <u>Preservation of Rights to Reimbursement of Unsecured Notes Trustee Fees</u>. Nothing in this Agreement, including the entering into this Agreement, shall impair, prejudice or otherwise affect MRMF's ability to seek reimbursement of any and all amounts advanced to UMB Bank, N.A., as Unsecured Notes Trustee (as defined in the Trust Agreement), from parties other than the Neiman Marcus Releasees. Consistent with the terms of the Trust Agreement, the Trustee (as defined in the Trust Agreement) shall hold in reserve and then transfer to the Unsecured Notes Trustee amounts necessary to satisfy the Unsecured Notes Trustee's charging lien, including amounts that the Unsecured Notes Trustee may thereafter use

to reimburse directing noteholders, including MRMF, for fees and expenses previously advanced by such noteholders to the Unsecured Notes Trustee.

8.     <u>Representations and Warranties</u>.   Each Party hereby represents and warrants to the other Parties that: (i) the Party has the right and authority to grant the releases and confer the rights contemplated by this Agreement; (ii) the person signing this Agreement is duly authorized to enter into this Agreement on the Party's behalf; (iii) the Party has not assigned any of the claims being released in Section 4 of this Agreement to any third party that is not also providing a release pursuant to this Agreement; and (iv) the Party is not relying on any representation, by or on behalf of any other Party, not expressly set forth in this Agreement and that no such representation has been made to it by or on behalf of any other Party.

9.     <u>No Admission</u>.   The making of this Agreement is not intended, and shall not be construed, as any acknowledgment or admission of the existence or non-existence of any fact, or that any Party had or did not have any valid claim or defense arising under any federal, state, or local law (statutory or decisional), ordinance, or regulation, or has committed or not committed any other actionable wrong against any other Party.

10.     <u>No Public Statement</u>.   With the exception of any statements made in connection with seeking court approval of the settlement set forth in this Agreement or the dismissal of the Texas Proceeding and the Adversary Proceeding, none of (a) Daniel Kamensky or counsel to the Marble Ridge Parties, on the one hand, or (b) the CEO, General Counsel or outside counsel to the Neiman Marcus Parties (Kirkland & Ellis LLP and Lynn Pinker Hurst & Schwegmann), on the other hand, shall make a public statement or issue a press release in connection with executing this Agreement or the approval thereof with respect to the Texas Proceeding or the Adversary Proceeding.

11.     <u>Entire Agreement and Amendments</u>.   This Agreement constitutes the full and entire understanding and agreement among the Parties with regard to the subjects hereof and supersedes and terminates any and all prior oral or written agreements, understandings, representations and warranties, and courses of conduct and dealing among the Parties; provided, however, the Kamensky Settlement Order and the settlement agreement approved pursuant to the Kamensky Settlement Order shall remain in full force and effect.   Any termination, amendment, modification or change of this Agreement may be made only by a writing signed by the Parties.

12.     <u>Bankruptcy Court Approval</u>.   This Agreement, including all of its terms and conditions, is subject to approval by the Bankruptcy Court.   The proposed order submitted to the Bankruptcy Court shall include any modifications necessary to the TRO to enable the Escrow Agent to make the Settlement Payments and remit the Remaining Escrowed Funds to MRMF prior to the entry of the Stipulations and Orders of Dismissal set forth in Section 3 of this Agreement.

13.     <u>Governing Law; Submission to Jurisdiction; Venue</u>.   This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflicts of law provisions.   Each of the Parties hereby consents to the personal jurisdiction of the Bankruptcy Court for any disputes arising from, or relating to, this Agreement.

14. <u>Notice.</u> Except as otherwise specified herein, any notices pertaining to the Agreement shall be in writing and shall be deemed to have been duly given when delivered by email to the following representatives:

<u>If to the Neiman Marcus Parties:</u>

**KIRKLAND & ELLIS LLP**
Jeffrey J. Zeiger, P.C. (jzeiger@kirkland.com)
Gavin C.P. Campbell (gavin.campbell@kirkland.com)
Matthew C. Fagen (matthew.fagen@kirkland.com)
Gary J. Kavarsky (gary.kavarsky@kirkland.com)

<u>If to NMG Inc.:</u>

**MILBANK LLP**
Andrew M. Leblanc (aleblanc@milbank.com)
Samir L. Vora (<u>svora@milbank.com</u>)

**DEBEVOISE & PLIMPTON LLP**
Erica S. Weisgerber (eweisgerber@debevoise.com)

<u>If to GUC Trust:</u>

**SHEPPARD MULLIN**
Justin Bernbrock (jbernbrock@sheppardmullin.com)
Jennifer Nassiri (jnassiri@sheppardmullin.com)
Robert McLellarn (rmclellarn@sheppardmullin.com)

<u>If to Daniel Kamensky:</u>

**BARNES & THORNBURG LLP**
Robert Boller (rboller@btlaw.com)
Joseph Matteo (jmatteo@btlaw.com)
Lawrence Gerschwer (lgerschwer@btlaw.com)

<u>If to MRC:</u>

**FOLEY & LARDNER LLP**
John Melko (jmelko@foley.com)
T. Michael Wall (tmwall@foley.com)

<u>If to MRMF:</u>

**KOBRE & KIM LLP**
Zachary D. Rosenbaum (Zachary.rosenbaum@kobrekim.com)
Daniel J. Saval (Daniel.saval@kobrekim.com)
Leif T. Simonson (leif.simonson@kobrekim.com)

15.   <u>Binding Effect</u>.  This Agreement is binding upon, and shall inure to the benefit of, the Parties and their respective heirs, successors and assigns.

16.   <u>No Assignment</u>.  Subject to Section 5 hereof, no Party may assign any rights or obligations hereunder, except with the express written consent of the other Parties hereto, and any attempted assignment or transfer without such consent shall be null and void.

17.   <u>No Credit for Drafting</u>.   The Parties agree that the drafting of this Agreement was the result of negotiations between the Parties and none of the Parties will be deemed the drafter of any portion of this Agreement for purposes of its construction and interpretation.  Each Party acknowledges and represents: that the Party has carefully reviewed this Agreement with that Party's respective counsel; that the Party understands the terms of this Agreement, including the waiver of Unknown Claims; that the Party believes the terms are reasonable, adequate, and were arrived at in good faith through arm's length negotiations; and that the Party has executed this Agreement voluntarily, knowingly, and with an intent to be bound by it.

18.   <u>No Waiver.</u>  No waiver by any Party of any provision or condition of this Agreement at any time shall be deemed a waiver of such provision or condition at any prior or subsequent time or of any other provision or condition at the same or any prior or subsequent time.

19.   <u>Expenses.</u>  Each Party shall pay its own fees and expenses (including, without limitation, attorneys' fees, expenses and costs) incurred by it in connection with this Agreement, the Marble Ridge Released Disputes, and the Neiman Marcus Released Disputes.

20.   <u>Severability</u>.  If any provision of this Agreement is held to be illegal, void or unenforceable, such provision shall be of no force and effect.   The illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

21.   <u>Counterparts</u>.  This Agreement may be executed in two or more identical counterparts, each of which shall be an original, but all of which together shall constitute one instrument.  It is further agreed by the Parties that facsimile and electronic signatures will be deemed as originals.

22.   <u>Obligations</u>.  Notwithstanding anything herein to the contrary, the Parties hereby agree that no provision of this Agreement shall require any Party to do any act that violates any law, regulation, or rule of professional responsibility.

23.   <u>Headings</u>.  All headings used herein are solely for convenience and shall not be used to interpret the Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be signed by their duly authorized representatives as of the date indicated below:

Execution Version

MARIPOSA INTERMEDIATE HOLDINGS LLC

By: _____

Name: Tasha Grinnell

Title:   Interim General Counsel

Date signed:   March 25, 2021

*Authorized to enter into this Agreement on behalf of Mariposa Intermediate Holdings LLC and all subsidiaries, successors, and assigns.*

THE NEIMAN MARCUS GROUP LLC

By: _____

Name: Tasha Grinnell

Title:   Interim General Counsel

Date signed:   March 25, 2021

*Authorized to enter into this Agreement on behalf of The Neiman Marcus Group LLC and all subsidiaries, successors, and assigns.*

MYT ULTIMATE PARENT LLC

By: _____

Name: _____

Title:   _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of MYT Ultimate Parent LLC, and all subsidiaries, successors, and assigns.*

NMG HOLDING COMPANY, INC.

By: _____

Name: Tasha Grinnell

Title:   Interim General Counsel

Date signed:   March 25, 2021

*Authorized to enter into this Agreement on behalf of NMG Holding Company, Inc. and all subsidiaries, successors, and assigns.*

GENERAL UNSECURED CREDITORS TRUST

By: _____

Name: _____

Title:   _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of General Unsecured Creditors Trust.*

10

MARIPOSA INTERMEDIATE HOLDINGS LLC

By: _____

Name: _____

Title: _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of Mariposa Intermediate Holdings LLC and all subsidiaries, successors, and assigns.*

NMG HOLDING COMPANY, INC.

By: _____

Name: _____

Title: _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of NMG Holding Company, Inc. and all subsidiaries, successors, and assigns.*

THE NEIMAN MARCUS GROUP LLC

By: _____

Name: _____

Title: _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of The Neiman Marcus Group LLC and all subsidiaries, successors, and assigns.*

GENERAL UNSECURED CREDITORS TRUST

By: _____

Name: _Mohsin Y. Meghji_

Title: _Trustee_

Date signed: _March 25, 2021_

*Authorized to enter into this Agreement on behalf of General Unsecured Creditors Trust.*

MYT ULTIMATE PARENT LLC

By: _____

Name: _____

Title: _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of MYT Ultimate Parent LLC, and all subsidiaries, successors, and assigns.*

MARIPOSA INTERMEDIATE HOLDINGS LLC

By: _____

Name: _____

Title: _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of Mariposa Intermediate Holdings LLC and all subsidiaries, successors, and assigns.*

THE NEIMAN MARCUS GROUP LLC

By: _____

Name: _____

Title: _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of The Neiman Marcus Group LLC and all subsidiaries, successors, and assigns.*

MYT ULTIMATE PARENT LLC

By: _____

Name: _____Samir L. Vora_____

Title: _____Authorized Counsel_____

Date signed: __March 24, 2021__

*Authorized to enter into this Agreement on behalf of MYT Ultimate Parent LLC, and all subsidiaries, successors, and assigns.*

NMG HOLDING COMPANY, INC.

By: _____

Name: _____

Title: _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of NMG Holding Company, Inc. and all subsidiaries, successors, and assigns.*

GENERAL UNSECURED CREDITORS TRUST

By: _____

Name: _____

Title: _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of General Unsecured Creditors Trust.*

Execution Version

MARBLE RIDGE CAPITAL LP

By: _____

Name: _Pen Kemensky_

Title: _Managing Partner_

Date signed: _4/27/21_

*Authorized to enter into this Agreement on behalf of Marble Ridge Capital LP and all subsidiaries, successors, and assigns.*

MARBLE RIDGE MASTER FUND LP

By: _____

Name: _____

Title: _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of Marble Ridge Master Fund LP and all subsidiaries, successors, and assigns.*

DANIEL KAMENSKY

By: _____

Date signed: _4/27/21_

11

Execution Version

MARBLE RIDGE CAPITAL LP

By: _____

Name: _____

Title: _____

Date signed: _____

*Authorized to enter into this Agreement on behalf of Marble Ridge Capital LP and all subsidiaries, successors, and assigns.*

MARBLE RIDGE MASTER FUND LP

By: _____

Name: Alex Lawson_____

Title:   Joint Voluntary Liquidator of

   Marble Ridge Master Fund LP

Date signed:   24 March 2021_____

*Authorized to enter into this Agreement on behalf of Marble Ridge Master Fund LP and all subsidiaries, successors, and assigns.*

DANIEL KAMENSKY

By: _____

Date signed: _____

11

Execution Version

**EXHIBIT 1 –** Proposed Settlement Approval Order

SETTLEMENT AGREEMENT EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) Case No. 20-32519 (DRJ) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| MARIPOSA INTERMEDIATE HOLDINGS LLC, NEIMAN MARCUS GROUP LTD LLC, and THE NEIMAN MARCUS GROUP LLC, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) Adv. Proc. No. 20-03402 |
| | ) |
| v. | ) |
| | ) |
| MARBLE RIDGE CAPITAL LP and MARBLE RIDGE MASTER FUND LP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING THE JOINT MOTION OF MARIPOSA INTERMEDIATE HOLDINGS LLC, NMG HOLDING COMPANY, INC., AND THE NEIMAN MARCUS GROUP LLC FOR ENTRY OF AN ORDER (I) APPROVING A SETTLEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND (II) GRANTING RELATED RELIEF**

Upon the joint motion (the "Motion")[2] of Mariposa Intermediate Holdings LLC, NMG

Holding Company, Inc., and the Neiman Marcus Group LLC for entry of an order (a) approving the

proposed settlement attached hereto as **Exhibit A** (the "Settlement") and (b) granting related relief,

---

[1]  The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: NMG Holding Company, Inc. (5916); Bergdorf Goodman LLC (5530); Bergdorf Graphics, Inc. (9271); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); and The Neiman Marcus Group LLC (9509).  The Reorganized Debtors' service address is:  One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[2]  Capitalized terms not defined herein have the meanings given to such terms in the Motion or the Settlement, as applicable.

SETTLEMENT AGREEMENT EXHIBIT 1

all as more fully described in the Motion, the Court finds that: (i) it has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334; (ii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; (v) the relief requested in the Motion is in the best interests of the Reorganized Debtors, their creditors, and other parties in interest; (vi) it may enter a final order consistent with Article III of the United States Constitution; (vii) the Parties' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; (viii) having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and (ix) this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1.      Pursuant to Bankruptcy Rule 9019, the Court approves the Settlement.

2.      The Parties are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Settlement in accordance with the terms, conditions, and agreements set forth or provided for therein, all of which are approved.

3.      The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion including, but not limited to, instructing the Escrow Agent (as defined in the Settlement Agreement) to make the Settlement Payments and release the Escrowed Funds as provided under Section 2 of the Settlement Agreement.

4.      Upon receipt of the Settlement Payments by the Neiman Marcus Parties, NMG Inc., and the GUC Trust and such remittance of the Escrowed Funds pursuant to the Settlement

SETTLEMENT AGREEMENT EXHIBIT 1

Agreement, the TRO (as defined in the Settlement Agreement) shall by operation of this Order be

dissolved and vacated in its entirety and be of no further force or effect in any respect.

5.      The Court shall retain exclusive jurisdiction over all matters subject to this Order,

including disputes arising under this Order, and the construction, interpretation, modification, and

enforcement of this Order, and shall retain exclusive jurisdiction to hear and adjudicate any motions

related to this Order.

Houston, Texas
Dated: _____, 2021

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

Settlement Agreement

Execution Version

**EXHIBIT 2** – Stipulation and Order of Dismissal (Adversary Proceeding)

SETTLEMENT AGREEMENT EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEIMAN MARCUS GROUP LTD LLC, *et al.,* | ) | Case No. 20-32519 (DRJ) |
| | ) | |
| Reorganized Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| MARIPOSA INTERMEDIATE HOLDINGS LLC, NEIMAN MARCUS GROUP LTD LLC, and THE NEIMAN MARCUS GROUP LLC, | ) ) ) | |
| | ) | Adv. Proc. No. 20-03402 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARBLE RIDGE CAPITAL LP and MARBLE RIDGE MASTER FUND LP, | ) ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## STIPULATION AND ORDER
## FOR DISMISSAL WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), applicable through Federal Rule of Bankruptcy Procedure 7041, Plaintiffs Mariposa Intermediate Holdings LLC, Neiman Marcus Group LTD LLC, and The Neiman Marcus Group LLC (collectively, "Plaintiffs") and Defendants Marble Ridge Capital LP and Marble Ridge Master Fund LP (collectively,

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Reorganized Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

1

SETTLEMENT AGREEMENT EXHIBIT 2

"Defendants"), acting through their undersigned counsel, hereby stipulate, in consideration of the negotiated settlement agreement executed by them and approved by this Court by Order dated [_____], that the above-captioned adversary proceeding (Adv. Proc. No. 20-03402) and all claims asserted therein are hereby dismissed with prejudice.  Each party shall bear its own attorneys' fees, costs and expenses.

IT IS SO ORDERED.

**Signed: March __, 2021**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

SETTLEMENT AGREEMENT EXHIBIT 2

Dated: March __, 2021
Houston, Texas

Agreed:

*/s/ DRAFT* _____
Michael S. Kim (admitted *pro hac vice*)
Zachary D. Rosenbaum (admitted *pro hac vice*)
Daniel J. Saval (admitted *pro hac vice*)
Leif T. Simonson (admitted *pro hac vice*)
Alexandra Fellowes (admitted *pro hac vice*)
**KOBRE & KIM LLP**
800 Third Avenue
New York, New York 10022
Telephone: +1 212 488 1200
Facsimile: +1 212 488 1220
Email:
Michael.Kim@kobrekim.com
Zachary.Rosenbaum@kobrekim.com
Daniel.Saval@kobrekim.com
Leif.Simonson@kobrekim.com
Alexandra.Fellowes@kobrekim.com

-and-

**HEDRICK KRING, PLLC**
Joshua L. Hedrick
Texas State Bar No. 24061123
Mark A. Fritsche
Texas State Bar No. 24100095
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Telephone: (214) 880-9600
Fax: (214) 481-1844
Email: Josh@HedrickKring.com
Email: Mark@HedrickKring.com

*Attorneys for Marble Ridge Master Fund LP*

SETTLEMENT AGREEMENT EXHIBIT 2

*/s/ DRAFT*_____
John P. Melko
State Bar No. 13919600
T. Michael Wall
State Bar No. 20757300
**FOLEY & LARDNER LLP**
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-2099
Telephone: 713-276-5500
Email: jmelko@foley.com
Email: tmwall@foley.com

*Attorneys for Marble Ridge Capital LP*


*/s/ DRAFT*_____
**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No.
24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
jwertz@jw.com
kpeguero@jw.com
vpolnick@jw.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS**
**INTERNATIONAL LLP**
Anup Sathy, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: anup.sathy@kirkland.com
chad.husnick@kirkland.com

-and-

SETTLEMENT AGREEMENT EXHIBIT 2

Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: matthew.fagen@kirkland.com

*Co-Counsel to the Plaintiffs*

Execution Version

**EXHIBIT 3** – Joint Motion to Dismiss the Texas Proceeding With Prejudice

SETTLEMENT AGREEMENT EXHIBIT 3

## No. 20-0915

## IN THE
## SUPREME COURT OF TEXAS

---

### MARBLE RIDGE CAPITAL LP, ET AL.,
Petitioners,

v.

### NEIMAN MARCUS GROUP INC., ET AL.,
Respondents.

From the Fifth District Court of Appeals at Dallas, Texas
No. 05-19-00443-CV

---

ON PETITION FOR REVIEW
FROM THE COURT OF APPEALS, FIFTH DISTRICT OF TEXAS AT DALLAS
NO. 05-19-00443-CV

---

### JOINT MOTION TO DISMISS

---

TO THE HONORABLE SUPREME COURT OF TEXAS:

Petitioners[1] and Respondents[2] (collectively, the "Parties") jointly move the Court to dismiss the appeal in the above-captioned cause number pursuant to Texas Rule of Appellate Procedure 42.1(a)(2).

The Parties have entered into a settlement agreement that renders the issues

---

[1] "Petitioners" shall collectively refer to Petitioners Marble Ridge Capital LP and Marble Ridge Master Fund LP in the above-referenced matter.

[2] "Respondents" shall collectively refer to Respondents Neiman Marcus Group, Inc., Mariposa Intermediate Holdings LLC, Neiman Marcus Group Ltd LLC, The Neiman Marcus Group LLC, and Neiman Marcus Group International LLC in the above-referenced matter.

SETTLEMENT AGREEMENT EXHIBIT 3

on appeal in this matter moot.

WHEREFORE, the Parties jointly move the Court to dismiss the appeal in the above-captioned cause number.

Respectfully submitted,

_____

**Joshua L. Hedrick**
Texas Bar No. 24061123
**Mark A. Fritsche**
Texas Bar No. 24100095
**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
(Tel.)    (214) 880-9600
(Fax)    (214) 481-1844
Josh@HedrickKring.com
Mark@HedrickKring.com

**David L. Elsberg**
*Admitted Pro Hac Vice*
**Maria Ginzburg**
*Admitted Pro Hac Vice*
**Caitlin J. Halligan**
*Admitted Pro Hac Vice*
**SELENDY & GAY PLLC**
1290 Sixth Avenue
New York, NY 10104
Tel: 212-390-9000
delsberg@selendygay.com
mginzburg@selendygay.com
challigan@selendygay.com

**COUNSEL FOR PETITIONERS**

2

SETTLEMENT AGREEMENT EXHIBIT 3

And

_____

**Michael P. Lynn**
Texas Bar No. 12738500
**David S. Coale**
Texas Bar No. 00787255
**Elizabeth Y. Ryan**
Texas Bar No. 24067758
**Christopher Patton**
Texas Bar No. 24083634
**Chisara Ezie-Boncoeur**
Texas Bar No. 24103714
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
P: (214) 981-3800
F: (214) 981-3839
mlynn@lynnllp.com
dcoale@lynnllp.com
eryan@lynnllp.com
cpatton@lynnllp.com
cezie-boncoeur@lynnllp.com

**COUNSEL FOR RESPONDENTS**

SETTLEMENT AGREEMENT EXHIBIT 3

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Respondents Neiman Marcus Group, Inc., Mariposa Intermediate Holdings LLC, Neiman Marcus Group Ltd LLC, The Neiman Marcus Group LLC, and Neiman Marcus Group International LLC, and said counsel have indicated to me that they agree to the relief sought in the foregoing motion and join in the same.

_____

Joshua L. Hedrick

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___ day of March, 2021, a true and correct copy of the foregoing Joint Motion to Dismiss was served electronically through the court's electronic filing system and/or e-mail on the following counsel of record:

Michael P. Lynn
David S. Coale
Elizabeth Y. Ryan
Christopher Patton
Chisara Ezie-Boncoeur
LYNN PINKER HURST & SCHWEGMANN LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201

Jeffrey J. Zeiger
Josh Greenblatt
Gavin C.P. Campbell
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654

_____

Joshua L. Hedrick

Execution Version

**EXHIBIT 4** – Joint Notice of Nonsuit with Prejudice

SETTLEMENT AGREEMENT EXHIBIT 4

CAUSE NO. DC-18-18371

| | | |
|---|---|---|
| MARBLE RIDGE CAPITAL LP and MARBLE RIDGE MASTER FUND LP, | § § § | IN THE DISTRICT COURT |
| Plaintiffs/Counter-Defendants, | § § § | |
| v. | § § | 116th JUDICIAL DISTRICT |
| NEIMAN MARCUS GROUP, INC., MARIPOSA INTERMEDIATE HOLDINGS LLC, NEIMAN MARCUS GROUP LTD LLC, THE NEIMAN MARCUS GROUP LLC, and NEIMAN MARCUS GROUP INTERNATIONAL LLC, | § § § § § § § § | |
| Defendants/Counter-Plaintiffs. | § | DALLAS COUNTY, TEXAS |

## <u>JOINT NOTICE OF NONSUIT WITH PREJUDICE</u>

Pursuant to Rule 162 of the Texas Rules of Civil Procedure, Plaintiffs/Counter-Defendants Marble Ridge Capital LP and Marble Ridge Master Fund LP (collectively, "Plaintiffs") and Defendants/Counter-Plaintiffs Neiman Marcus Group, Inc., Mariposa Intermediate Holdings LLC, Neiman Marcus Group Ltd LLC, The Neiman Marcus Group LLC, and Neiman Marcus Group International LLC (collectively, "Defendants") file this Joint Notice of Nonsuit With Prejudice ("Nonsuit") and respectfully show the Court as follows:

1. Plaintiffs hereby nonsuit all of their claims and counterclaims, if any, against Defendants in the above-captioned matter with prejudice.

2. Defendants hereby nonsuit all of their claims and counterclaims, if any, against Plaintiffs in the above-captioned matter with prejudice.

3. Plaintiffs and Defendants move the Court to order that each party shall bear all of its own costs and attorneys' fees incurred in the above-captioned matter.

SETTLEMENT AGREEMENT EXHIBIT 4

Based on the foregoing, Plaintiffs and Defendants request that the Court dismiss any claims or counterclaims brought by Plaintiffs against Defendants in the above-captioned matter with prejudice, that the Court dismiss any claims or counterclaims brought by Defendants against Plaintiffs in the above-captioned matter with prejudice, and that each party bear all of its own costs and attorneys' fees incurred in the above-captioned matter.

Respectfully submitted,

_____

**Joshua L. Hedrick**
Texas State Bar No. 24061123
**Mark A. Fritsche**
Texas State Bar No. 24100095

**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
(Tel.) (214) 880-9600
(Fax) (214) 481-1844
Josh@HedrickKring.com
Mark@HedrickKring.com

**ATTORNEY FOR PLAINTIFFS/
COUNTER-DEFENDANTS**

and

_____

**Michael P. Lynn**
Texas State Bar No. 12738500
**Elizabeth Y. Ryan**
Texas State Bar No. 24067758
**Christopher Patton**
Texas State Bar No. 24083634
**Chisara Ezie-Boncoeur**
Texas State Bar No. 24103714

**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(Tel.) (214) 981-3800
(Fax) (214) 981-3839

SETTLEMENT AGREEMENT EXHIBIT 4

mlynn@lynnllp.com
eryan@lynnllp.com
cpatton@lynnllp.com
cezie-boncoeur@lynnllp.com

**ATTORNEYS FOR DEFENDANTS/
COUNTER-PLAINTIFFS**

SETTLEMENT AGREEMENT EXHIBIT 4

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Joint Notice of Nonsuit With Prejudice has been served on the following via electronic mail on this ___ day of _____ 2021:

Michael P. Lynn
Elizabeth Y. Ryan
Christopher Patton
Chisara Ezie-Boncoeur
Lynn Pinker Hurst & Schwegmann, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
mlynn@lynnllp.com
eryan@lynnllp.com
cpatton@lynnllp.com
cezie-boncoeur@lynnllp.com

Jeffrey J. Zeiger
Josh Greenblatt
Gavin C.P. Campbell
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654
jeffrey.zeiger@kirkland.com
josh.greenblatt@kirkland.com

_____
Joshua L. Hedrick

**EXHIBIT 4.1** – Proposed Order Granting Joint Notice of Nonsuit with Prejudice

SETTLEMENT EXHIBIT 4.1

CAUSE NO. DC-18-18371

| | | |
|---|---|---|
| MARBLE RIDGE CAPITAL LP and MARBLE RIDGE MASTER FUND LP, | § § § | IN THE DISTRICT COURT |
| Plaintiffs/Counter-Defendants, | § § § | |
| v. | § § | 116th JUDICIAL DISTRICT |
| NEIMAN MARCUS GROUP, INC., MARIPOSA INTERMEDIATE HOLDINGS LLC, NEIMAN MARCUS GROUP LTD LLC, THE NEIMAN MARCUS GROUP LLC, and NEIMAN MARCUS GROUP INTERNATIONAL LLC, | § § § § § § § § | |
| Defendants/Counter-Plaintiffs. | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING JOINT NOTICE OF NONSUIT WITH PREJUDICE

After considering the Joint Notice of Nonsuit With Prejudice (the "Nonsuit") filed by Plaintiffs/Counter-Defendants Marble Ridge Capital LP and Marble Ridge Master Fund LP (collectively, "Plaintiffs") and Defendants/Counter-Plaintiffs Neiman Marcus Group, Inc., Mariposa Intermediate Holdings LLC, Neiman Marcus Group Ltd LLC, The Neiman Marcus Group LLC, and Neiman Marcus Group International LLC (collectively, "Defendants"), this Court is of the opinion that the Nonsuit should be GRANTED.  It is therefore,

ORDERED that Plaintiffs' claims and counterclaims, if any, against Defendants in the above-captioned matter are hereby dismissed with prejudice to the re-filing of same.  It is further,

ORDERED that Defendants' claims and counterclaims, if any, against Plaintiffs in the above-captioned matter are hereby dismissed with prejudice to the re-filing of same.  It is further,

ORDERED that each party bear all of its own costs and attorneys' fees incurred in the above-captioned matter.

**ORDER GRANTING JOINT NOTICE OF NONSUIT WITH PREJUDICE** **PAGE 1**

SETTLEMENT EXHIBIT 4.1

This order fully and finally disposes of all parties and all claims in this lawsuit and is a final order. The parties have released and waived all appellate rights pursuant to a settlement agreement, but this order would otherwise be appealable. All pending motions are denied as moot.

Signed this _____ day of _____ 2021.

_____
JUDGE PRESIDING

**AGREED AS TO FORM AND SUBSTANCE:**

_____
**Joshua L. Hedrick**
Texas State Bar No. 24061123
**Mark A. Fritsche**
Texas State Bar No. 24100095

**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
(Tel.) (214) 880-9600
(Fax) (214) 481-1844
Josh@HedrickKring.com
Mark@HedrickKring.com

**ATTORNEY FOR PLAINTIFFS/
COUNTER-DEFENDANTS**

and

_____
**Michael P. Lynn**
Texas State Bar No. 12738500
**Elizabeth Y. Ryan**
Texas State Bar No. 24067758
**Christopher Patton**
Texas State Bar No. 24083634
**Chisara Ezie-Boncoeur**
Texas State Bar No. 24103714

**ORDER GRANTING JOINT NOTICE OF NONSUIT WITH PREJUDICE**                    **PAGE 2**

SETTLEMENT EXHIBIT 4.1

**Lynn Pinker Hurst & Schwegmann, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(Tel.) (214) 981-3800
(Fax) (214) 981-3839
mlynn@lynnllp.com
eryan@lynnllp.com
cpatton@lynnllp.com
cezie-boncoeur@lynnllp.com

**ATTORNEYS FOR DEFENDANTS/
COUNTER-PLAINTIFFS**