# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | Case No. 20-32519 (DRJ) |
| Reorganized Debtors. | (Jointly Administered) |

## REORGANIZED DEBTORS' THIRD OMNIBUS OBJECTION
## TO CERTAIN PROOFS OF CLAIM (SATISFIED CLAIMS)

> **This is an objection to your claim. The objecting party is asking the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**
>
> **Represented parties should act through their attorney.**
>
> **A hearing will be conducted on this matter on July 28, 2021 at 2:00 p.m. (prevailing Central Time) in Courtroom 400, 4th Floor United States Bankruptcy Court for the Southern District of Texas, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691.**
>
> **You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeJones" in the GoToMeeting app or click the link on Judge Jones' home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: NMG Holding Company, Inc. (5916); Bergdorf Goodman LLC (5530); Bergdorf Graphics, Inc. (9271); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); and The Neiman Marcus Group LLC (9509). The Reorganized Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

> **Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click Here" to submit Electronic Appearance". Select the case name, complete the required fields, and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this motion was filed. Otherwise, the Court may treat the Objection as unopposed and sustain the relief requested.**
>
> **This Objection seeks to disallow certain proofs of claim. Claimants receiving this Objection should locate their names and claims on Exhibit A to the Proposed Order attached to this Objection.**

The above-captioned reorganized debtors (collectively, the "Debtors" as applicable and, after the effective date of their plan of reorganization, the "Reorganized Debtors") file this omnibus claims objection (the "Objection") and, in support, submit the *Declaration of Michael Foster, Director with Berkeley Research Group LLC, in Support of the Reorganized Debtors' Third Omnibus Objection to Certain Proofs of Claim (Satisfied Claims)* attached hereto as **Exhibit 1** (the "Foster Declaration").

### Relief Requested

1. Through their Objection, the Reorganized Debtors seek entry of an order (the "Order") disallowing each claim identified on **Exhibit A** to the Order (collectively, the "Satisfied Claims") in their entirety because each such claim was satisfied or released during these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or a Court Order.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Reorganized Debtors confirm their consent, pursuant to Rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The relief requested is sought pursuant to §§ 105(a) and 502(b) of title 11 of the United States Code, Bankruptcy Rule 3007, and Rules 9013-1 and 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas.

**Background**

5. On May 7, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. A detailed description of the Debtors, their businesses, the facts and circumstances supporting this motion, and the Debtors' chapter 11 cases, are set forth in the *Declaration of Mark Weinsten, Chief Restructuring Officer of Neiman Marcus Group Ltd LLC, in Support of the Debtor's Chapter 11 Petitions and First Day Motions* [Docket No. 86].

6. On September 4, 2020, the Bankruptcy Court entered an order confirming the *Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1795] (the "Plan"). The effective date of the Plan occurred on September 25, 2020 (the "Effective Date") [Docket No. 1906]. The Reorganized Debtors have standing to object to claims pursuant to the confirmed Plan. *See* Plan, Art. VII. B.[2]

7. To date, over 3,360 proofs of claims have been filed against the Debtors, totaling over $7 billion in the aggregate for liquidated amounts. The Reorganized Debtors and their advisors, have been working diligently to review the Satisfied Claims, including any supporting

---

[2] Art.VII.B of the Plan states:

> Except as otherwise specifically provided in the Plan, after the Effective Date, the Reorganized Debtors and the GUC Claims Administrator, as applicable, shall have the sole authority: (1) to File, withdraw, or litigate to judgment, objections to Claims or Interests; (2) to settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.

3

documentation.  For the reasons set forth below, and based on the review to date, the Reorganized Debtors believe that the Satisfied Claims should be disallowed.

## Objection

8.      Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502.  Section 502(b)(1) provides that a court shall not allow a claim if "such claim is not timely filed . . . ."  *See* 11 U.S.C. § 502(b)(9).  Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which includes when "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order."  Fed. R. Bankr. P. 3007(d).

9.      A properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim.  Fed. R. Bankr. P. 3001(f).  A proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency.  *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).  Once an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence.  *Id*.  Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *Id*.

## Satisfied Claims

10.     The Reorganized Debtors have reviewed their books and records, the claims register, and the Satisfied Claims along with any documents filed in support.  After this review, the Reorganized Debtors have determined that the Satisfied Claims identified on Exhibit A were

satisfied or released during or prior to these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or a Court order. Failure to disallow such Satisfied Claims could result in the relevant claimants receiving an unwarranted recovery against the Debtors to the detriment of other similarly situated creditors. Elimination of these Satisfied Claims will enable the Reorganized Debtors to maintain a more accurate claims register and will not prejudice the claimants. The Debtors request that the Court enter the Order disallowing the Satisfied Claims identified on Exhibit A to the Order.

## **Notice**

11. The Reorganized Debtors will provide notice of this Objection to 1) holders of the Satisfied Claims; 2) all parties requesting notice pursuant to Bankruptcy Rule 2002; and 3) all parties receiving notice on CM/ECF.

The Reorganized Debtors request that the Court enter an Order granting the relief requested herein, and such other and further relief as is just and equitable.

| | |
|---|---|
| Dated: June 11, 2021<br>Houston, Texas | */s/ Matthew D. Cavenaugh*<br>**JACKSON WALKER L.L.P.**<br>Matthew D. Cavenaugh (TX Bar No. 24062656)<br>Kristhy M. Peguero (TX Bar No. 24102776)<br>Genevieve M. Graham (TX Bar No. 24085340)<br>Veronica A. Polnick (TX Bar No. 24079148)<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Telephone:   (713) 752-4200<br>Facsimile:    (713) 752-4221<br>Email:          mcavenaugh@jw.com<br>                    kpeguero@jw.com<br>                    ggraham@jw.com<br>                    vpolnick@jw.com |

-and-

Chad J. Husnick, P.C. (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:          anup.sathy@kirkland.com
                    chad.husnick@kirkland.com
                    matthew.fagen@kirkland.com

*Co-Counsel for the Reorganized Debtors*

## Certificate of Service

I certify that on the June 11, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**<u>Exhibit 1</u>**
**Foster Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) ) ) | Case No. 20-32519 (DRJ) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |

### DECLARATION OF MICHAEL FOSTER IN SUPPORT
### OF THE REORGANIZED DEBTORS' THIRD OMNIBUS
### OBJECTION TO CERTAIN PROOFS OF CLAIM (SATISFIED CLAIMS)

I, Michael Foster, hereby declare under penalty of perjury:

1. I am a Director at Berkeley Research Group, LLC ("BRG"), the Debtors' financial advisors. I have been a Director at BRG since February 2017 and have over 4 years of experience providing restructuring and reorganization services. I am regularly employed by debtors in large chapter 11 cases such as these and, as part of those engagements, I have experience working with debtors, their claims agent and counsels to review filed proofs of claim, administer the claims reconciliation process, and prepare objections to proofs of claims where appropriate. BRG was retained by the above-captioned debtors (collectively, the "Debtors" as applicable, and after the effective date of their plan of reorganization, the "Reorganized Debtors") as financial advisor in connection with these chapter 11 cases. Prior to emergence, Mark Weinsten, a Managing Director of BRG, was appointed Chief Restructuring Officer and served in that capacity until the Plan went

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: NMG Holding Company, Inc. (5916); Bergdorf Goodman LLC (5530); Bergdorf Graphics, Inc. (9271); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); and The Neiman Marcus Group LLC (9509). The Reorganized Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

effective. I have worked with the Debtors since prior to the Petition Date and led the Berkeley team responsible for assisting the Debtors with preparation and filing of their Schedules and Statements. In this capacity, I am familiar with the Debtors' business, operations, and books and records.

2.  I am also generally familiar with the Reorganized Debtors' financing arrangements, business affairs, and books and records that reflect, among other things, the Reorganized Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date. I have read the *Reorganized Debtors' Third Omnibus Objection to Certain Proofs of Claim (Satisfied Claims)* (the "Objection"), filed contemporaneously herewith.[2]

3.  To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating the Satisfied Claims, I, or someone from my team, worked with the Reorganized Debtors' to review the books and records, and I, or someone from my team, reviewed, the Satisfied Claims and any attached supporting documents along with the Remaining Claims and any attached supporting documents. After reviewing, I do not believe that the Reorganized Debtors are liable for the Satisfied Claims in light of the Remaining Claims. I believe that the disallowance of the Satisfied Claims on the terms set forth in the Objection is appropriate.

**Satisfied Claims**

4.  I have, or a member of my team under my supervision has, thoroughly reviewed the Debtors' books and records and the claims register and determined that the Satisfied Claims identified on Exhibit A to the Order were satisfied or released during these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or a Court order. Failure to disallow the Satisfied Claims would result in the applicable claimants receiving an unwarranted recovery

---

[2] Capitalized terms not defined in this Declaration are defined in the Objection.

against the Debtors to the detriment of other similarly situated creditors. Disallowance of the Satisfied Claims on the terms set forth in the Objection and Exhibit A appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information and belief.

Dated: June 11, 2021

/s/ *Michael Foster*
Michael Foster
Director
Berkeley Research Group, LLC