

JUL 14 2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| NEIMAN MARCUS GROUP LTD LLC, et al., | Case No. 20-32519 (DRJ) |
| Reorganized Debtors. | AFFIRMATION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO LIFT STAY |

**Seth D. Carson**, an attorney duly admitted to practice law in the Commonwealth of Pennsylvania, in the United States District Court for the Eastern District of Pennsylvania, affirms the following to be true to the best of his knowledge under the penalties of perjury:

## I. INTRODUCTION

1. I am an Associate Attorney at the Derek Smith Law Group, PLLC.

2. I represent Rosina Welsh Morene in the case of <u>ROSINA WELSH MORENE v. THE NEIMAN MARCUS GROUP, LLC</u>, et al., Case No., 1450005635. The case is currently pending at JAMS Philadelphia Alternative Dispute Resolution Services.

3. This Affirmation is submitted pursuant to 11 U.S.C.S § 362 (d), in support of an Order to lift the automatic stay in the case of <u>ROSINA WELSH MORENE v. THE NEIMAN MARCUS GROUP, LLC</u>, et al., Case No., 1450005635, at JAMS Philadelphia Alternative Dispute Resolution Services.

## II.  FACTS NECESSARY TO DECIDE THIS MOTION

1. Rosina Welsh Morene commenced a civil action lawsuit on April 25, 2018, in the United States District Court for the Eastern District of Pennsylvania, predicated upon allegations of discrimination and harassment based upon race, age, disability, retaliation, and pursuant to violations of the Family and Medical Leave Act, by Rosina Welsh Morene's employers, arising out of a demotion and termination of employment. The termination occurred on May 23, 2017. Plaintiff, Rosina Welsh Morene claims discrimination, harassment, and retaliation to which she was subjected by Defendants including Defendant, The Neiman Marcus Group, LLC, when Defendants demoted and terminated Plaintiff due, inter alia, to her race and age. The case was transferred to JAMS pursuant to an Arbitration Agreement. <u>A true and accurate copy of Plaintiff's Civil Action Complaint is hereby attached and marked Plaintiff's Exhibit "A". A true and accurate copy of Claimant's Arbitration Statement is attached and marked Claimant's Exbibit "B"</u>.

2. There is evidence in Plaintiff's case that Debtor THE NEIMAN MARCUS GROUP, LLC, discriminated against Plaintiff, Rosina Welsh Morene on the basis of her race, age, and disability.

3. Evidence also includes but is not limited to schedule sheets where Defendants refused to provide Claimant with reasonable accommodations.

4. Evidence also includes but is not limited to direct evidence of discrimination and harassment in the workplace.

5. Respondent and Debtor, Neiman Marcus Group LTD LLC have filed an Answer to Claimant's Arbitration Demand Statement and the parties were engaged in discovery when Neiman Marcus Group LTD LLC filed for Bankruptcy during the COVID19 pandemic.

6. Claimant and Debtor have exchanged written discovery including the production of a significant number of documents and responses to each parties interrogatory requests.

7. On May 7, 2020, Respondent and Debtor, Neiman Marcus Group, LTD, LLC, notified JAMS that Neiman Marcus Group was entering a Bankruptcy and Claimant's case was placed on an administrative hold pending the Bankruptcy.

8. The administrative hold remains in place today, however, Claimant is prepared to proceed with her claim.

9. Your Affiant was subsequently notified that debtor Neiman Marcus Group, LTD, LLC, was in bankruptcy upon receiving a "Notice of Bankruptcy Case Filing."

### III. AUTOMATIC STAY SHOULD BE LIFTED

10. Should the automatic stay in the above identified Civil Action be lifted, Plaintiff, Rosina Morene-Welsh will limit her monetary recovery to the limits of coverage provided for under any and all applicable insurance policies afforded to Debtor/Respondents. Accordingly, Plaintiff will not seek any assets of any of the Debtors named in Bankruptcy Case No. 20-32519 (DRJ).

11. Plaintiff will therefore forgo her right to collect on any judgment against Debtor/Respondent in excess of the insurance policy limits. Plaintiff reserves the right to collect an excess verdict from individual or corporate Respondents that did not file for Bankruptcy and whose case was placed on an administrative stay due to it being related to the case against Debtor/Respondent, Neiman Marcus Group LTD LLC.

12. It is respectfully submitted that under the circumstances, and pursuant to 11 U.S.C.S. § 362 (d), this court should lift the automatic stay; as § 362(d), provides, in pertinent part that: "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the

stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay."

13. In determining whether to grant relief from stay for cause, the court must balance the potential prejudice to debtor against hardships that will be incurred by person seeking relief for stay if relief is denied. According to the court, factors to be considered include: (1) whether issues in pending litigation involve only state law, so that expertise of Bankruptcy Court is unnecessary; (2) whether modifying stay will promote judicial economy and whether there would be greater interference with bankruptcy case if stay were not lifted because matters would have to be litigated in Bankruptcy Court; and (3) whether estate can be protected properly by requirement that creditors seek enforcement of any judgment through Bankruptcy Court. In re Robbins, 1992, CA4 NC, 964 F.2d 342, 28 CBC2d 1279, CCH Bankr L Rptr P 74603.

14. Cause exists to lift automatic stay pursuant to 11 U.S.C.S.§ 362 (d) where claimant brought an action in state court against a debtor for injuries sustained in an accident, the bankruptcy case is a Chapter 7 case, and neither debtor nor bankruptcy estate will suffer pecuniary loss since claimant's recovery against debtor is limited to amount of insurance coverage. Egwineke v. Robertson, 2000, BC ND Ga, 244 BR 880. According to the court, in fact, ***the only party that stands to benefit if stay is not lifted is the insurer***, and debtor's "fresh start" will not be jeopardized by having to participate in state court litigation. Egwineke v. Robertson, 2000, BC ND Ga, 244 BR 880.

15. There is insurance coverage available and applicable to Plaintiff, Rosina Morene-Welsh's claim. We do not have a copy of the policy; however, Plaintiff has reason to believe that Respondent/Debtor maintained insurance applicable to Plaintiff, Rosina Morene-Welsh's claims pending at JAMS.

16. Accordingly, Rosina Morene-Welsh respectfully requests this court lift the automatic stay and allow Plaintiff, Rosina Morene-Welsh to proceed to the extent of the insurance coverage available.

17. No prior request has been made for the relief requested herein.

**WHEREFORE**, it is respectfully submitted that this Court enter an order allowing the automatic stay in the case of Rosina Morene-Welsh v. Neiman Marcus Group, LTD, LLC, et al, Case No. 1450005635, in the JAMS Philadelphia Alternative Dispute Resolution Services, to be lifted, together with such other and further relief as this court deems just and proper.

                                                **DEREK SMITH LAW GROUP, PLLC**

BY: _____
Seth D. Carson
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Email: seth@dereksmithlaw.com
*Counsel for Plaintiff Rosina Morene-Welsh*

DATED: July 9, 2021

TO: JACKSON WALKER L.L.P.
     Matthew D. Cavenaugh (TX Bar No. 24062656)
     Kristhy M. Peguero (TX Bar No. 24102776)
     Genevieve M. Graham (TX Bar No. 24085340)
     Veronica A. Polnick (TX Bar No. 24079148)
     1401 McKinney Street, Suite 1900
     Houston, Texas 77010
     Telephone: (713) 752-4200
     Facsimile: (713) 752-4221
     Email:   mcavenaugh@jw.com
                kpeguero@jw.com
                ggraham@jw.com
                vponick@jw.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Chad J. Husnick, P.C. (admitted pro hac vice)
Matthew C. Fagen (admitted pro hac vice)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:   anup.sathy@kirkland.com
         chad.husnick@kirkland.com
         Matthew.fagen@kirkland.com

*Co-Counsel for the Reorganized Debtors*