IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, et al., | ) ) ) | Case No. 20-32519 (DRJ) |
| Debtors. | ) ) |  |

## MOTION FOR RELIEF FROM SECTION 524 INJUNCTION FOR THE PURPOSE OF DETERMINING LIABILITY OF DEBTOR AND RECOVERING FROM THIRD-PARTY INSURER

NOW COMES Creditor, ALLEN WILLIAMS, by and through his attorneys, Blake Horwitz, Esq., and Jeffrey C. Grossich, Esq., of The Blake Horwitz Law Firm, Ltd., and respectfully moves this court for relief from the § 524 injunction for the purpose of determining liability of Debtor, NEIMAN MARCUS GROUP LTD LLC, and recovering from third-party insurer. In support of said Motion, Creditor states as follows:

### I.     INTRODUCTION

Allen Williams ("Creditor"), a former professional basketball player, was arrested while shopping at a store owned and operated by The Neiman Marcus Group Ltd LLC ("Debtor"). Two security guards of Debtor accused Creditor of shoplifting. As a result, Creditor was criminally prosecuted for retail theft. Creditor was found not guilty at trial, despite one of the security guards testifying against him. Creditor subsequently filed a civil case against Debtor and its security guards in Illinois state court, alleging malicious prosecution and *respondeat superior*.

Creditor's Illinois state court case was stayed as a result of this bankruptcy proceeding. Creditor did not file a timely Proof of Claim. Pursuant to section 524(e) of the Bankruptcy Code, Creditor now seeks relief from the bankruptcy discharge and injunction in order to proceed with

1

his Illinois state court case for the sole purpose of determining the liability of Debtor and its employees.

Upon information and belief, Debtor is in possession of liability insurance. Further, upon information and belief, if Creditor were to succeed on his claims against Debtor and its employees, Debtor's third-party insurer would be responsible for payment of any judgment obtained by Creditor. Creditor affirms that, if allowed to proceed with his Illinois state court case, he will only seek proceeds from the third-party insurer and will not seek recovery from the bankruptcy estate.

## II. BACKGROUND FACTS

On June 30, 2015, Creditor was shopping at Debtor's store located at 737 N. Michigan Avenue, Chicago, Illinois. [Exhibit C, Complaint in Second Case, ¶ 22]. On that same date, Debtor's employees Juanita Camacho ("Camacho") and Jonah Lindzius ("Lindzius") were working as security guards at the store. *Id*. at ¶¶ 6, 9, 11, 13. Camacho and Lindzius false accused Creditor of shoplifting. *Id*. at ¶¶ 43, 44, 51. As a result, Creditor was arrested and charged with retail theft. *Id*. at ¶¶ 47 and 48.

Creditor was the criminal defendant in the case *The People of the State of Illinois v. Allen Williams*, Case No. 15-CR-10960. Complaint in Second Case, ¶ 58. Camacho testified at Creditor's preliminary hearing and at trial. *Id*. at ¶ 61 and 80. At both the preliminary hearing and trial, Camacho testified falsely against creditor. *Id*. at ¶¶ 69, 70, and 92. On August 22, 2016, Creditor was found not guilty of all the charges. *Id*. at ¶¶ 93, 94.

## III. PROCEDURAL HISTORY

### A. The Underlying Illinois State Court Case

On February 27, 2017, Creditor filed a civil action against Debtor, Camacho, and Lindzius in the Circuit Court of Cook County, Illinois (*Allen L. Williams v. The Neiman Marcus Group, et.*

*al*, Case No. 2017-L-002056, the "first case"). This civil action alleged malicious prosecution against Camacho and Lindzius and *respondeat superior* against Debtor. [Exhibit A, Complaint in First Case]. During the prosecution of the first case, the parties propounded and responded to written discovery and completed the depositions of Creditor, Camacho, Lindzius, and four other witnesses. On January 28, 2019, Creditor voluntarily dismissed the first case without prejudice pursuant to 735 ILCS 5/2-1009(a). [Exhibit B, 01/28/2019 Order].

On March 29, 2019, Creditor refiled his case against Debtor, Camacho, and Lindzius (*Allen L. Williams v. The Neiman Marcus Group, LLC, et al.*, Case No. 2019-L-003418, the "second case"). In the second case, the parties propounded and responded to more written discovery and completed the deposition of an additional witness. On February 27, 2020, the state court judge ruled that all discovery was closed except for a supplemental deposition of the Creditor. [Exhibit D, 02/27/2020 Order].

### B. The Bankruptcy Proceedings

On May 11, 2020, Debtor filed a "Notice of Suggestion on Pendency of Bankruptcy for the Neiman Marcus Group LLC, et al., and Automatic Stay of Proceedings" in the Illinois state court case. [Exhibit E]. This filing averred that Debtor had filed for Chapter 11 bankruptcy on May 7, 2020. The filing also invoked section 362(a) of the Bankruptcy Code, asserting that Debtor's bankruptcy filing gave rise to an automatic stay of the proceedings.

On May 5, 2021, counsel for Creditor received a letter from counsel for Debtor. [Exhibit F, 05/05/2021 Letter]. The letter stated that on September 4, 2020, the United States Bankruptcy Court for the Southern District of Texas entered an Order Confirming the Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code. The letter further stated that this order became effective on September 25, 2020. According to the letter, since Creditor

3

failed to file a Proof of Claim with the Bankruptcy Court by the Claims Bar Date of July 20, 2020, Creditor's claim was discharged on September 25, 2020.

## IV.   ARGUMENT

Section 524(a)(2) of the Bankruptcy Code enjoins creditors from commencing or continuing any action or other process to hold the debtor personally liable on the discharged claims against it. 11 U.S.C. § 524(a)(2). Section 524 further provides, however, that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt. 11 U.S.C. § 524(e). "It is well established that this provision permits a creditor to bring or continue an action directly against the debtor for the purpose of establishing the debtor's liability when…establishment of that liability is a prerequisite to recovery from another entity." *In re Walker*, 927 F.2d 1138, 1142 (10th Cir. 1991).

"The fact that the debtor may be involved in the ensuing litigation, even named as a defendant where necessary to enable recover against a codefendant (such as a liability insurer), does not permit invocation of section 524(a) to preclude a creditor's post-bankruptcy pursuit of a discharged claim against a third-party." *In re Western Real Estate Recovery Fund*, 922 F.2d 592, 601 n. 7 (10th Cir. 1990). Even if the debtor will have to pay for the costs of defending the litigation, that is not a great enough prejudice to bar modification of the section 524 injunction. *In re Walker*, 927 F.2d at 1143-44; *In re Jet Florida Sys.*, 883 F.2d 970, 976 (11th Cir. 1989) (Rejecting possible legal costs as basis for extending post-discharge injunction to action brought against debtor to recover from debtor's insurer).

A bankruptcy court has the power to grant a request for modification of the section 524 discharge injunction in order to allow a lawsuit against a debtor to proceed for the purpose of determining the liability of a third party. *In re Schultz*, 251 B.R. 823, 826 (Bankr. E.D. Tex. 2000).

"It has long been recognized that any court that issues an injunction has a continuing power to supervise and modify its injunctions in accordance with changed conditions." *In re Schultz*, 251 B.R. at 826. "[A] court that issues an injunction can modify it for good cause on motion of a person adversely affected by it." *Hendrix v. Page (In re Hendrix)*, 986 F.2d 195 (7th Cir. 1993). Such modifications are frequently made in order to effectuate various provisions of the Bankruptcy Code, such as section 524(e)'s exemption of any "other entity" which may be liable on the debtor's behalf from the statutory injunction. *In re Shondel*, 950 F.2d 1301, 1308-9 (7th Cir. 1991). "[T]he power to modify a post-discharge injunction has been held to be firmly within the 'general bankruptcy powers.'" *Id*. "[T]he bankruptcy court's ability to modify its own injunction fits with the Code's policy of maintaining control over a bankruptcy discharge and avoiding abuses in other courts." *Id*. at 1309.

In the case *In re Fernstrom Storage & Van Co*, a fire destroyed a warehouse owned by the debtor which contained the creditor's property. 938 F.2d 731, 732 (7th Cir. 1991). The debtor was insured. *Id*. The debtor subsequently filed for bankruptcy and the creditor failed to file a proof of claim. *In re Fernstrom Storage & Van Co,* 938 F.2d at 733. The creditor filed a motion with bankruptcy court, seeking relief from stay to pursue a civil case against the debtor solely for the purpose of recovering from the debtor's insurer. *Id*. at 731. The Seventh Circuit held that the creditor could proceed with its civil case. *Id*. at 733. The court stated:

> [I]n this case, the creditor holding the claim for which no proof was filed has agreed that all it will seek from the debtor is a determination of liability. This determination will neither deplete the debtor's assets or otherwise interfere with the administration of the bankruptcy proceeding, nor hinder the debtor's fresh start at the close of the proceeding. Rather, it will operate only as a prerequisite to recovery against another entity. In such a situation, the notice function served by the rule that only proven claims will be allowed to share in the distribution is not frustrated by allowing a creditor that has not filed a proof of claim to proceed against the debtor.

5

*In re Fernstrom Storage & Van Co,* 938 F.2d at 734 (internal citations omitted).

In the case *In re Shondel*, the debtor was involved in an automobile accident which killed the decedent. 950 F.2d 1301 (7th Cir. 1991). The debtor subsequently filed for bankruptcy, decedent's executor failed to file a proof of claim, and the debt was discharged. *Id*. After the discharge, the decedent's executor filed a wrongful death action against the debtor. *Id*. The decedent's executor then filed a motion with the bankruptcy court requesting that the bankruptcy case be reopened and the permanent injunction under section 524 be modified to permit recovery from the debtor's insurer. *Id*. at 1303. The creditor had been aware of the insurance throughout the bankruptcy proceedings. *Id*. The Seventh Circuit affirmed the bankruptcy court's decision to reopen the case and modify the injunction. *Id*. The court stated, "We believe it to be reasonably clear that a discharge under section 524 does not prevent the establishment of liability for the purpose of recovering from an insurer." *Id*. at 1306.

In *Houston v. Edgeworth (In re Edgeworth)*, the creditor's mother died while under the care the debtor doctor. 993 F.2d 51 (5th Cir. 1993). A month later, the doctor filed for bankruptcy. *Id*. at 53. The creditor did not participate in the bankruptcy case. *Id*. The creditor filed a medical malpractice claim in state court after the doctor received a discharge. *Id*. However, the Fifth Circuit held that the creditor could pursue its medical malpractice action against the doctor even thought the doctor had received a discharge from the bankruptcy court because the proceeds of the doctor's insurance policy were not part of the bankruptcy estate as a matter of law. *Id*. at 51.

Here, Creditor's case is analogous to the above-cited cases. Like the creditors in those cases, Creditor did not file a timely proof of claim and his debt was discharged. However, Creditor is not precluded from proceeding against Debtor for the purposes of determining liability and recovering from Debtor's insurer. This is true even if Debtor is named in the civil suit and has to

pay for defending the litigation. Creditor affirms that he will only seek proceeds from the third-party insurer and will not seek recovery from the bankruptcy estate.

## V.     CONCLUSION

WHEREFORE, Creditor respectfully requests that this Honorable Court grant him relief from the § 524 injunction so that Creditor may proceed with his Illinois state court lawsuit for the purpose of determining liability of debtor and subsequently recovering insurance proceeds from a third-party insurer.

                    Respectfully Submitted,

                    *s/Jeffrey C. Grossich*
                    Attorney for Creditor Allen Williams

Blake Horwitz, Esq. (IL ARDC # 6200803)
Jeffrey C. Grossich, Esq. (IL ARDC # 6316511)
The Blake Horwitz Law Firm, Ltd.
111 W. Washington St., Ste. 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741
bhorwitz@bhlfattorneys.com
jgrossich@bhlfattorneys.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NEIMAN MARCUS GROUP LTD LLC, et al., | ) | Case No. 20-32519 (DRJ) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

## CERTIFICATE OF SERVICE

      I hereby certify that on August 11, 2021, I caused to be filed the foregoing **Motion for Relief from Section 524 Injunction for the Purpose of Determining Liability of Debtor and Recovering from Third-Party Insurer** with the Clerk of Court through the CM/ECF System, causing notice of such filing to be sent to the following individuals:

| | |
|---|---|
| Matthew D. Cavenaugh<br>Jennifer F. Wertz<br>Kristhy M.Peguero<br>Veronica A. Polnick<br>Jackson Walker LLP<br>1401 McKinney St., Ste. 1900<br>Houston, TX 77010<br>mcavenaugh@jw.com<br>jwertz@jw.com<br>kpeguero@jw.com<br>vpolnick@jw.com | Anup Sathy<br>Chad J. Husnick<br>Kirkland & Ellis LLP<br>300 N. LaSalle St.<br>Chicago, IL 60654<br>anup.sathy@kirkland.com<br>chad.husnick@kirkland.com<br><br>Matthew C. Fagen<br>Kirkland & Ellis, LLP<br>601 Lexington Ave.<br>New York, NY 10022<br>matthew.fagen@kirkland.com |

Respectfully Submitted,

*s/Jeffrey C. Grossich*
Attorney for Creditor Allen Williams

Blake Horwitz, Esq. (IL ARDC # 6200803)
Jeffrey C. Grossich, Esq. (IL ARDC # 6316511)
The Blake Horwitz Law Firm, Ltd.
111 W. Washington St., Ste. 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741
bhorwitz@bhlfattorneys.com
jgrossich@bhlfattorneys.com