**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NEIMAN MARCUS GROUP LTD LLC, *et al.,*[1] | ) | Case No. 20-32519 (DRJ) |
|  | ) |  |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**REORGANIZED DEBTORS' AND LIQUIDATING TRUSTEE'S MOTION TO
EXTEND THE TIME PERIOD TO FILE AND SERVE OBJECTIONS TO CLAIMS**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors" as applicable and, prior to the effective date of their plan of reorganization, the "Debtors")[2] and the trustee (the "Liquidating Trustee" and, together with the Reorganized Debtors, the "Parties") for

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are:  NMG Holding Company, Inc. (5916); Bergdorf Goodman LLC (5530); Bergdorf Graphics, Inc. (9271); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); and The Neiman Marcus Group LLC (9509). The Reorganized Debtors' service address is:  One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[2]   Capitalized terms used but not defined in this Motion are defined in the *Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1795] (the "Plan").

the Liquidating GUC Trust file this joint motion ("Motion") requesting extension of the claims objection deadline to March 21, 2022.

## RELIEF REQUESTED

1.       The Parties jointly seek to extend the claims objection deadline (the "Claims Objection Deadline"), currently set as September 20, 2021, for 180 days to March 21, 2022.[3]

## JURISDICTION AND VENUE

2.       The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Reorganized Debtors confirm their consent, pursuant to Rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The bases for the relief requested herein are section 105 of title 11 of the United States Code ("Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5.       On May 7, 2020, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  A detailed description of the Debtors and their businesses is set forth in the *Declaration of Mark Weinsten, Chief Restructuring Officer of Neiman Marcus Group Ltd LLC, in Support of the Debtor's Chapter 11 Petitions and First Day Motions* [Docket No. 86].

6.       On September 4, 2020, the Court confirmed the Plan by entering its *Order Confirming the Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of*

---

[3]     180 days from September 20, 2021, is March 19, 2022.  March 19, 2022 is a Saturday so the Parties request that the objection deadline be extended to March 21, 2022, which is the first business day after March 19.

*the Bankruptcy Code* [Docket No. 1795].  The effective date of the Plan occurred on September

25, 2020 (the "Effective Date") [Docket No. 1906].

7.       The Plan creates the Liquidating GUC Trust,  *see* Liquidating Tr. Agmt. § 2.1.1;

Confirmation Order ¶ 81; Plan art. IV, § D.6, and authorizes the Liquidating Trustee to file

objections to general unsecured claims.  *See* Plan art. IV, § D.6.[4] The Reorganized Debtors also

have standing to object to claims pursuant to the Plan.  *See* Plan art. VII. B.[5]

8.       On March 22, 2021, the Parties filed the *Motion of the Liquidating Trustee and*

*Reorganized Debtors for Entry of an Order Extending the Deadline to Object to Claims to*

*September 20, 2021* [Docket No. 2345] (the "First Extension Motion").

9.       On March 23, 2021, the Court entered its *Order Granting Motion of Liquidating*

*Trustee and Reorganized Debtors for Entry of an Order Extending the Deadline to Objection to*

*Claims to September 20, 2021* [Docket No. 2352] (the "First Extension Order"), which extended

the claims objection deadline to September 20, 2021.

## THE STATUS OF THE CLAIMS RECONCILIATION PROCESS

10.      Since entry of the First Extension Order, the Parties have made significant progress

reconciling claims. The Liquidating Trustee has executed dozens of stipulations resolving disputed

Claims and has filed 19 omnibus objections. *See* Docket Nos. 2414, 2415, 2456, 2457, 2458, 2459,

---

[4] Art. IV § D.6 states:

> The GUC Claims Administrator shall have responsibility for reconciling General Unsecured Claims,
> including asserting any objections thereto; *provided*, that the Debtors or Reorganized Debtors shall
> retain the right to object to asserted Class 10 Claims.

[5] Art. VII.B of the Plan states:

> Except as otherwise specifically provided in the Plan, after the Effective Date, the Reorganized
> Debtors and the GUC Claims Administrator, as applicable, shall have the sole authority: (1) to File,
> withdraw, or litigate to judgment, objections to Claims or Interests; (2) to settle or compromise any
> Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court;
> and (3) to administer and adjust the Claims Register to reflect any such settlements or compromises
> without any further notice to or action, order, or approval by the Bankruptcy Court.

2486, 2487, 2488, 2489, 2490, 2491, 2492, 2493, 2498, 2499, 2500, 2501, 2502 & 2645. As of the date hereof, through its ongoing efforts to review, analyze, settle, and/or object to all general unsecured claims, the Liquidating Trustee has reconciled over 730 of the approximately 800 proofs of claim that were filed against the Debtors and that remained unresolved as of the date of the filing of the First Extension Motion. Indeed, the number of remaining unresolved claims marks substantial progress from the 2,864 proofs of claim the Liquidating GUC Trust has been tasked with reconciling.

11.     Further, much of the Liquidating Trustee's time has been spent working to resolve disputed litigation claims. At this point, the Liquidating Trustee believes that most of the litigation claims have been resolved; though, the litigation claims that do remain may require several more months of effort—and potentially fulsome claims objections—before they are reconciled. Nevertheless, the Liquidating Trustee remains committed to working toward a consensual resolution with respect to all general unsecured claims to the extent possible.

12.     In addition, the Reorganized Debtors have a small handful of claims objections left to file, including a few tax, SERP, and rejection damages claims.  Pursuant to those objections, the Reorganized Debtors will seek to reclassify some claims from secured, administrative, or priority amounts to general unsecured amounts.  Assuming those claims are reclassified, the Liquidating Trustee will then also need to determine whether the general unsecured amounts are properly subject to a claims objection.  In the meantime, the Reorganized Debtors and the Liquidating Trustee are attempting to coordinate as much as possible so that the Liquidating Trustee is aware of potential claims that the Reorganized Debtors may seek to reclassify claims from secured, administrative, or priority to general unsecured claims.

**BASIS FOR RELIEF**

13.     The Plan expressly provides that the Court may extend the Claims Objection Deadline.[6]  Plan art. VII, § E. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

14.     Here, extension of the Claim Objection Deadline to March 21, 2022 is appropriate and reasonable under the circumstances. As discussed above, the Liquidating Trustee has made significant progress reconciling all general unsecured claims, and only a small portion of general unsecured claims—mostly litigation claims—remain unresolved. In order to drive these remaining claims to resolution, the Liquidating Trustee needs additional time to determine whether to file claims objections.

15.     Similarly, the Reorganized Debtors have almost wrapped up their claims objection process and have less than 200 claims to review.  Some of these claims may be reclassified from secured, administrative, or priority to general unsecured claims, which will be subject to review by the Liquidating Trustee.   To allow the Parties sufficient time to wrap up the claims reconciliation process, the Parties request that the Court extend the claims objection deadline to March 21, 2022.

---

[6]   Plan art. VII, § E states:

> Any objection to Claims shall be Filed on or before the later of (a) one-hundred-eighty (180) days after the Effective Date and (b) such other period of limitation as may be specifically fixed by the Debtors, the Reorganized Debtors, or the GUC Claims Administrator, as applicable, or by a Final Order of the Bankruptcy Court for objecting to such claims.

## NOTICE

16.     Notice of this Objection has been given to all parties on the Master Service List. The Parties respectfully submit that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

The Parties request that the Court enter the Order granting the relief requested herein, and

such other relief as the Court deems appropriate under the circumstances

| Dated: September 10, 2021 | */s/ Matthew D. Cavenaugh* |
|---|---|
| Houston, Texas | **JACKSON WALKER L.L.P.** |

Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy M. Peguero (TX Bar No. 24102776)
Genevieve M. Graham (TX Bar No. 24085340)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:         mcavenaugh@jw.com
                  kpeguero@jw.com
                  ggraham@jw.com
                  vpolnick@jw.com

*Counsel for the Reorganized Debtors*

Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone:      (713) 691-9385
Facsimile:      (713) 691-9407
Email:  mwarner@pszjlaw.com
           bwallen@pszjlaw.com

-and-

Justin Bernbrock (admitted *pro hac vice*)
Bryan Uelk (admitted *pro hac vice*)
Robert B. McLellarn (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone:      (312) 499-6300
Facsimile:      (312) 499-6301
Email:  jbernbrock@sheppardmullin.com
           buelk@sheppardmullin.com
           rmclellarn@sheppardmullin.com

-and-

Jennifer Nassiri (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone:       (213) 617-4106
Facsimile:       (213) 443-2739
Email:  jnassiri@sheppardmullin.com

-and-

Amanda Cottrell, Esq. (TX Bar No. 24064972)
Steven Gersten**,** Esq. (TX Bar No.  24087579)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2200 Ross Avenue, 24th Floor
Dallas, TX 75201
Telephone:  (469) 391-7400
Facsimile:   (469) 391-7577
Email:  acottrell@sheppardmullin.com

*Counsel for The Liquidating GUC Trust and Mohsin  Meghji, in his capacity as trustee of the Liquidating GUC Trust*

## Certificate of Service

I certify that on September 10, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh