IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] <br><br> Reorganized Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 20-32519 (DRJ) <br> ) <br> ) (Jointly Administered) <br> ) |

**LIQUIDATING TRUSTEE'S OBJECTION
TO PROOF OF CLAIM NUMBER 1154 OF MICHAEL VALLE**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN THIRTY DAYS FROM THE DATE THIS OBJECTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN RESPONSE THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN THIRTY DAYS FROM THE DATE THIS OBJECTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE OBJECTION AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The trustee ("Liquidating Trustee") for the Liquidating GUC Trust respectfully states as follows in support of this objection (this "Objection") to claim number 1154 (the "Valle Claim") filed by Michael Valle (the "Claimant") against The Neiman Marcus Group, LLC ("NMG"), and submits the *Declaration of William B. Murphy in Support of the Liquidating Trustee's Objection*

---

[1] The reorganized debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is NMG Holding Company, Inc. (5916). The reorganized debtor's service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201. On March 31, 2021, the Bankruptcy Court entered an ordered closing each of the chapter 11 cases of NMG Holding Company, Inc's affiliates [Docket No. 2371].

to *Proof of Claim Number 1154 of Michael Valle* attached hereto as **Exhibit A** (the "Murphy Declaration").[2]

### Introduction

1. On June 5, 2020, the Claimant filed the Valle Claim seeking an unliquidated, general unsecured right to payment from NMG based on personal injuries he allegedly sustained while working on the construction of a Neiman Marcus store at the Hudson Yards Mall in New York. The Liquidating Trustee disputes any debt is payable by NMG to Claimant because, even if the Claimant can demonstrate that he sustained injuries, JRM Construction Management LLC ("JRM") is required to indemnify NMG for any damages to which the Claimant may be entitled. For this reason and as more fully discussed herein, the Court should disallow the Valle Claim.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3. The legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502 and Rules 2002, 3001, 3007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

4. The Liquidating Trustee seeks entry of an order (the "Order"), a proposed form of which is attached hereto as **Exhibit B**, disallowing the Valle Claim in its entirety because, after

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to such terms in the *Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (With Technical Modifications)* [Docket No. 1793] (the "Plan").

review, the Liquidating Trustee does not believe that the Liquidating GUC Trust has any liability for the Valle Claim.

## Undisputed Facts

5. On or about December 5, 2017, NMG and JRM entered into a Standard Form of Agreement Between Owner and Contractor (AIA Document A101-2007) dated November 20, 2017 (the "Contract"), for the construction of a Neiman Marcus store at the Hudson Yards Mall in New York (the "Project"). A true and correct copy of the Contract is attached hereto as **Exhibit C**.

6. Under section 3.18 ("INDEMNIFICATION") of the General Conditions of the Contract for Construction (AIA Document A201-2007) (the "General Conditions"), which are attached to and incorporated in the parties' Contract, JRM agreed to indemnify NMG "to the fullest extent permitted by law" from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees, "arising out of or resulting from performance of the Work," caused by the JRM, its Subcontractor,[3] or anyone acting on their behalf, directly or indirectly. Section 3.18 expressly states that JRM's obligation is in full— "regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder," meaning it does not matter if NMG contributed to the harm or not.

7. To remove all doubt as to JRM's absolute indemnity obligation, Section 3.18.1 goes on to state that JRM "shall be liable for and shall defend, indemnify, and hold harmless the Owner," *i.e.*, NMG, "and . . . the owner of the property on which the Project is situated," also NMG, against:

> "*all liabilities, claims, and the demands of every nature*, occurring as a result of personal injury . . . together with any resulting costs or legal fees, to the extent cause by any negligent act or omission of the Contractor, its Subcontractor, agents or employees . . . ."

---

[3] The term "Subcontractor" is expressly defined in Article 5 of the General Conditions to mean "a person or entity who has a direct contract with the Contactor to perform a portion of the Work at the site."

*See* Ex. B (italics added).

8. In addition to the contractual indemnity under Section 3.18, JRM was contractually obligated to maintain, and did maintain, insurance on the Project to protect NMG from the type of claim and loss alleged by Claimant. Under section 11.1.1 of the General Conditions, JRM agreed to maintain insurance coverage. JRM purchased and maintained general liability insurance in an amount of up to $2,000,000 per occurrence under policy number DT1NOCO-0H633885 (the "Policy") from The Charter Oak Fire Insurance Company (Travelers) ("Travelers") for acts that occurred from April 20, 2018 through April 20, 2019. *See* Certificate of Liability Insurance, **Exhibit D**. And under Section 11.1.4 of the General Conditions, JRM agreed to name NMG as an additional insured under the Policy as well as all other liability insurance policies JRM was required to purchase and maintain under the Contract. *See Id*.

9. Importantly, JRM's Policy and insurance limits do <u>not</u> limit its indemnity obligation to NMG. Section 3.18.2 of the General Conditions expressly specifies that "[i]n claims against any person or entity indemnified under Section 3.18," here NMG, "by an employee of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts may be liable," here Claimant, "the indemnification obligation under Section 3.18.1 shall not be limited by a limitation on the amount or type of damages, compensation or benefits payable by or for the Contractor or Subcontractor under workers' compensation acts, disability benefit acts or other employee benefit acts. *Similarly, Contractor's obligations of indemnification under this Contract shall not be limited by any insurance obtained or maintained by the Contractor pursuant to this Contract or otherwise*." (italics added).

10. Under Section 3.3 of the General Conditions, JRM is "solely responsible for, and ha[d] control over, construction means, methods, techniques, sequences and procedures[]." For

that reason, Section 3.3.2 expressly states that "[JRM] shall be responsible to [NMG] for acts and omissions of the Contractor's employees, Subcontractors and their agents and employees, and other persons or entities performing portions of the Work for, or on behalf of, the Contractor an any of its Subcontractors."

11. Under Article 10 of the General Conditions, the Contractor was solely responsible for the site conditions and safety, including by "initiating, maintaining and supervising all safety precautions and programs" and providing "reasonable protection to prevent damage, injury, or loss to employees on the Work and other persons who may be affected thereby." See General Conditions, §§ 10.1, 10.2.1.1.

12. On May 24, 2018, while working on the Project as an employee of Interstate Drywall Construction ("Interstate"), a "Subcontractor" of JRM on the Project, the Claimant allegedly suffered injuries when he slipped and fell as a result of allegedly dangerous and defective conditions existing at the job site (the "Incident"). Under Articles 3 and 10, among others in the Contract, JRM is solely responsible for supervision of the Work and for acts and omissions of its employees and employees of Interstate, or other persons on the Project.

13. Claimant expressly alleges in the Claim and New York Action (defined below), that the Incident was caused by NMG, JRM and Interstate's negligence. Thus, under the plain and unambiguous language of the Contract and General Conditions, JRM has assumed sole responsibility for any and all liability in connection with the construction, including the Incident, and has a duty to defend, indemnify, and hold NMG harmless.[4] Additionally, JRM's insurance Policy covers NMG as an "additional insured" for the Valle Claim.

---

[4] In the unlikely event Claimant were to argue in opposition to this Objection that JRM or persons acting on its behalf, including but not limited to Interstate, were not negligent—then the Valle Claim should be easily rejected.

**Procedural History**

14.     On or around April 24, 2019, the Claimant filed a complaint against NMG, JRM, and certain other non-Debtor defendants in the Supreme Court of the State of New York, County of New York, in a case styled *Michael Valle v. Board of Managers of 20-30 Hudson Yards, et al.*, Index No. 154241/2019 (N.Y. Sup. Ct., New York County, New York) (the "New York Action") seeking damages based on the defendants' alleged negligence in connection with the Incident. *See* **Exhibit E**. On July 24, 2019, NMG filed a Verified Answer and Cross-Claims against JRM for, *inter alia*, contribution and indemnity. The New York Action has subsequently been stayed as a result of these Chapter 11 Cases.

15.     On October 23, 2019, Helmsman Management Services LLC, a third-party administrator for NMG, sent a letter to Travelers requesting that Travelers defend and indemnify NMG against the claimant's claims based on the Indemnity and NMG's status as an additional insured under the Policy. *See* **Exhibit F**.

16.     On February 17, 2020, Travelers sent a letter to Helmsman confirming NMG's status as an additional insured under the Policy and agreeing to accept defense and indemnification of NMG up to the limits of the Policy. *See* **Exhibit G**.

17.     On May 7, 2020 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases.

18.     On June 5, 2020, the Claimant filed the Valle Claim seeking an unliquidated, general, unsecured right to payment based on alleged injuries he sustained as a result of the Incident. *See* **Exhibit H**.

19. On September 4, 2020, the Bankruptcy Court entered its *Order Confirming the Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1795].

20. On September 25, 2020, the Effective Date of the Plan occurred [Docket No. 1906], and the Liquidating GUC Trust was established to, among other things, reconcile General Unsecured Claims and distribute the Liquidating Trust Assets to Holders of Allowed General Unsecured Claims in accordance with the Liquidating Trust Agreement and the treatment set forth in the Plan.

### Basis for Relief

21. A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code and is deemed allowed unless a party in interest objects. *See* 11 U.S.C. § 502(a); FED. R. BANKR. P. 3001(f). A claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until such time that an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *Starnes v. U.S. (In re Starnes)*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Cong., LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

22. Here, the Valle Claim should be disallowed because the Liquidating GUC Trust has no liability for the claim. The Contract made the construction means and methods, including

site safety, the sole responsibility of JRM. And all Subcontractors were bound by the terms of the Contract. Ex. B (§ 5.3.1 ("By appropriate agreement, the Contractor shall require each Subcontractor, to be bound to the Contractor by the terms of the Contract Documents, and to assume toward the Contractor all obligations and responsibilities, including the responsibility for safety of Subcontractor's Work, which the Contractor, by these Documents, *assumes toward the Owner*[].") (italics added).

23.     Even if the Claimant can demonstrate injuries, and even if they were caused by the Owner "in part," NMG is still indemnified in full.  Pursuant to the Indemnity, JRM agreed to defend and indemnify injuries caused by negligence in connection with the Project— "regardless of whether or not such claim, damage, loss or expense is caused in party by a party indemnified hereunder."  Contract §3.18.1.  Given that Claimant alleges JRM and Interstate's negligence—there is no dispute that the contractual indemnity has been triggered by the Incident.

24.     Moreover, these claims should first be satisfied by JRM's insurance Policy—because NMG is an additional insured.  Thus, any right to payment on account of the Incident to which the Claimant may be entitled is properly the liability of JRM or one of JRM's insurers.  Indeed, Travelers has already accepted defense and indemnification of the underlying liability.  Under the circumstances, therefore, failure to disallow the Valle Claim could result in the Claimant receiving an unwarranted recovery against the Liquidating GUC Trust to the detriment of similarly situated creditors.

## Reservation of Rights

25.     In the event that the Valle Claim is not disallowed on the grounds asserted in this Objection, the Liquidating Trustee hereby reserves all of his rights to object to the Valle Claim, or any amendment or modification thereto, on any other grounds.  Additionally, the Liquidating

Trustee expressly reserves all of his rights to, *inter alia*, amend, modify, or supplement this Objection and to file additional objections to the Valle Claim.

26. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; or (d) a waiver of the Liquidating Trustee's rights under the Bankruptcy Code or any other applicable law.

## Notice

27. Notice of this Objection has been given to all parties on the Master Service List and the Claimant. The Liquidating Trustee respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter the Order and grant such other relief as the Court deems just and proper under the circumstances.

Dated: September 9, 2022          */s/ Michael D. Warner*
                                                Michael D. Warner (TX Bar No. 00792304)
                                                Benjamin L. Wallen (TX Bar No. 24102623)
                                                **PACHULSKI STANG ZIEHL & JONES LLP**
                                                440 Louisiana Street, Suite 900
                                                Houston, TX 77002
                                                Telephone:       (713) 691-9385
                                                Facsimile:         (713) 691-9407
                                                Email:  mwarner@pszjlaw.com
                                                            bwallen@pszjlaw.com

-and-

Justin Bernbrock (admitted *pro hac vice*)
Bryan Uelk (admitted *pro hac vice*)
Robert B. McLellarn (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone:       (312) 499-6300
Facsimile:         (312) 499-6301
Email:  jbernbrock@sheppardmullin.com
              buelk@sheppardmullin.com
              rmclellarn@sheppardmullin.com

-and-

Jennifer Nassiri (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone:       (213) 617-4106
Facsimile:         (213) 443-2739
Email:  jnassiri@sheppardmullin.com

-and-

Amanda Cottrell, Esq. (TX Bar No. 24064972)
Steven Gersten**,** Esq. (TX Bar No.  24087579)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2200 Ross Avenue, 24th Floor
Dallas, TX 75201
Telephone:  (469) 391-7400
Facsimile:   (469) 391-7577
Email:  acottrell@sheppardmullin.com

*Counsel for the Liquidating Trustee*