**Exhibit E**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
MICHAEL VALLE

                           Plaintiff,
     -against-

BOARD OF MANAGERS OF 20-30 HUDSON YARDS,
ERY TENANT LLC, ERY RETAIL PODIUM, LLC,
THE NEIMAN MARCUS GROUP, LLC, and JRM
CONSTRUCTION MANAGEMENT, LLC,

                           Defendants.
-----------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MICHAEL VALLE

1. That at all times herein mentioned, the Plaintiff was, and still is, a resident of the Town of Garfield, State of New Jersey.

2. That at all times hereinafter mentioned, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS was and still is a domestic organization, duly organized under and existing by virtue of the laws of the State of New York.

3. That at all times hereinafter mentioned, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS was duly authorized to transact business in the State of New York.

4. That at all times hereinafter mentioned, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS maintained an office for the transaction of business in the City, County and State of New York.

5. That at all times hereinafter mentioned, defendant ERY TENANT LLC was and still is a foreign limited liability company duly organized under and existing by virtue of the laws of the State of Delaware.

6. That at all times hereinafter mentioned, defendant ERY TENANT LLC was and authorized to transact business in the State of New York.

7. That at all times hereinafter mentioned, defendant ENTRY TENANT, LLC maintained an office for the transaction of business in the City, County and State of New York.

8. That at all times hereinafter mentioned, defendant ERY RETAIL PODIUM LLC was and still is a foreign limited liability company duly organized under and existing by virtue of the laws of the State of Delaware.

9. That at all times hereinafter mentioned, defendant ERY RETAIL PODIUM LLC was and still is duly authorized to transact business in the State of New York.

10. That at all times hereinafter mentioned, defendant ERY RETAIL PODIUM LLC maintained an office for the transaction of business in the City, County and State of New York.

11. That at all times hereinafter mentioned, defendant THE NEIMAN MARCUS GROUP LLC was and still is a foreign limited liability company duly organized under and existing by virtue of the laws of the State of Delaware.

12. That at all times hereinafter mentioned, defendant THE NEIMAN MARCUS GROUP LLC was and still is duly authorized to transact business in the State of New York.

13. That at all times hereinafter mentioned, defendant THE NEIMAN MARCUS maintained an office for the transaction of business in the City, County and State of New York.

14. That at all times hereinafter mentioned, defendant JRM CONSTRUCTION MANAGEMENT, LLC was and still is a domestic limited liability company duly organized under and by virtue of the laws of the State of New York.

15. That at all times hereinafter mentioned, defendant JRM CONSTRUCTION MANAGEMENT, LLC was and still duly authorized to transact business in the State of New York.

16. That at all times hereinafter mentioned defendant JRM CONSTRUCTION MANAGEMENT, maintained an office for the transaction of business in the City, County and State of New York.

17. That at all times hereinafter mentioned, including on or about August 21, 2018, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS owned the premises known as 500 West 33rd Street, New York, New York a/k/a 20 Hudson Yards, New York, New York, including the 7th floor thereat.

18. That at all times hereinafter mentioned, including on or about August 21, 2018, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS managed, maintained and controlled the premises.

19. That at all times hereinafter mentioned, including on or about August 21, 2018, defendant ERY TENANT LLC owned the premises.

20. That at all time hereinafter mentioned, including on or about August 21, 2018, defendant ERY TENANT LLC managed, maintained and controlled the premises.

21. That at all times hereinafter mentioned, including on or about August 21, 2018, defendant ERY RETAIL PODIUM LLC owned the premises.

22. That at all times hereinafter mentioned, including on or about August 21, 2018, the defendant ERY RETAIL PODIUM LLC managed, maintained and controlled the premises.

23. That at all times hereinafter mentioned, including on or about August 21, 2018 defendant NIEMAN MARCUS GROUP, LLC owned the premises.

24. That at all times hereinafter mentioned, including on or about August 21, 2018, defendant NIEMAN MARCUS GROUP, LLC managed, maintained and controlled the premises.

25. That on and prior to August 21, 2018, defendant BOARD OF MANAGERS OF 20-30 HUDSON, was performing construction, renovation and alteration of the premises.

26. That on and prior to August 21, 2018, defendant, ERY TENANT LLC, was performing construction, renovation and alteration of the premises.

27. That on and prior to August 21, 2018, defendant, ERY RETAIL PODIUM LLC, was performing construction, renovation and alteration of the premises.

28. That on and prior to August 21, 2018, defendant, THE NEIMAN MARCUS GROUP, LLC, was performing construction, renovation and alteration of the premises.

29. That on and prior to August 21, 2018, defendant JRM CONSTRUCTION MANAGEMENT LLC was performing construction, renovation and alteration of the premises.

30. That on and prior to August 21, 2018, defendant JRM CONSTRUCTION MANAGEMENT, LLC was the general contractor for the construction, renovation and alteration of the premises.

31. That on and prior to August 21, 2018, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS hired JRM CONSTRUCTION MANAGEMENT, LLC to perform construction, renovation and alteration of the premises.

32. That on and prior to August 21, 2018, defendant ERY TENANT LLC hired JRM CONSTRUCTION MANAGEMENT, LLC to perform construction, renovation and alteration of the premises.

33. That on and prior to August 21, 2018, defendant ERY RETAIL PODIUM LLC hired JRM CONSTRUCTION MANAGEMENT, LLC to perform construction, renovation and alteration of the premises.

34. That on and prior to August 21, 2018, defendant THE NEIMAN MARCUS GROUP, LLC hired JRM CONSTRUCTION MANAGEMENT, LLC to perform construction, renovation and alteration of the premises.

35. That on and prior to August 21, 2018, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS authorized JRM CONSTRUCTION MANAGEMENT, LLC to contract for the performance of construction, renovation and alteration of the premise.

36. That on and prior to August 21, 2018, defendant ERY TENANT LLC authorized JRM CONSTRUCTION MANAGEMENT, LLC to contract for the performance of construction, renovation and alteration of the premises.

37. That on and prior to August 21, 2018, defendant ERY RETAIL PODIUM LLC authorized JRM CONSTRUCTION MANAGEMENT, LLC to contract for the performance of construction, renovation and alteration of the premises.

38. That on and prior to August 21, 2018, defendant THE NEIMAN MARCUS GROUP, LLC authorized JRM CONSTRUCTION MANAGEMENT, LLC to contract for the performance of construction, renovation and alteration of the premises.

39. That prior to August 21, 2018, JRM CONSTRUCTION MANAGEMENT LLC contracted for the performance of construction, renovation, and alteration work on the premises.

40. That on and prior to August 21, 2018, JRM CONSTRUCTION MANAGEMENT LLC acted as general contractor for the construction, renovation, and alteration work on the premises. .

41. That on and prior to August 21, 2018, JRM CONSTRUCTION MANAGEMENT LLC acted as the agent of the owner of the premises and contracted for the construction, renovation and alteration work on the premises.

42. That prior to August 21, 2018, defendant JRM CONSTRUCTION MANAGEMENT, LLC entered into a contract with Interstate Drywall Construction for the construction, renovation and alteration of the premises

43. That on and prior to August 21, 2018, defendant JRM CONSTRUCTION MANAGEMENT, LLC, retained Interstate Drywall Construction to perform construction, renovation and alteration of the premises.

44. That on and prior to August 21, 2018, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS retained Interstate Drywall Construction to perform construction, renovation and alteration of the premises.

45. That on and prior to August 21, 2018, defendant ERY TENANT LLC retained Interstate Drywall Construction to perform construction, renovation and alteration of the premises.

46. That on and prior to August 21, 2018, defendant ERY RETAIL PODIUM LLC retained Interstate Drywall Construction to perform construction, renovation and alteration of the premises.

47. That on and prior to August 21, 2018, defendant THE NEIMAN MARCUS GROUP LLC retained Interstate Drywall Construction to perform construction, renovation and alteration of the premises.

48. That on and prior to August 21, 2018, Interstate Drywall Construction performed construction, renovation and alteration work on the premises.

49. That on and prior to August 21, 2018 Interstate Drywall Construction acted as defendants' contractor for the construction, renovation and alteration work on the premises.

50. That at all times hereinafter mentioned including on and prior to August 21, 2018, plaintiff MICHAEL VALLE was an employee of Interstate Drywall Construction.

51. That at all times hereinafter mentioned, including on and prior to August 21, 2018, plaintiff MICHAEL VALLE was an employee of Interstate Drywall Construction and, in the course of his work, was performing construction, renovation and alteration work on the premises.

52. That at all times hereinafter mentioned, including on and prior to August 21, 2018, plaintiff MICHAEL VALLE was performing construction, renovation and alteration work on the premises as an employee of Interstate Drywall Construction.

53. That on and prior to August 21, 2018, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS managed, maintained, controlled and directed the ongoing construction, renovation, and alteration work on the premises that was performed at the premises by plaintiff MICHAEL VALLE, an employee of Interstate Drywall Construction.

54. That on and prior to August 21, 2018 defendant ERY TENANT LLC, managed, maintained, controlled, and directed the ongoing construction, renovation and alteration work on

the premises that was performed at the premises by plaintiff MICHAEL VALLE, an employee of Interstate Drywall Construction.

55. That on and prior to August 21, 2018 defendant ERY RETAIL PODIUM LLC managed, maintained, controlled and directed the ongoing construction, renovation and alteration work on the premises that was performed at the premises by plaintiff MICHAEL VALLE as an employee of Interstate Drywall.

56. That on and prior to August 21, 2018 defendant THE NEIMAN MARCUS GROUP LLC managed, maintained, controlled, and directed the ongoing construction, renovation work on the premises that was performed at the premises by plaintiff MICHAEL VALLE as an employee of Interstate Drywall Construction.

57. That on and prior to August 21, 2018 defendant JRM CONSTRUCTION MANAGEMENT, LLC, managed, maintained, controlled, and directed the ongoing construction, renovation and alteration work that was performed on the premises by plaintiff MICHAEL VALLE as an employee of Interstate Drywall Construction.

58. On August 21, 2018, while plaintiff MICHAEL VALLE was performing construction, renovation and alteration on the premises, he was working in a dangerous and defective area of the premises.

59. On August 21, 2018, while plaintiff MICHAEL VALLE was performing construction, renovation and alteration on the premises, he was caused to slip, trip and fall as a result of the dangerous and defective condition existing at the work area.

60. On and prior to August 21, 2018, defendants knew or should have known that there was a dangerous and defective condition existing at the work area.

61. That on and prior to August 21, 2018, defendants violated NY Labor Law Sections 200, 240 and 241(6) along with the rules and regulations of the Board of Standards and Appeals and the Industrial Code, including, but not limited to §§23-1.7(d); 23-1.7(e); 23-1.8(c)(1); 23.18(c)(2); 23-1.23(a); 23-1.23(b) and provisions of the OSHA regulation for OSHA site safety.

62. That as a result of the foregoing, MICHAEL VALLE was seriously injured.

63. That the aforesaid injuries were caused by the negligence of the defendants, their agents, servants and/or employees in the ownership, operation, management, maintenance, operation and repair of the premises and the work site thereat.

64. That defendants were negligent in failing to exercise proper and safe control of the construction, renovation, and repair work at the site and in causing, permitting and allowing dangerous and defective conditions to exist which were substantial factors in causing plaintiff to be injured.

65. The aforesaid injuries were caused as a result of the negligence, carelessness and recklessness of the defendant their agents, servants and/or employees, in being negligent and/or careless in the operation, maintenance and/or control of the premises, so as to cause, allow and/or permit an unsafe, defective, dangerous and hazardous condition to exist thereat and cause and/or result in the plaintiff being injured.

66. Said serious injuries were caused by the negligence of the defendants, their agents, servants and/or employees and the violation of Labor Law §240(1).

67. As a result of the foregoing, plaintiff MICHAEL VALLE has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been sought.

## SECOND CAUSE OF ACTION

68. Plaintiff repeats, realleges and reiterates the allegations contained in paragraphs "1" through "67", inclusive, with the same force and effect as though each were set forth fully at length herein.

69. Defendants violated Labor Law §241(6) of the State of New York along with the rules and regulations of the Boards of Standards and Appeals and the Industrial Code, including, but not limited to §§ 23-1.7(d), 23-1.7(e) and 23-1.8(c)(1), and provisions of the OSHA regulation for construction site safety.

70. The defendants' violation of the aforementioned sections of the Labor Law §241(6), Industrial Code Rule 23 and OSHA regulations were substantial factors causing these injuries.

71. That as a result of the foregoing plaintiff MICHAEL VALLE was seriously injured.

72. That the injuries and/or serious injuries sustained by plaintiff were due to defendants' violations of Labor Law §§200, 240 and 241(6) and the provisions of the Industrial Code and OSHA regulations as set forth herein above along with such other sections of the Industrial Codes this Court deems applicable to this section.

73. As a result of the foregoing, plaintiff has been damaged in an amount in excess of the judicial limits of all lower courts in which this matter might otherwise have been brought.

## THIRD CAUSE OF ACTION

74. Plaintiff repeats, realleges and reiterates the allegations contained in paragraphs "1" through "73", inclusive, with the same force and effect as though each were set forth fully at length herein.

75. Defendants supervised, directed and controlled the ongoing construction, renovation, alteration and/or repair work which was being performed by the workers at the premise.

76. Defendants were negligent and violated Labor Law §§200 in failing to exercise proper direction, control and supervision of the construction site and in causing, permitting and allowing dangerous and defective conditions of the work site to exist, which were substantial factors in causing plaintiff's injuries..

77. That as a result of the foregoing, plaintiff MICHAEL VALLE was seriously injured.

78. That the defendants' violation of Labor Law 200 was a substantial factor causing these injuries.

79. That as a result of the foregoing, plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought, with interest from the date of the occurrence, together with the costs and disbursements of this action.

## ARTICLE 16 ALLEGATIONS

80. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

81. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602, including, but not limited to, Sections 1602(2)(iv), 1602(7), 1602(11) and 1602(8).

WHEREFORE, plaintiff demands judgment against the defendants in an amount in excess of the jurisdictional limits of all lower courts in the first, second, and third causes of action, together with the cost and disbursements of this action.

Dated: New York, New York
April 24, 2019

Yours, etc.

_____
ERIN K. HURLEY
LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
*Attorneys for Plaintiff* MICHAEL VALLE
Financial Square at 32 Old Slip – 8th Floor
New York, N.Y. 10005
(212) 962-1020
Our File No. 28128

NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 04/24/2019

Case 20-32519   Document 3034-5   Filed in TXSB on 09/09/22   Page 14 of 14

## VERIFICATION

ERIN K. HURLEY, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

I am an attorney of the LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, attorneys for Plaintiff.

I have read the foregoing COMPLAINT and know the contents thereof. I believe the matters therein alleged to be true.

The reason this Verification is made by your affirmant and not by Plaintiff is that the Plaintiff herein resides in a county other than the one in which your affirmant maintains her offices.

The source of my information and the grounds of my belief are the communications, papers, reports, and investigations contained in the firm's file.

Dated: New York, New York
       April 24, 2019

_____
ERIN K. HURLEY