**Exhibit H**

Date Filed: 06/05/2020
Claim No: 1154

**Fill in this information to identify the case:**

Debtor 1 _____Neiman Marcus Group LTD LLC_____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: ___Southern District___ District of ___Texas___
(State)

Case number ___20-32519___

United States Courts
Southern District of Texas
FILED

JUN – 5 2020

David J. Bradley, Clerk of Court

## Official Form 410

# Proof of Claim

12/15

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

### Part 1:  Identify the Claim

**1. Who is the current creditor?**

Michael Valle

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Law Office of Michael Lamonsoff
Name

32   Old Slip, 8th Floor
Number   Street

New York   New York   10005
City   State   ZIP Code

Contact phone  212-962-1020

Contact email  info@msllegal.com

Where should payments to the creditor be sent? (if different)

Law Office of Michael Lamonsoff
Name

32   Old Slip, 8th Floor
Number   Street

New York   New York   10005
City   State   ZIP Code

Contact phone  212-962-1020

Contact email  info@msllegal.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

50 creditors per Document
1" filed on 5.7.2020 in SD Texas in this matter.

Official Form 410

1021406082030000000007

241
page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

6. **Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  9435

7. **How much is the claim?**
$_____An amount to be determined by the trier of fact*_____. **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

*Limit disclosing information that is entitled to privacy, such as health care information.*

<u>personal injury - NY Sup. Ct. Index No.: 154241/2019</u>

9. **Is all or part of the claim secured?**
☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____
**Amount of the claim that is secured:** $_____
**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**
☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

11. **Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

242

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ■ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ *Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.* | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

■ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   06/02/2020
                   MM / DD / YYYY

Signature:   Romina Tominovic, Esq.

**Print the name of the person who is completing and signing this claim:**

| Name | Romina | | Tominovic |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Associate Attorney | | |
| Company | Law Office of Michael Lamonsoff, PLLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 32 | Old Slip, 8th Floor | |
| | Number | Street | |
| | New York | NY | 10005 |
| | City | State | ZIP Code |
| Contact phone | 212-962-1020 | Email | info@msllegal.com |

Official Form 410                     Proof of Claim

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

Case number:

Debtor 1:

Debtor 2:

Last 4 digits to identify:

Creditor:

Servicer:

Fixed accrual/daily simple interest/other:

## Part 2: Total Debt Calculation

Principal balance:

Interest due:

Fees, costs due:

Escrow deficiency for funds advanced:

Less total funds on hand: –

Total debt:

## Part 3: Arrearage as of Date of the Petition

Principal & interest due:

Prepetition fees due:

Escrow deficiency for funds advanced:

Projected escrow shortage:

Less funds on hand: –

Total prepetition arrearage:

## Part 4: Monthly Mortgage Payment

Principal & interest:

Monthly escrow:

Private mortgage insurance:

Total monthly payment:

## Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. | B. | C. | D. | E. | F. | G. | | H. | I. | J. | K. | L. | M. | N. | O. | P. | Q. |
| Date | Contractual payment amount | Funds received | Amount incurred | Description | Contractual due date | Prin, int & esc past due balance | | Amount to principal | Amount to interest | Amount to escrow | Amount to fees or charges | Unapplied funds | Principal balance | Accrued interest balance | Escrow balance | Fees / Charges balance | Unapplied funds balance |

# Mortgage Proof of Claim Attachment: Additional Page

(12/15)

Case number: _____

Debtor 1: _____

## Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **A.** Date | **B.** Contractual payment amount | **C.** Funds received | **D.** Amount incurred | **E.** Description | **F.** Contractual due date | **G.** Prin, int & esc past due balance | **H.** Amount to principal | **I.** Amount to interest | **J.** Amount to escrow | **K.** Amount to fees or charges | **L.** Unapplied funds | **M.** Principal balance | **N.** Accrued interest balance | **O.** Escrow balance | **P.** Fees / Charges balance | **Q.** Unapplied funds balance |

Official Form 410A

**Mortgage Proof of Claim Attachment**

245

page ___ of ___

Fill in this information to identify the case:

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____
(State)

Case number _____

## Official Form 410S1

# Notice of Mortgage Payment Change

**12/15**

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** _____     **Court claim no.** (if known): _____

**Last 4 digits** of any number you use to identify the debtor's account: ____ ____ ____ ____

**Date of payment change:**
Must be at least 21 days after date of this notice     ____/____/_____

**New total payment:**     $ _____
Principal, interest, and escrow, if any

## Part 1:  Escrow Account Payment Adjustment

1.  **Will there be a change in the debtor's escrow account payment?**

☐ No
☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

_____

Current escrow payment: $ _____     New escrow payment: $ _____

## Part 2:  Mortgage Payment Adjustment

2.  **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

☐ No
☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

_____

Current interest rate: _____%     New interest rate: _____%

Current principal and interest payment: $ _____     New principal and interest payment: $ _____

## Part 3:  Other Payment Change

3.  **Will there be a change in the debtor's mortgage payment for a reason not listed above?**

☐ No
☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement.
      (*Court approval may be required before the payment change can take effect.*)

Reason for change: _____

Current mortgage payment: $ _____     New mortgage payment: $ _____

Debtor 1 _____    Case number (*if known*) _____
          First Name        Middle Name        Last Name

| Part 4: | Sign Here |
|---------|-----------|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

❑ I am the creditor.

❑ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✖ _____    Date ____ / ____ / _____
   Signature

Print: _____    Title _____
       First Name        Middle Name        Last Name

Company _____

Address _____
        Number        Street

        _____
        City                    State        ZIP Code

Contact phone ( _____ ) _____ – _____    Email _____

Fill in this information to identify the case:

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____
                                                                              (State)

Case number _____

## Official Form 410S2

## Notice of Postpetition Mortgage Fees, Expenses, and Charges   12/15

**If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any fees, expenses, and charges incurred after the bankruptcy filing that you assert are recoverable against the debtor or against the debtor's principal residence.**

**File this form as a supplement to your proof of claim.** See Bankruptcy Rule 3002.1.

**Name of creditor:** _____      **Court claim no.** (if known): _____

**Last 4 digits** of any number you use to
identify the debtor's account:          ____ ____ ____ ____

**Does this notice supplement a prior notice of postpetition fees,
expenses, and charges?**

☐ No

☐ Yes. Date of the last notice: ____/____/_____

| Part 1: | Itemize Postpetition Fees, Expenses, and Charges |
|---------|--------------------------------------------------|

Itemize the fees, expenses, and charges incurred on the debtor's mortgage account after the petition was filed. Do not include any escrow account disbursements or any amounts previously itemized in a notice filed in this case or ruled on by the bankruptcy court.

| Description | Dates incurred | | Amount |
|-------------|----------------|---|--------|
| 1. Late charges | _____ | (1) | $ _____ |
| 2. Non-sufficient funds (NSF) fees | _____ | (2) | $ _____ |
| 3. Attorney fees | _____ | (3) | $ _____ |
| 4. Filing fees and court costs | _____ | (4) | $ _____ |
| 5. Bankruptcy/Proof of claim fees | _____ | (5) | $ _____ |
| 6. Appraisal/Broker's price opinion fees | _____ | (6) | $ _____ |
| 7. Property inspection fees | _____ | (7) | $ _____ |
| 8. Tax advances (non-escrow) | _____ | (8) | $ _____ |
| 9. Insurance advances (non-escrow) | _____ | (9) | $ _____ |
| 10. Property preservation expenses. Specify:_____ | _____ | (10) | $ _____ |
| 11. Other. Specify:_____ | _____ | (11) | $ _____ |
| 12. Other. Specify:_____ | _____ | (12) | $ _____ |
| 13. Other. Specify:_____ | _____ | (13) | $ _____ |
| 14. Other. Specify:_____ | _____ | (14) | $ _____ |

The debtor or trustee may challenge whether the fees, expenses, and charges you listed are required to be paid.
See 11 U.S.C. § 1322(b)(5) and Bankruptcy Rule 3002.1.

Debtor 1 _____    Case number (*if known*) _____
First Name        Middle Name        Last Name

---

## Part 2:  Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☐ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ _____    Date ____/____/_____
Signature

Print: _____    Title _____
First Name        Middle Name        Last Name

Company _____

Address _____
Number        Street

_____
City                            State        ZIP Code

Contact phone (_____) _____ – _____    Email _____

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X

MICHAEL VALLE,

                        Plaintiff,

      -against-

BOARD OF MANAGERS OF 20-30 HUDSON YARDS,
ERY TENANT LLC, ERY RETAIL PODIUM, LLC,
THE NEIMAN MARCUS GROUP, LLC, and JRM
CONSTRUCTION MANAGEMENT, LLC,

                        Defendants.

------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates NEW
YORK County as the place of
trial.

The basis of venue is:
Location of Occurrence

Plaintiff resides at
48 East Broad Street
Bergenfield, NJ 07621

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy

of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance on the Plaintiff's attorneys within twenty days after the service of this summons,

exclusive of the day of service, where service is made by delivery upon you personally within

the state, or, within 30 days after completion of service where service is made in any other

manner.  In case of your failure to appear or answer, judgment will be taken against you by

default for the relief demanded in the complaint.

Dated:      New York, New York
             April 24, 2019

             ERIN K. HURLEY
             LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
             Attorneys for Plaintiff
             MICHAEL VALLE
             Financial Square at 32 Old Slip - 8th FL
             New York, New York 10005
             (212) 962-1020
             Our File No. 27740

TO:   BOARD OF MANAGERS OF 20-30 HUDSON YARDS
      20 Hudson Yards
      New York, New York 10001

      ERY TENANT LLC
      c/o Corporation Service Company
      80 State Street
      Albany, New York 12207

      ERY RETAIL PODIUM LLC
      c/o Corporation Service Company
      80 State Street
      Albany, New York 12207

      THE NEIMAN MARCUS GROUP LLC
      c/o Corporation Service Company
      28 Liberty Street
      New York, New York 10005

      JRM CONSTRUCTION MANAGEMENT LLC
      242 West 36th Street – 10th Floor
      New York, New York 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MICHAEL VALLE                                          Index No.:
                                                       Date Purchased:
                        Plaintiff,

        -against-                                      **VERIFIED COMPLAINT**

BOARD OF MANAGERS OF 20-30 HUDSON YARDS,
ERY TENANT LLC, ERY RETAIL PODIUM, LLC,
THE NEIMAN MARCUS GROUP, LLC, and JRM
CONSTRUCTION MANAGEMENT, LLC,

                        Defendants.
-----------------------------------------------------------------X

        Plaintiff, by his attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,**

complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MICHAEL VALLE

        1.      That at all times herein mentioned, the Plaintiff was, and still is, a resident of the

Town of Garfield, State of New Jersey.

        2.      That at all times hereinafter mentioned, defendant BOARD OF MANAGERS OF

20-30 HUDSON YARDS was and still is a domestic organization, duly organized under and

existing by virtue of the laws of the State of New York.

        3.      That at all times hereinafter mentioned, defendant BOARD OF MANAGERS OF

20-30 HUDSON YARDS was duly authorized to transact business in the State of New York.

        4.      That at all times hereinafter mentioned, defendant BOARD OF MANAGERS OF

20-30 HUDSON YARDS maintained an office for the transaction of business in the City,

County and State of New York.

5.     That at all times hereinafter mentioned, defendant ERY TENANT LLC was and still is a foreign limited liability company duly organized under and existing by virtue of the laws of the State of Delaware.

6.     That at all times hereinafter mentioned, defendant ERY TENANT LLC was and authorized to transact business in the State of New York.

7.     That at all times hereinafter mentioned, defendant ENTRY TENANT, LLC maintained an office for the transaction of business in the City, County and State of New York.

8.     That at all times hereinafter mentioned, defendant ERY RETAIL PODIUM LLC was and still is a foreign limited liability company duly organized under and existing by virtue of the laws of the State of Delaware.

9.     That at all times hereinafter mentioned, defendant ERY RETAIL PODIUM LLC was and still is duly authorized to transact business in the State of New York.

10.     That at all times hereinafter mentioned, defendant ERY RETAIL PODIUM LLC maintained an office for the transaction of business in the City, County and State of New York.

11.     That at all times hereinafter mentioned, defendant THE NEIMAN MARCUS GROUP LLC was and still is a foreign limited liability company duly organized under and existing by virtue of the laws of the State of Delaware.

12.     That at all times hereinafter mentioned, defendant THE NEIMAN MARCUS GROUP LLC was and still is duly authorized to transact business in the State of New York.

13.     That at all times hereinafter mentioned, defendant THE NEIMAN MARCUS maintained an office for the transaction of business in the City, County and State of New York.

14.    That at all times hereinafter mentioned, defendant JRM CONSTRUCTION

MANAGEMENT, LLC was and still is a domestic limited liability company duly organized

under and by virtue of the laws of the State of New York.

15.    That at all times hereinafter mentioned, defendant JRM CONSTRUCTION

MANAGEMENT, LLC was and still duly authorized to transact business in the State of New

York.

16.    That at all times hereinafter mentioned defendant JRM CONSTRUCTION

MANAGEMENT, maintained an office for the transaction of business in the City, County and

State of New York.

17.    That at all times hereinafter mentioned, including on or about August 21, 2018,

defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS owned the premises known

as 500 West 33rd Street, New York, New York a/k/a 20 Hudson Yards, New York, New York,

including the 7th floor thereat.

18.    That at all times hereinafter mentioned, including on or about August 21, 2018,

defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS managed, maintained and

controlled the premises.

19.    That at all times hereinafter mentioned, including on or about August 21, 2018,

defendant ERY TENANT LLC owned the premises.

20.    That at all time hereinafter mentioned, including on or about August 21, 2018,

defendant ERY TENANT LLC managed, maintained and controlled the premises.

21.    That at all times hereinafter mentioned, including on or about August 21, 2018,

defendant ERY RETAIL PODIUM LLC owned the premises.

22.    That at all times hereinafter mentioned, including on or about August 21, 2018, the defendant ERY RETAIL PODIUM LLC managed, maintained and controlled the premises.

23.    That at all times hereinafter mentioned, including on or about August 21, 2018 defendant NIEMAN MARCUS GROUP, LLC owned the premises.

24.    That at all times hereinafter mentioned, including on or about August 21, 2018, defendant NIEMAN MARCUS GROUP, LLC managed, maintained and controlled the premises.

25.    That on and prior to August 21, 2018, defendant BOARD OF MANAGERS OF 20-30 HUDSON, was performing construction, renovation and alteration of the premises.

26.    That on and prior to August 21, 2018, defendant, ERY TENANT LLC, was performing construction, renovation and alteration of the premises.

27.    That on and prior to August 21, 2018, defendant, ERY RETAIL PODIUM LLC, was performing construction, renovation and alteration of the premises.

28.    That on and prior to August 21, 2018, defendant, THE NEIMAN MARCUS GROUP, LLC, was performing construction, renovation and alteration of the premises.

29.    That on and prior to August 21, 2018, defendant JRM CONSTRUCTION MANAGEMENT LLC was performing construction, renovation and alteration of the premises.

30.    That on and prior to August 21, 2018, defendant JRM CONSTRUCTION MANAGEMENT, LLC was the general contractor for the construction, renovation and alteration of the premises.

31.    That on and prior to August 21, 2018, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS hired JRM CONSTRUCTION MANAGEMENT, LLC to perform construction, renovation and alteration of the premises.

32.    That on and prior to August 21, 2018, defendant ERY TENANT LLC hired JRM

CONSTRUCTION MANAGEMENT, LLC to perform construction, renovation and alteration of

the premises.

33.    That on and prior to August 21, 2018, defendant ERY RETAIL PODIUM LLC

hired JRM CONSTRUCTION MANAGEMENT, LLC to perform construction, renovation and

alteration of the premises.

34.    That on and prior to August 21, 2018, defendant THE NEIMAN MARCUS

GROUP, LLC hired JRM CONSTRUCTION MANAGEMENT, LLC to perform construction,

renovation and alteration of the premises.

35.    That on and prior to August 21, 2018, defendant BOARD OF MANAGERS OF

20-30 HUDSON YARDS authorized JRM CONSTRUCTION MANAGEMENT, LLC to

contract for the performance of construction, renovation and alteration of the premise.

36.    That on and prior to August 21, 2018, defendant ERY TENANT LLC authorized

JRM CONSTRUCTION MANAGEMENT, LLC to contract for the performance of construction,

renovation and alteration of the premises.

37.    That on and prior to August 21, 2018, defendant ERY RETAIL PODIUM LLC

authorized JRM CONSTRUCTION MANAGEMENT, LLC to contract for the performance of

construction, renovation and alteration of the premises.

38.    That on and prior to August 21, 2018, defendant THE NEIMAN MARCUS

GROUP, LLC authorized JRM CONSTRUCTION MANAGEMENT, LLC to contract for the

performance of construction, renovation and alteration of the premises.

39.    That prior to August 21, 2018, JRM CONSTRUCTION MANAGEMENT LLC

contracted for the performance of construction, renovation, and alteration work on the premises.

40.     That on and prior to August 21, 2018, JRM CONSTRUCTION MANAGEMENT LLC acted as general contractor for the construction, renovation, and alteration work on the premises. .

41.     That on and prior to August 21, 2018, JRM CONSTRUCTION MANAGEMENT LLC acted as the agent of the owner of the premises and contracted for the construction, renovation and alteration work on the premises.

42.     That prior to August 21, 2018, defendant JRM CONSTRUCTION MANAGEMENT, LLC entered into a contract with Interstate Drywall Construction for the construction, renovation and alteration of the premises

43.     That on and prior to August 21, 2018, defendant JRM CONSTRUCTION MANAGEMENT, LLC, retained Interstate Drywall Construction to perform construction, renovation and alteration of the premises.

44.     That on and prior to August 21, 2018, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS retained Interstate Drywall Construction to perform construction, renovation and alteration of the premises.

45.     That on and prior to August 21, 2018, defendant ERY TENANT LLC retained Interstate Drywall Construction to perform construction, renovation and alteration of the premises.

46.     That on and prior to August 21, 2018, defendant ERY RETAIL PODIUM LLC retained Interstate Drywall Construction to perform construction, renovation and alteration of the premises.

47.     That on and prior to August 21, 2018, defendant THE NEIMAN MARCUS GROUP LLC retained Interstate Drywall Construction to perform construction, renovation and alteration of the premises.

48.     That on and prior to August 21, 2018, Interstate Drywall Construction performed construction, renovation and alteration work on the premises.

49.     That on and prior to August 21, 2018 Interstate Drywall Construction acted as defendants' contractor for the construction, renovation and alteration work on the premises.

50.     That at all times hereinafter mentioned including on and prior to August 21, 2018, plaintiff MICHAEL VALLE was an employee of Interstate Drywall Construction.

51.     That at all times hereinafter mentioned, including on and prior to August 21, 2018, plaintiff MICHAEL VALLE was an employee of Interstate Drywall Construction and, in the course of his work, was performing construction, renovation and alteration work on the premises.

52.     That at all times hereinafter mentioned, including on and prior to August 21, 2018, plaintiff MICHAEL VALLE was performing construction, renovation and alteration work on the premises as an employee of Interstate Drywall Construction.

53.     That on and prior to August 21, 2018, defendant BOARD OF MANAGERS OF 20-30 HUDSON YARDS  managed, maintained, controlled and directed the ongoing construction, renovation, and alteration work on the premises that was performed at the premises by plaintiff MICHAEL VALLE, an employee of Interstate Drywall Construction.

54.     That on and prior to August 21, 2018 defendant ERY TENANT LLC, managed, maintained, controlled, and directed the ongoing construction, renovation and alteration  work on

the premises that was performed at the premises by plaintiff MICHAEL VALLE, an employee of Interstate Drywall Construction.

55.     That on and prior to August 21, 2018 defendant ERY RETAIL PODIUM LLC managed, maintained, controlled and directed the ongoing construction, renovation and alteration work on the premises that was performed at the premises by plaintiff MICHAEL VALLE as an employee of Interstate Drywall.

56.     That on and prior to August 21, 2018 defendant THE NEIMAN MARCUS GROUP LLC managed, maintained, controlled, and directed the ongoing construction, renovation work on the premises that was performed at the premises by plaintiff MICHAEL VALLE as an employee of Interstate Drywall Construction.

57.     That on and prior to August 21, 2018 defendant JRM CONSTRUCTION MANAGEMENT, LLC, managed, maintained, controlled, and directed the ongoing construction, renovation and alteration work that was performed on the premises by plaintiff MICHAEL VALLE as an employee of Interstate Drywall Construction.

58.     On August 21, 2018, while plaintiff MICHAEL VALLE was performing construction, renovation and alteration on the premises, he was working in a dangerous and defective area of the premises.

59.     On August 21, 2018, while plaintiff MICHAEL VALLE was performing construction, renovation and alteration on the premises, he was caused to slip, trip and fall as a result of the dangerous and defective condition existing at the work area.

60.     On and prior to August 21, 2018, defendants knew or should have known that there was a dangerous and defective condition existing at the work area.

61.     That on and prior to August 21, 2018, defendants violated NY Labor Law Sections 200, 240 and 241(6) along with the rules and regulations of the Board of Standards and Appeals and the Industrial Code, including, but not limited to §§23-1.7(d); 23-1.7(e); 23-1.8(c)(1); 23.18(c)(2); 23-1.23(a); 23-1.23(b) and provisions of the OSHA regulation for OSHA site safety.

62.     That as a result of the foregoing, MICHAEL VALLE was seriously injured.

63.     That the aforesaid injuries were caused by the negligence of the defendants, their agents, servants and/or employees in the ownership, operation, management, maintenance, operation and repair of the premises and the work site thereat.

64.     That defendants were negligent in failing to exercise proper and safe control of the construction, renovation, and repair work at the site and in causing, permitting and allowing dangerous and defective conditions to exist which were substantial factors in causing plaintiff to be injured.

65.     The aforesaid injuries were caused as a result of the negligence, carelessness and recklessness of the defendant their agents, servants and/or employees, in being negligent and/or careless in the operation, maintenance and/or control of the premises, so as to cause, allow and/or permit an unsafe, defective, dangerous and hazardous condition to exist thereat and cause and/or result in the plaintiff being injured.

66.     Said serious injuries were caused by the negligence of the defendants, their agents, servants and/or employees and the violation of Labor Law §240(1).

67.     As a result of the foregoing, plaintiff MICHAEL VALLE has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been sought.

## SECOND CAUSE OF ACTION

68.     Plaintiff repeats, realleges and reiterates the allegations contained in paragraphs "1" through "67", inclusive, with the same force and effect as though each were set forth fully at length herein.

69.     Defendants violated Labor Law §241(6) of the State of New York along with the rules and regulations of the Boards of Standards and Appeals and the Industrial Code, including, but not limited to §§ 23-1.7(d), 23-1.7(e) and 23-1.8(c)(1), and provisions of the OSHA regulation for construction site safety.

70.     The defendants' violation of the aforementioned sections of the Labor Law §241(6), Industrial Code Rule 23 and OSHA regulations were substantial factors causing these injuries.

71.     That as a result of the foregoing plaintiff MICHAEL VALLE was seriously injured.

72.     That the injuries and/or serious injuries sustained by plaintiff were due to defendants' violations of Labor Law §§200, 240 and 241(6) and the provisions of the Industrial Code and OSHA regulations as set forth herein above along with such other sections of the Industrial Codes this Court deems applicable to this section.

73.     As a result of the foregoing, plaintiff has been damaged in an amount in excess of the judicial limits of all lower courts in which this matter might otherwise have been brought.

## THIRD CAUSE OF ACTION

74.     Plaintiff repeats, realleges and reiterates the allegations contained in paragraphs "1" through "73", inclusive, with the same force and effect as though each were set forth fully at length herein.

75.     Defendants supervised, directed and controlled the ongoing construction, renovation, alteration and/or repair work which was being performed by the workers at the premise.

76.     Defendants were negligent and violated Labor Law §§200 in failing to exercise proper direction, control and supervision of the construction site and in causing, permitting and allowing dangerous and defective conditions of the work site to exist, which were substantial factors in causing plaintiff's injuries..

77.     That as a result of the foregoing, plaintiff MICHAEL VALLE was seriously injured.

78.     That the defendants' violation of Labor Law 200 was a substantial factor causing these injuries.

79.     That as a result of the foregoing, plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought, with interest from the date of the occurrence, together with the costs and disbursements of this action.

## ARTICLE 16 ALLEGATIONS

80.     The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

81.     The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602, including, but not limited to, Sections 1602(2)(iv), 1602(7), 1602(11) and 1602(8).

WHEREFORE, plaintiff demands judgment against the defendants in an amount in excess of the jurisdictional limits of all lower courts in the first, second, and third causes of action, together with the cost and disbursements of this action.

Dated: New York, New York
      April 24, 2019

Yours, etc.

ERIN K. HURLEY
LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
*Attorneys for Plaintiff* MICHAEL VALLE
Financial Square at 32 Old Slip – 8th Floor
New York, N.Y. 10005
(212) 962-1020
Our File No. 28128

## VERIFICATION

ERIN K. HURLEY, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

I am an attorney of the LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, attorneys for Plaintiff.

I have read the foregoing COMPLAINT and know the contents thereof. I believe the matters therein alleged to be true.

The reason this Verification is made by your affirmant and not by Plaintiff is that the Plaintiff herein resides in a county other than the one in which your affirmant maintains her offices.

The source of my information and the grounds of my belief are the communications, papers, reports, and investigations contained in the firm's file.

Dated: New York, New York
       April 24, 2019

ERIN K. HURLEY

# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MICHAEL VALLE,

                        Plaintiff(s),

          -against-

BOARD OF MANAGERS OF 20-30 HUDSON YARDS,
ERY TENANT LLC, ERY RETAIL PODIUM, LLC
THE NEIMAN MARCUS GROUP, LLC, and JRM
CONSTRUCTION MANAGEMENT, LLC,

                      Defendant(s).
-----------------------------------------------------------------X

Index #154241/2019

**VERIFIED ANSWER**

        Defendant, THE NEIMAN MARCUS GROUP LLC, by its attorneys,

**McANDREW, CONBOY & PRISCO**, answers the Complaint of the plaintiff as

follows:

        1.    Admits each and every allegation contained in the paragraph

designated as "11", "12", and "13".

        2.    Denies each and every allegation contained in the paragraph

designated as "23", "24", "47", "56", "58", "59", "60", "61", "62", "63", "64", "65",

"66", and "67".

        3.    Denies knowledge or information sufficient to form a belief as to

each and every allegation contained in the paragraph of the Complaint designated as "1",

"2", "3", "4", "5", "6", "7", "8", "9", "10", "14", "15", "16", "17", "18", "19", "20",

"21", "22", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37",

"38", "39", "40", "41", "42", "43", "44", "45", "46", "48", "49", "50", "51", "52", "53", "54", "55", and "57".

## AS TO THE SECOND CAUSE OF ACTION

4.       Repeats and reiterates each and every denial contained in the paragraphs of this Answer numbered "1" through "3" to each and every allegation contained in the paragraph of the Complaint designated as "68".

5.       Denies each and every allegation contained in the paragraphs of the Complaint designated as "69", "70", "71", "72", and "73".

## AS TO THE THIRD CAUSE OF ACTION

6.       Repeats and reiterates each and every denial contained in the paragraphs of this Answer numbered "1" through "5" to each and every allegation contained in the paragraph of the Complaint designated as "74".

7.       Denies each and every allegation contained in the paragraphs of the Complaint designated as "75", "76", "77", "78", and "79".

## AS TO ARTICLE 16 ALLEGATIONS

8.       Denies each and every allegation contained in the paragraphs of the Complaint designated as "80" and "81".

## AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

That the fault, negligence and culpable conduct of the plaintiffs herein, either in whole or in part, caused the incident in which the plaintiffs were injured and/or injuries resulting therefrom.

- 2 -

## AS AND FOR A SECOND SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE:

Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative service, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules, and consequently, if any damages are recoverable against the said answering defendant, the amount of such damages shall be diminished by the amount of the fund which plaintiff has or shall receive from such collateral source.

## AS AND FOR A THIRD SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE:

That if any liability is found against this answering defendant, then said liability will constitute 50% or less of the total liability assigned to all persons liable and, as such, the liability of this answering defendant to plaintiff for non-economic loss shall be limited and shall not exceed this answering defendant's equitable share, as provided in Article 16 of the CPLR.

## AS AND FOR A FOURTH SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE:

If the plaintiff has been injured and damaged as alleged in his Complaint, upon information and belief, such injuries and damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence, want of care, statutory

- 3 -

violation and/or breach of contract in the part of the plaintiff and not by any carelessness, negligence, want of care, statutory violation and/or breach of contract on the part of the answering defendant; and if any carelessness, negligence, want of care, statutory violation and/or breach of contract other than that of the plaintiff caused or contributed to said alleged injuries or damages, it was the carelessness, negligence, want of care, statutory violation and/or breach of contract on the part of some other party or person, firm or corporation, his, its or their agents, servants or employees over whom this answering defendant had no control and for whose carelessness, negligence, want of care, statutory violation and/or breach of contract this defendant was not and is not responsible or liable.

## AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

That whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the Complaint, were the result of the plaintiff's assumption of risk, in realizing and knowing the hazard and dangers thereof and that he assumed all the risks necessarily incidental to such an undertaking.

## AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

That the answering defendant did not direct, control and/or supervise the plaintiff's work; nor, the area of the work site; and/or the location in which plaintiffs accident occurred; nor, did it create the condition complained of; nor, did it occupy the location where the subject accident occurred, at the time of the subject occurrence; and

- 4 -

as such, it cannot be held liable for plaintiff's injuries under Labor Law Sections 200, 240 or 241; nor, under common- law negligence principles.

### AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

That upon information and belief, the plaintiff's injuries and/or damages, if any, were caused by the intervening and/or superseding acts of third-parties, unrelated to this answering defendant; and for whose actions this answering defendant is not liable.

### AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

That the plaintiff failed to take such necessary and proper action to prevent and/or reduce the amount of claimed damages and, thereby, the amount of any damages to be awarded in this action will be offset by the plaintiffs failure to properly mitigate his damages.

### AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

That the answering defendant did not create the dangerous condition complained of; nor, did it have "notice" [either actual and/or constructive] of its existence prior to the happening of the plaintiff's accident; nor, to the extent obligated by contract, lease or law, a reasonable opportunity to correct/remedy same.

### AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

That the subject Complaint fails to state a valid cause of action against the

- 5 -

answering defendant upon which relief may be granted.

### AS AND FOR AN ELEVENTH SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE:

That if at time of trial any of the issues herein have been determined against the

plaintiff and/or by a court, tribunal or forum, all having competent jurisdiction, then, in

that event, the plaintiff is estopped from re-litigating said issues.

### AS AND FOR A TWELFTH SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE:

That if the plaintiff is within the limited class of persons protected by Labor Law

Section 241(6), which is denied herein, then the Industrial Code violations alleged by the

Plaintiff in the subject action are "too general" to support a Labor Law Section 241 (6)

cause of action; and/or were not the proximate cause of plaintiff's injuries; and

accordingly, the subject action should be dismissed.

### AS AND FOR A THIRTEENTH SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE:

That neither the Labor Law nor the Industrial Code applies to the

location/activities of the plaintiff, nor his accident; nor, to this answering defendant; and

accordingly, all causes of action premised upon any alleged violations of the Labor Law

and/or Industrial Code should be dismissed.

### AS AND FOR A FOURTEENTH SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE:

That in the event that a dangerous condition is found to exist, as alleged in the

- 6 -

plaintiffs Complaint, said "condition" was "open and obvious"; and accordingly, there existed no duty to "warn" the plaintiff of same.

## AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

This answering defendant is pleading set off by partial payment and release for any and all monies received by plaintiff with respect to the damages alleged.

## AS AND FOR A SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

That the answering defendant did not provide, and/or "set-up", the "instrumentality" allegedly involved in the happening of said plaintiff's accident; and/or create the dangerous/defective condition complained of in the subject Complaint; and as such, it cannot be held liable for plaintiff's injuries under Labor Law Sections 200, 240 or 241; and/or under common- law negligence principles.

## AS AND FOR A SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

That neither Article 10 of the Labor Law (i.e., including Sections 240 and 241(6)), nor the Industrial Code, apply for the benefit of the plaintiff [and/or the plaintiff is not within the limited class of persons protected by Article 10 of the Labor Law of the State of New York, including Sections 240 and 241], or to the location/activities of the plaintiffs accident; and/or to this answering defendant and accordingly, all causes of action premised upon any alleged violations of Article 10 of the Labor Law and/or Industrial Code should be dismissed.

- 7 -

## AS AND FOR AN EIGHTEENTH SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE:

That the plaintiffs Complaint must be dismissed in accordance with General Obligations Law Section 15-108.

## AS AND FOR A NINETEENTH SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE:

That the plaintiff is a recalcitrant worker.

## AS AND FOR A TWENTIETH SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE:

The answering defendant did not possess and/or control the subject premises, and/or condition complained of, and/or instrumentality alleged to have been involved in plaintiff's accident at the time of the alleged accident; and, therefore, the Labor Law does not apply to it.

## AS AND FOR A TWENTY-FIRST SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE:

That the subject accident occurred due to the sole proximate cause of the plaintiff's actions.

## AS AND FOR A TWENTY-SECOND SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE:

That the plaintiff failed to use available safety devices that would have prevented the accident in question.

- 8 -

## AS AND FOR A TWENTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

That to the extent that the plaintiff failed to name any/all "indispensable" parties to the subject action, the subject action must then be dismissed.

## AS AND FOR A TWENTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

Pursuant to CPLR 1603, this answering defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT(S), JRM CONSTRUCTION MANAGEMENT, LLC, DEFENDANT, THE NEIMAN MARCUS GROUP LLC, ALLEGES, UPON INFORMATION AND BELIEF:

That if the plaintiff(s) were caused to sustain injuries or damages at the time and place set forth in plaintiff's Complaint, through any negligence, carelessness and recklessness other than said plaintiffs own negligence, carelessness and recklessness, said injuries or damages were sustained by reason of the negligence, carelessness and recklessness of the defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, and if there is any recovery obtained by the plaintiffs against the defendant(s), THE NEIMAN MARCUS GROUP LLC, it will be damaged thereby, and the defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, will be primarily responsible therefore.

By reason of the foregoing, the defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, will be liable to the defendant(s), THE NEIMAN MARCUS GROUP LLC, in whole or in part for any such recovery against the defendant(s), THE NEIMAN MARCUS GROUP LLC.

- 9 -

**AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT(S), JRM CONSTRUCTION MANAGEMENT, LLC, DEFENDANT(S), THE NEIMAN MARCUS GROUP LLC, ALLEGES, UPON INFORMATION AND BELIEF:**

If the plaintiff(s) recover(s) herein, it will be by the virtue of the recklessness, carelessness and negligence of the co-defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, and not the defendant(s), THE NEIMAN MARCUS GROUP LLC, for which this/these answering defendant(s) demand(s) judgment for contribution and/or indemnification according to the respective degrees of negligence of the defendant(s) to be ascertained, determined and adjudicated at trial.

**AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT(S), JRM CONSTRUCTION MANAGEMENT, LLC, DEFENDANT(S), THE NEIMAN MARCUS GROUP LLC, ALLEGES, UPON INFORMATION AND BELIEF:**

If the plaintiff(s) recover(s) herein, it will by virtue of the recklessness, carelessness, negligence or violation of statute by the co-defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, and not of the defendant(s), THE NEIMAN MARCUS GROUP LLC, whose liability if any, (which is herein denied) is alleged by plaintiff(s) to be based upon statute.

Should plaintiff(s) recover(s) against defendant(s), THE NEIMAN MARCUS GROUP LLC, under any alleged statutory provision, by reason of co-defendant's, JRM CONSTRUCTION MANAGEMENT, LLC, negligence, recklessness, carelessness or statutory violation, defendant(s), THE NEIMAN MARCUS GROUP LLC, shall be entitled to full indemnification for such amounts, as well as costs, attorneys fees and disbursements as may be incurred in the defense of this matter.

- 10 -

**AS AND FOR A FOURTH CROSS-CLAIM AGAINST
DEFENDANT(S), JRM CONSTRUCTION
MANAGEMENT, LLC, DEFENDANT(S), THE NEIMAN
MARCUS GROUP LLC, ALLEGES, UPON
INFORMATION AND BELIEF:**

Pursuant to the contract/lease/agreement, the defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, agree/agreed to defend and indemnify THE NEIMAN MARCUS GROUP LLC, from all claims arising from its performance of its duties under the agreement.

By reason of said agreement, co-defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, is/are contractually obligated to provide the defendant(s), THE NEIMAN MARCUS GROUP LLC, with a defense to the subject action and to indemnify the defendant(s), THE NEIMAN MARCUS GROUP LLC, for amounts recovered by plaintiff(s), if any, as well as such costs, attorneys fees and disbursements as may be incurred by the defendant(s), THE NEIMAN MARCUS GROUP LLC, in defense of this action.

**AS AND FOR A FIFTH CROSS-CLAIM AGAINST
DEFENDANT(S), JRM CONSTRUCTION
MANAGEMENT, LLC, DEFENDANT(S), THE NEIMAN
MARCUS GROUP LLC, ALLEGES, UPON
INFORMATION AND BELIEF:**

Pursuant to its contract/lease/agreement, co-defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, agreed to obtain and maintain a policy of insurance providing defense and indemnity coverage to defendant(s), THE NEIMAN MARCUS GROUP LLC, for incidents alleged in the plaintiff's Complaint.

If co-defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, did not obtain

- 11 -

and maintain said coverage on behalf of defendant(s), THE NEIMAN MARCUS GROUP LLC, or if such coverage is not extended to defendant(s), THE NEIMAN MARCUS GROUP LLC, for purposes of providing defense and indemnity to the subject action, then co-defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, will be liable to defendant(s), THE NEIMAN MARCUS GROUP LLC, to indemnify it for amounts recovered by the plaintiff(s), if any, as well as all costs, attorneys fees and disbursements as may be incurred by defendant(s), THE NEIMAN MARCUS GROUP LLC, in the defense of the subject action.

### AS AND FOR A SIXTH CROSS-CLAIM AGAINST DEFENDANT, JRM CONSTRUCTION MANAGEMENT, LLC, DEFENDANT, THE NEIMAN MARCUS GROUP LLC, ALLEGES, UPON INFORMATION AND BELIEF:

That if the plaintiff(s) was/were caused to sustain damages at the time and place set forth in the plaintiff's Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained solely and directly by reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission by defendant(s) named above, their agents, servants and/or employees.

That co-defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, and answering defendant(s), THE NEIMAN MARCUS GROUP LLC, herein entered into a contract/agreement/lease wherein the co-defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, agreed to hold harmless and indemnify and assume the defense of this answering defendant.

That by reason of the foregoing, co-defendant(s), JRM CONSTRUCTION MANAGEMENT, LLC, will be liable to hold harmless and indemnify the defendant(s), THE NEIMAN MARCUS GROUP LLC, in whole for the amount of any recovery obtained

- 12 -

herein by the plaintiff(s) against the answering defendant(s) as the Court or jury may direct as well as any costs and disbursements.

That by reason of this section, said answering defendant(s) has been and will be put to costs and expenses including attorneys' fees.

### AS AND FOR A SEVENTH CROSS-CLAIM AGAINST DEFENDANT, JRM CONSTRUCTION MANAGEMENT, LLC, DEFENDANT, THE NEIMAN MARCUS GROUP LLC, ALLEGES, UPON INFORMATION AND BELIEF:

That if the plaintiff(s) was/were caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's Complaint, and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence or breaches of duty and/or warranty and/or contract, other than the plaintiff's, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or Statute and/or Warranty and/or contract or implied in law, upon the part of the co-defendant with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law, and without any breaches or any negligence of this pleading defendant(s) this pleading defendant(s) is found negligent as to the plaintiff(s) for the injuries and damages as set forth in the plaintiff's Complaint, then and in that event, the relative responsibilities of said defendant(s) in fairness must be apportioned by a separate determination, in view of the existing factual disparity, and the said co-defendant(s) herein will be liable over jointly and severally to this pleading defendant(s) and bound to fully indemnify and hold this pleading defendant(s) harmless for the full amount of any verdict or judgment that the plaintiff(s) herein may recover against this pleading defendant(s) in this action, including all costs of investigation, disbursements, expenses and attorneys' fees

- 13 -

FILED: NEW YORK COUNTY CLERK 07/24/2019 03:30 PM
NYSCEF DOC. NO. 10

INDEX NO. 154241/2019
RECEIVED NYSCEF: 07/24/2019

incurred in the defense of this action and in the conduct of this cross-claim.

**WHEREFORE**, defendant(s), THE NEIMAN MARCUS GROUP LLC, demand(s) judgment dismissing the Complaint of the plaintiff(s) with costs; but if the plaintiff(s) herein recovers against the defendant(s), THE NEIMAN MARCUS GROUP LLC, then defendant(s), THE NEIMAN MARCUS GROUP LLC, demand(s) that such recovery be diminished in the proportion which the culpable conduct attributable to the plaintiff(s), bears to the culpable conduct which caused the damages herein; the defendant(s), THE NEIMAN MARCUS GROUP LLC, further demands that the judgment entered, based on such diminished recovery, be entered so that the liability of each defendant be apportioned and said judgment entered in accordance with each such defendants' degree of culpability.

**PLEASE TAKE NOTICE**, that pursuant to §3011 of the CPLR demand is hereby made that you interpose an Answer to the Cross Claim.

Dated: Melville, New York
June 27, 2019

YOURS, etc.,

McANDREW, CONBOY & PRISCO
By: MICHAEL P. CONBOY
Attorneys for the Defendant(s)
THE NEIMAN MARCUS GROUP, LLC
1860 Walt Whitman Road, Suite 800
Melville, New York 11747
(516) 921-8600

TO:    LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
Attorneys for Plaintiff
Financial Square at 32 Old Slip – 8th Floor
New York, New York 10005
(212) 962-1020

- 14 -

BOARD OF MANAGERS OF 20-30 HUDSON YARDS
20 Hudson Yards
New York, New York  10001

ERY TENANT LLC
60 Columbus Circle
New York, New York  10023

ERY RETAIL PODIUM LLC
60 Columbus Circle
New York, New York  10023

JRM CONSTRUCTION MANAGEMENT LLC
242 West 36th Street, 10th Floor
New York, New York  10018

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is a member of the firm of McAndrew, Conboy and Prisco, Esqs., attorneys for the defendant in the within action; that affirmant has read the foregoing ANSWER and knows the contents thereof; that same is true to affirmant's knowledge, except as the matters herein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further states that the reason this Verification is made by affirmant and not by the defendant is that the defendant either does not reside or maintain offices in the County in which the affirmant maintains his office.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your affirmant's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Melville, New York
      June 25, 2019

_____
MICHAEL P. CONBOY