## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>**NEIMAN MARCUS GROUP<br>LTD LLC, ET AL.**[1]<br><br>**DEBTORS** | **Chapter 11**<br><br>**Case No. 20-32519**<br><br>**Jointly Administered** |

## UNITED STATES TRUSTEE'S MOTION FOR WITHDRAWAL OF
## THE REFERENCE AND REFERRAL OF MOTION FOR RELIEF UNDER RULE
## 60(b)(6) AND RELATED MATTERS

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Kevin Epstein, United States Trustee for Region 7 ("United States Trustee"), moves, pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and BLR 5011-1, for withdrawal of the reference of the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

Trustee's Motion for Relief under Rule 60(b)(6) in this case and any matters related to the Rule 60 Motion, including, but not limited to, Jackson Walker LLP's ("Jackson Walker") applications for compensation and reimbursement of expenses and orders approving them (collectively, the "Rule 60 Motion").  The United States Trustee further moves that the Rule 60 Motion be referred to the Chief District Judge of the United States District Court for the Western District of Texas on the same terms as those in the District Court's General Order 2023-21 (the "General Order").

## I.    PRELIMINARY STATEMENT

1.      This case is one of at least 26 in the United States Bankruptcy Court for the Southern District of Texas in which the integrity and administration of the bankruptcy system were compromised by an undisclosed intimate relationship between Bankruptcy Judge David R. Jones ("Judge Jones") and Elizabeth Freeman ("Ms. Freeman"), an attorney whose former firm, Jackson Walker, regularly appeared as debtors' counsel in cases before him.  Judge Jones announced his resignation after the Fifth Circuit Court of Appeals filed a formal ethics complaint against him on October 13, 2023 ("Ethics Complaint"),[2] finding "probable cause to believe that misconduct by Judge Jones has occurred."  Ethics Complaint, p.1.  A week later, on October 20, the District Court for the Southern District of Texas entered the General Order consenting to the referral and transfer of all lawsuits against Judge Jones to Chief District Judge Alia Moses of the Western District of Texas in the first instance.

2.      In this case, the United States Trustee filed the Rule 60 Motion to seek relief against Jackson Walker, where Ms. Freeman was formerly a partner, because the orders entered by Judge Jones awarding the firm fees and expenses are tainted.  The United States Trustee has filed (or

---

[2] *Complaint Identified by the Chief Judge of the Fifth Circuit Court of Appeals Against United States Bankruptcy Judge David R. Jones, Southern District of Texas, Under the Judicial Improvements Act of 2002*, Complaint No. 05-24-9002 (5th Cir. Oct. 13, 2023).

soon will file) substantially identical motions in the other cases identified thus far that present the same legal issues and virtually identical facts. The United States Trustee moves this Court to withdraw the reference of this Rule 60 Motion to the bankruptcy court under 28 U.S.C. § 157(d) for cause and to refer this Rule 60 Motion to Chief District Judge Alia Moses of the United States District Court for the Western District of Texas consistent with the General Order because it would be more efficient for the factually and legally related Rule 60 Motions to be heard in the District Court before one judge. Moreover, whatever prudential concerns led the District Court to assign litigation against Judge Jones to a judge outside this District would presumably apply to other litigation arising from the same events and warrant both withdrawal of the reference and referral to the Western District of Texas.

## II.    STATEMENT OF FACTS

3.     On October 13, the Chief Judge of the Fifth Circuit filed the Ethics Complaint finding "probable cause to believe" that Judge Jones engaged in "misconduct." Ethics Complaint, p.1. The Ethics Complaint is based on Judge Jones's failure to disclose an intimate relationship with Ms. Freeman as well as his failure to recuse himself from matters involving Ms. Freeman or her current and former law firms, The Law Office of Liz Freeman, PLLC, and Jackson Walker, respectively.

4.     On October 20, 2023, the Chief Judge for the United States District Court for the Southern District of Texas issued the General Order, which refers all lawsuits against Judge Jones to Chief District Judge Alia Moses of the United States District Court for the Western District of Texas.

5.     On November 2, 2023, the United States Trustee filed the Rule 60 Motion to vacate the fees awarded to Jackson Walker in this case. The United States Trustee has filed (or soon will file) substantially identical motions in the other cases identified thus far that present the same legal

issues and virtually identical facts (collectively, the "Related Rule 60 Motions") and is also seeking withdrawal of the reference of those Related Rule 60 Motions.

6.      As explained in greater detail in the Rule 60 Motion, this case is one of those presided over by Judge Jones where Jackson Walker was employed and compensated, but Judge Jones did not recuse as required by 28 U.S.C. § 455(a) and Bankruptcy Rule 5004.  And neither Judge Jones nor Jackson Walker disclosed the intimate relationship between Judge Jones and Jackson Walker partner, Ms. Freeman.

### III.    LAW AND ARGUMENT

**A.      There is Cause to Withdraw the Reference for the Rule 60 Motion.**

7.      Under 28 U.S.C. § 157(d), a district court may withdraw "in whole or in part, any case or proceeding" from the bankruptcy court for cause.  *See In re Moody*, 899 F.2d 383 (5th Cir. 1990).  The district court is not required to withdraw the reference for the entire bankruptcy case but may withdraw the reference only for particular contested matters or proceedings.  *See, e.g., In re Autoseis, Inc.*, No. 14-20130, 2015 WL 4113241, at *2 (Bankr. S.D. Tex. June 1, 2015) (recommending withdrawal of reference as to a claims objection).

8.      The Fifth Circuit has identified several factors that support withdrawal of the reference, including the promotion of uniformity in bankruptcy administration, the need for economical use of resources, and the need to expedite the bankruptcy process.  *See Holland Am. Ins. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985).  These factors weigh strongly in favor of granting the Motion here.  Although the United States Trustee has filed separate motions for Rule 60 relief in each of the affected cases, those motions involve a common pattern of conduct extending across multiple cases and proceedings in this district.  Withdrawing the reference will allow the District Court to consolidate these matters—should it determine that is warranted—and avoid the risk of piecemeal or duplicative litigation and inconsistent results.  *See In re Congoleum*

*Corp.,* 414 B.R. 44, 61 (D.N.J. 2009) (withdrawing reference based on need to avoid piecemeal

litigation and repetitive appeals); *see also Veldekens v. GE HFS Holdings, Inc.,* 362 B.R. 762, 763

(S.D. Tex. 2007) (withdrawing reference of post-confirmation adversary proceeding where matter

was highly contentious, scope of bankruptcy court's jurisdiction was unsettled, and *"*[a] number

of difficult issues will be avoided if this Court adjudicates the case in the first instance"*)*.

**B.      The District Court Should Rule on the Motion in the First Instance.**

9.      Only the district court has the power to withdraw the reference. 28 U.S.C. § 157(d);

Fed. R. Bankr. P. 5011(a); *In re Healthcentral.com*, 504 F.3d 775, 785 (9th Cir. 2007) (the power

to withdraw "is committed exclusively to the district court").  The 1987 Advisory Committee Note

to Rule 5011 also explains that the bankruptcy judge is not to conduct the hearing on a withdrawal

motion because that decision "is committed exclusively to the district court."  1 COLLIER ON

BANKRUPTCY ¶ 3.04 (16th ed.).  Although BLR 5011-1 provides that the withdrawal motion will

first be presented to the bankruptcy court "[u]nless the district court orders otherwise," that local

rule seems to contravene title 28 and Rule 5011.

10.     In *Healthcentral*, the Ninth Circuit held that a local rule could not contravene the

requirements of 28 U.S.C. § 157, providing that only a district court may withdraw the reference.

504 F.3d at 786.  The Ninth Circuit thus invalidated the local rule providing otherwise as

inconsistent with section 157(d) and Rule 5011(a):

> The rules associated with local bankruptcy rules are clear. As part of the
> Bankruptcy Code Congress delegated to the Supreme Court the power to make and
> enforce general bankruptcy rules. 28 U.S.C. § 2075.  Pursuant to this authority, the
> Supreme Court promulgated Federal Rule of Bankruptcy Procedure 9029 ("Rule
> 9029"), which grants district courts the power to adopt their own local rules. *Brown
> v. Smith* (*In re Poole*), 222 F.3d 618, 621 (9th Cir.2000).   Under Rule 9029,
> however, this power is strictly limited. 10 Collier on Bankruptcy ¶ 9029.01[1],
> 9029–2 (rev. 15th ed. 2006.)  Rule 9029 states a local bankruptcy rule must: (1) be
> consistent with the Acts of Congress and Federal Rules of Bankruptcy Procedure;
> (2) not be duplicative of the Acts of Congress or Federal Rules of Bankruptcy
> Procedure; and (3) not limit the use of Official Bankruptcy Forms.  *Steinacher v.*

*Rojas* (*In re Steinacher*), 283 B.R. 768, 772–73 (9th Cir. BAP 2002). If any of these limits are not observed, the local bankruptcy rule must be held invalid.

*Id.* at 784.

11.     Moreover, comparing, and contrasting Rule 5011(a) with Rule 5011(b), governing abstention under 28 U.S.C. § 1334(c), further calls into question BLR 5011-1's requirement that a motion to withdraw the reference be presented to the bankruptcy court.  Whereas Rule 5011(a) (and title 28) requires motions to withdraw the reference to be decided by the district court, "motions to abstain are heard by bankruptcy judges."  1 COLLIER ON BANKRUPTCY ¶ 3.05 (16th ed.).  And Rule 5011(b) further specifies motions to abstain are "governed by Rule 9014 . . . ." Rule 5011(a) contains no such requirement.

12.     In any event, the text of BLR 5011-1 itself provides that the requirement of a prior recommendation by the bankruptcy court is not absolute, and the district court has discretion to bypass that recommendation in the interests of judicial economy.  *See Franklin Sav. Ass'n v. Office of Thrift Supervision,* 150 B.R. 976, 978 (D. Kan. 1993) (holding, in case governed by local rule similar to BLR 5011-1, that district court would rule on motion for withdrawal of reference without seeking a bankruptcy court recommendation in order to allow related motions to be decided together).

13.     In this matter, the District Court should consider the Motion in the first instance. The United States Trustee seeks withdrawal of the reference for the Rule 60 Motion in this case— and in each of the similar cases where he filed Related Rule 60 Motions, which are pending before different bankruptcy judges but are based on the same underlying legal issues and virtually identical facts.  Given that the underlying basis for the Rule 60 Motion involves the compromise of the integrity of the bankruptcy process in this and other cases, and because each of those motions to withdraw the reference for the Related Rule 60 Motions will and must ultimately be determined

by the District Court, referring the motions to withdraw the reference to the bankruptcy court for recommendation will lead to unnecessary and wasteful delay and duplication. For this reason, the United States Trustee requests that the District Court rule on this Motion directly.

**C.     The Court Should Refer the Rule 60 Motion to Judge Moses.**

14.     For the same reasons of judicial efficiency, the United States Trustee requests that upon withdrawal of the reference, the District Court refer the Rule 60 Motion to Judge Moses on the same terms as provided in the General Order. Because the Rule 60 Motion does not seek relief against Judge Jones, it is not subject to the General Order. But because Judge Jones's conduct is a factual predicate of the Rule 60 Motion, there will be substantial factual overlap between it and the matters that the District Court has referred to Chief Judge Moses. Moreover, whatever prudential concerns led the District Court to assign litigation against Judge Jones to a judge outside this District would presumably apply to other litigation arising from the same events and warrant both withdrawal of the reference and referral to the Western District of Texas. The United States Trustee submits that judicial efficiency and the interests of justice will be served by withdrawing the reference as well as transferring the Rule 60 Motion.

WHEREFORE, the United States Trustee respectfully requests that the Court: (i) withdraw the reference of the Rule 60 Motion to the Bankruptcy Court pursuant to 11 U.S.C. § 157(d) and (ii) refer the Rule 60 Motion to District Judge Moses on the same basis provided in the General Order. The United States Trustee also requests that the Court grant such other and further relief as this Court deems just and appropriate.

Date: November 2, 2023                             Respectfully Submitted,

                                                   KEVIN M. EPSTEIN
                                                   UNITED STATES TRUSTEE
                                                   REGION 7, SOUTHERN AND WESTERN
                                                   DISTRICTS OF TEXAS

By: */s/ Millie Aponte Sall*
Millie Aponte Sall
Assistant U.S. Trustee
Tex. Bar No. 01278050/Fed. ID No. 11271
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email: millie.sall@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on November 2, 2023 a copy of the foregoing pleading was served on all parties entitled to electronic notice through the Court's CM/ECF system.

*/s/ Millie Aponte Sall*
Millie Aponte Sall