IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) Case No. 20-32519 (MI) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |

**STIPULATION AND AGREED ORDER
APPROVING THE CONFIDENTIAL SETTLEMENT
AND RELEASE AGREEMENT BETWEEN THE REORGANIZED
DEBTORS, THE LIQUIDATING GUC TRUST, AND MICHAEL VALLE**

This stipulation and agreed order (the "Stipulation and Agreed Order")[2] is made and entered into by and between the Reorganized Debtors[3] (and for the period of time prior to the Effective Date, the "Debtors"), the Liquidating GUC Trust (the "Liquidating GUC Trust"), and Michael Valle (the "Claimant," and together with the Reorganized Debtors and the Liquidating GUC Trust, collectively, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is NMG Holding Company, Inc. (5916). The Reorganized Debtor's service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to such terms in the *Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (With Technical Modifications)* [Docket No. 1795, Ex. A] (the "Plan").

[3] The "Reorganized Debtors" are, collectively: NMG Holding Company, Inc.; Bergdorf Goodman LLC; Bergdorf Graphics, Inc.; Mariposa Intermediate Holdings LLC; NEMA Beverage Corporation; NEMA Beverage Holding Corporation; NEMA Beverage Parent Corporation; NM Bermuda, LLC; NM Financial Services, Inc.; NM Nevada Trust; NMG California Salon LLC; NMG Florida Salon LLC; NMG Global Mobility, Inc.; NMG Notes PropCo LLC; NMG Salon Holdings LLC; NMG Salons LLC; NMG Term Loan PropCo LLC; NMG Texas Salon LLC; NMGP, LLC; and The Neiman Marcus Group LLC.

-1-

**RECITALS**

**WHEREAS**, on or about December 5, 2017, the Debtors, as Owner, and JRM Construction Management, LLC ("JRM Construction"), as Contractor, entered into that certain Standard Form of Agreement Between Owner and Contractor (the "Construction Agreement"), regarding construction to occur at 500 West 33rd Street, New York, New York 10001 ("20 Hudson Yards");

**WHEREAS**, JRM Construction entered into a subcontract with Interstate Drywall Construction for the performance of certain work in furtherance of the project at 20 Hudson Yards subject to the Construction Agreement between the Debtors and JRM Construction;

**WHEREAS**, the Claimant alleges that he slipped and fell at 20 Hudson Yards while performing work for his employer Interstate Drywall Construction on or about May 24, 2018 (the "Incident");

**WHEREAS,** on or about April 24, 2019, the Claimant filed a civil action against The Neiman Marcus Group LLC, among others, in the Supreme Court of the State of New York, County of New York, in a case styled *Michael Valle v. Board of Managers of 20-30 Hudson Yards, et al.*, and numbered Index No. 154241/2019 (N.Y. Sup. Ct., New York County, New York) (the "New York Action"), seeking damages allegedly arising from or related to the Incident;

**WHEREAS**, The Neiman Marcus Group LLC denied it was liable to Claimant and tendered defense of the Claimant's alleged claims in the New York Action to JRM Construction pursuant to the indemnification provision of the Construction Agreement;

**WHEREAS**, on May 7, 2020 (the "Petition Date"), the Debtors commenced these chapter 11 cases;

**WHEREAS**, on September 4, 2020, the Bankruptcy Court entered the *Order Confirming the Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code*

-2-

[Docket No. 1795] confirming the Plan;

**WHEREAS**, on September 25, 2020, the Effective Date of the Plan occurred;

**WHEREAS**, on the Effective Date, the Liquidating GUC Trust was established to, among other things, reconcile General Unsecured Claims and distribute the Liquidating Trust Assets to Holders of Allowed General Unsecured Claims in accordance with the Liquidating Trust Agreement [Docket No. 1955] and the treatment set forth in the Plan;

**WHEREAS**, on January 18, 2021, the Claimant filed proof of claim number 1154 (the "Valle Claim") against Neiman Marcus Group LTD LLC, seeking allowance and payment of an unliquidated, general unsecured claim based on an alleged right to payment of damages for injuries he allegedly sustained in connection with the Incident;

**WHEREAS,** the Claimant is enjoined from continuing the New York Action absent relief from the injunction set forth in Article VIII.F of the Plan (the "Plan Injunction");

**WHEREAS**, the Parties have engaged in good faith settlement negotiations and entered into a Confidential Settlement and Release Agreement attached hereto as sealed **Exhibit A** (the "Confidential Settlement and Release Agreement");

**WHEREAS**, the Liquidating GUC Trust's participation in this Stipulation and Agreed Order and the Confidential Settlement and Release Agreement is contingent upon entry of an order approving the *Liquidating GUC Trust's Motion for Entry of an Order Authorizing the Liquidating GUC Trust to file Under Seal the Confidential Settlement and Release Agreement as Exhibit A to the Stipulation and Agreed Order Approving the Confidential Settlement and Release Agreement Between the Reorganized Debtors, the Liquidating GUC Trust, and Michael Valle*, filed contemporaneously herewith (the "Sealing Motion");

**NOW, THEREFORE, THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

1. All foregoing recitals are incorporated by reference as if set forth verbatim herein.

2. The terms of the Confidential Settlement and Release Agreement, including without limitation the releases therein, are accepted and approved in their entireties.

3. Unless otherwise agreed by the Parties, the Confidential Settlement and Release Agreement shall not be effective and binding unless and until the Bankruptcy Court enters an order granting the Sealing Motion.

4. The Bankruptcy Court shall have exclusive jurisdiction to resolve any and all disputes related to this Stipulation and Agreed Order and the Confidential Settlement and Release Agreement. Each of the Parties irrevocably consents for all purposes related to this Stipulation and Agreed Order to the jurisdiction of the Bankruptcy Court and agrees that venue is proper in the Bankruptcy Court.

5. Nothing in this Stipulation and Agreed Order, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation and Agreed Order.

**IT IS SO ORDERED.**

Houston, Texas
Dated: January ___, 2024

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE


Dated:  January 32, 2024

/s/ *Michael S. Lamonsoff*
Michael S. Lamonsoff, Esq.
Law Offices of Michael S. Lamonsoff, PLLC
Financial Square at 32 Old Slip
New York, NY 10005
Telephone: (212) 962-1020
Email: jlesnevec@msllegal.com

-and-

Thomas A. Howley (TX Bar No. 24010115)
HOWLEY LAW PLLC
Pennzoil Place – South Tower
711 Louisiana Street Suite 1850
Houston, Texas 77002
Phone: 713-333-9120
Email: tom@howley-law.com

*Counsel for Claimant*

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
JACKSON WALKER L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Email: mcavenaugh@jw.com
Email: jwertz@jw.com
Email: kpeguero@jw.com

*Co-Counsel to the Reorganized Debtors*

-and-

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Anup Sathy, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654

/s/ *Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
PACHULSKI STANG ZIEHL & JONES LLP
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: mwarner@pszjlaw.com
Email: bwallen@pszjlaw.com

-and-

Justin R. Bernbrock (admitted *pro hac vice*)
Robert B. McLellarn (admitted *pro hac vice*)
Sheppard, Mullin, Richter & Hampton LLP
321 N. Clark St., 32nd Floor
Chicago, Illinois 60654
Telephone: (312) 499-63001
Facsimile:  (312) 499-6301
Email: jbernbrock@sheppardmullin.com
Email: rmclellarn@sheppardmullin.com

-and-

Jennifer L. Nassiri (admitted *pro hac vice*)
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone: (213) 617-4106
Facsimile:  (213) 443-2739
Email: jnassiri@sheppardmullin.com

-and-

Amanda Cottrell, Esq. (TX Bar No. 24064972)
Steven Gersten, Esq. (TX Bar No. 24087579)
Sheppard, Mullin, Richter & Hampton LLP
2200 Ross Avenue, 24th Floor
Dallas, TX 75201
Telephone: (469) 391-7400

| | |
|---|---|
| Telephone: (312) 862-2000<br>Email: anup.sathy@kirkland.com<br>Email: chad.husnick@kirkland.com<br>-and-<br><br>Matthew C. Fagen (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Email: matthew.fagen@kirkland.com<br><br>*Co-Counsel to the Reorganized Debtors* | Facsimile: (469) 391-7577<br>Email: acottrell@sheppardmullin.com<br>Email: sgersten@sheppardmullin.com<br><br>*Counsel for the Liquidating GUC Trust and Mohsin Meghji, in his capacity as trustee of the Liquidating GUC Trust* |

## **EXHIBIT A**

**(Filed Concurrently Under Seal)**