**Exhibit A**

**Confidential Settlement and Release Agreement**
**(Filed Under Seal)**

**I. DEFINITIONS.**

"Agreement" means this Confidential Settlement and Release Agreement.

"Valle Claim" means claim no. 1154 filed by Michael Valle in the Bankruptcy Case.

"Allowed" shall have the meaning given to such term in the Plan.

"Bankruptcy Case" means the case pending before the Honorable Marvin Isgur, United States Bankruptcy Judge, *In Re Neiman Marcus Group LTD LLC,* et. al, Case No. 20-32519 (MI) by the Bankruptcy Court.

"Bankruptcy Code" means title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

"Bankruptcy Court" means the Bankruptcy Court for the Southern District of Texas.

"Debtor Defendants" means any of the following that were defendants in the Lawsuit: Neiman Marcus Group LTD LLC; Bergdorf Goodman Inc.; Bergdorf Graphics, Inc.; BG Productions, Inc.; Mariposa Borrower, Inc; Mariposa Intermediate Holdings LLC; NEMA Beverage Corporatio; NEMA Beverage Holding Corporation; NEMA Beverage Parent Corporation; NM Bermuda, LLC; NM Financial Services, Inc.; NM Nevada Trust; NMG California Salon LLC; NMG Florida Salon LLC; NMG Global Mobility, Inc.; NMG Notes PropCo LLC; NMG Salon Holdings LLC; NMG Salons LLC; NMG Term Loan PropCo LLC; NMG Texas Salon LLC; NMGP, LLC; The Neiman Marcus Group LLC; The NMG Subsidiary LLC; and Worth Avenue Leasing Company.

"Defendants" means Debtor Defendants together with the Board of Managers of 20-30 Hudson Yards, Ery Tenant LLC, Ery Retail Podium, LLC, and JRM Construction Management, LLC.

"Effective Date" shall mean the date on which (a) this Agreement shall have been (i) executed by all Settlement Parties and (ii) approved by order of the Bankruptcy Court, which may be by stipulation, in form and substance acceptable to the Settlement Parties, and such order shall have become a final, non-appealable order, and (b) the Bankruptcy Court has entered an order approving the *Liquidating GUC Trust's Motion for Entry of an Order Authorizing the Liquidating GUC Trust to file Under Seal the Confidential Settlement and Release Agreement as Exhibit A to the Stipulation and Agreed Order Approving the Confidential Settlement and Release Agreement Between the Reorganized Debtors, the Liquidating GUC Trust, and Michael Valle*, filed on the date hereof (the earliest date upon which each of (a)(i), (a)(ii), and (b) have occurred).

"Incident" means and refers to any accident or injuries Plaintiff allegedly sustained arising from or related to the May 24, 2018 events at 500 West 33rd Street, New York, New York 10001 a/k/a 20 Hudson Yards more fully described in the Lawsuit, including Plaintiff's claims, allegations and all other circumstances related thereto.

"Lawsuit" means the above-entitled and numbered cause brought by Plaintiff against Defendants, styled *Michael Valle v. Board of Managers of 20-30 Hudson Yards, et al.*, and numbered Index No. 154241/2019 (N.Y. Sup. Ct., New York County, New York).

"Liquidating GUC Trust" shall have the meaning ascribed to such term in the Plan.

"Plaintiff" means Michael Valle and his heirs, successors, assigns, agents, attorneys, and representatives.

"Plaintiff's Counsel" refers to and means:

> Tom Howley, Esq.
> Howley Law PLLC
> Pennzoil Place, South Tower
> 711 Louisiana St Ste. 1850,
> Houston, TX 77002
>
> Michael S. Lamonsoff
> Law Offices of Michael S. Lamonsoff, PLLC
> Financial Square at 32 Old Slip
> New York, NY 10005

"Plan" means the Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (With Technical Modifications) [Docket No. 1795, Ex. A] confirmed on September 4, 2020 and deemed effective as September 25, 2020.

"Released Claims" as used herein is intended to be construed liberally to include all demands, rights of recovery, causes of action, injuries, acts, omissions, claims, debts, expenses, interest, costs, judgments, penalties, and liens, WHETHER NOW EXISTING OR ARISING HEREAFTER, (1) that arise out of the Incident; (2) that have been brought by Plaintiff in the Lawsuit against Defendants; and (3) that could have been brought in a lawsuit against the Defendants and/or Released Parties. Furthermore, "Released Claims" means all claims, demands, and causes of action of any nature, whether in contract or in tort, or arising under or by virtue of any statute or regulation, including all claims arising out of alleged past, present, or future negligence and gross negligence of Defendants and Released Parties for any other loss or damage arising from the Incident, including, but not limited to, prejudgment or post-judgment interest, medical expenses, survival and/or wrongful death claims, physical pain and mental anguish, loss of consortium, damages to familial relations, loss of

companionship, society and affection, disability, disfigurement, impairment, ensuing death, lost wages, back pay, front pay, loss of earning capacity, damage to reputation, loss of household services, punitive and/or exemplary damages, and/or statutory, multiple damages. The term "Released Claims" includes present and future claims and damages, regardless of whether the existence of such claims and/or damages is presently known or unknown, and regardless of whether additional claims or damages should arise, become known, or allegedly result from the Incident.

"Released Parties" means each of the Debtor Defendants, the Liquidating GUC Trust, the trustee of the Liquidating GUC Trust, and their respective current and former successors, predecessors, assigns, executors, administrators, attorneys, agents, advisors, representatives, officers, directors, shareholders, partners, employees, servants, attorneys, affiliate companies, insurer(s) and third-party administrator(s), including but not limited to Liberty Mutual Insurance Company, Helmsman Management Services LLC, and any other person, firm or corporation in privity with them.

"Settlement Consideration" means all the promises, agreements, and representations set forth below and the following:

A. The Valle Claim will be an Allowed Non-Funded Debt General Unsecured Claim in the amount of Two-Hundred and Twenty-Five Thousand Dollars AND 00/100 ($225,000).[1]

B. To the extent not already disallowed and expunged, all proofs of claim filed by Plaintiff against the Debtor Defendants or any of their debtor affiliates other than the Valle Claim, if any, are hereby disallowed and expunged in their entirety, and Plaintiff shall be barred and forever enjoined from filing any additional proof of claim, or taking any action on any proof of claim, in the Bankruptcy Case other than the Valle Claim, including any action to collect on a claim, other than the Valle Claim, from the Liquidating GUC Trust. All distributions on account of the Valle Claim shall be paid in accordance with Section lll.B.11 of the Plan

C. The parties hereto intend that the Settlement Consideration provided pursuant to this Agreement constitutes damages (whether by suit or agreement or as lump sum payments) on account of personal injuries that resulted from the allegations made in the Lawsuit, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. **PLAINTIFF AGREES TO INDEMNIFY THE DEFENDANTS AND RELEASED PARTIES FOR ANY CLAIM MADE BY THE FEDERAL GOVERNMENT/ INTERNAL REVENUE SERVICE UNDER THIS PROVISION.**

## II. AGREEMENT

---

[1] The final value of *pro rata* shares of the general unsecured claims distribution and the date of such distribution are not yet known.

CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT—

-4-

1. In this Agreement, the singular includes the plural, and vice versa; likewise, the disjunctive includes the conjunctive and vice versa.

2. **Except for Released Parties' obligations and the Settlement Consideration under this Agreement, Plaintiff does hereby for himself and on behalf of any spouse, attorney, assign, and agent, past and present, as well as anyone acting on their behalf, covenants not to sue and fully, completely, forever, and unconditionally compromises, settles, releases, waives, and discharges each of the Released Parties of and from the Released Claims. This Agreement extinguishes any and all applicable claims of the Plaintiff which have arisen, are arising, or hereafter arise out of the Incident or Lawsuit. Plaintiff acknowledges and agrees that the Settlement Consideration is, in and of itself, sufficient consideration for the enforcement of this provision.**

3. For the same Settlement Consideration, Plaintiff agrees that the facts and circumstances of the Valle Claim, the identity of the parties, the fact of this settlement, the fact that any money was paid in settlement, and/or the amount of money paid in settlement shall be kept strictly confidential in the future and shall not be disclosed to anyone, including but not limited to press or media of any form, unless pursuant to the agreement of the parties in writing or if required by court order or directive. If any inquiry as to the existence of or the terms and conditions of this settlement is made by anyone, including the press or media of any form, Plaintiff shall, and shall direct Plaintiff's Counsel to, decline to respond or state only that they have no comment. The Plaintiff also agrees, and shall direct Plaintiff's Counsel, not to solicit any such inquiries from any person, firm, corporation or entity. Plaintiff agrees to remove and delete any online statements regarding this dispute, including, without limitations, postings on Facebook, Twitter, LinkedIn, Tumbler, MySpace, Instagram, Google+, Pinterest, Reddit, Snapchat and similar websites and shall direct Plaintiff's Counsel to remove and delete the same.

4. As a material inducement to and as an express condition of this Agreement, Plaintiff agrees, and shall direct Plaintiff's Counsel, that they shall not directly or indirectly make any statements that arc professionally disparaging about the Released Parties in any medium (in any verbal or written form or through any form of social media) including, but not limited to, any statements that disparage the conduct or reputation of the Released Parties.

5. Plaintiff, Plaintiff's Counsel, and their agents and representatives, recognize and agree that irreparable injury will result to the Released Parties, their business, and property in the event of a breach of this Agreement, that any remedy at law for any breach of this Agreement will be inadequate, and that said Released Parties shall be entitled to temporary and permanent injunctive relief without the necessity of proving actual damage by reasons for any such breach.

6. Notwithstanding any term contained herein, Plaintiff acknowledges that the Released Parties may disclose the amount and terms of the settlement to a bankruptcy attorney, judge, trustee, or as otherwise required by the bankruptcy process.

7. Venue for any violation of this Agreement shall be in the Bankruptcy Court.

8. Plaintiff acknowledges the receipt and sufficiency of the Settlement Consideration by signing this Agreement. The agreement of the Released Parties to provide the Settlement Consideration is not an admission of liability or wrongdoing. Released Parties deny any and all liability and wrongdoing. This Agreement merely represents the compromise of certain disputed claims in order to avoid further litigation and, ultimately, a trial on the merits.

9. Plaintiff agrees that the Settlement Consideration is accepted in full and final settlement of the Valle Claim. Plaintiff agrees that the Settlement Consideration is all the money, services, or other consideration which, under any circumstance, Released Parties will ever have to pay for or provide on account of the Incident in the past, present or future arising out of the Incident.

10. The release from any liability or claim for any unknown or future injury or damage arising out of the Incident in question is a specifically negotiated term of this Agreement for which the Settlement Consideration is agreed to be provided. Plaintiff further stipulates and agrees, with respect to the Released Claims, that Plaintiff hereby waives, to the fullest extent permitted by applicable law, any and all provisions, rights, and benefits conferred by any applicable U.S. federal or state law, or any principle of common law, that would otherwise limit the effect of the releases in this Agreement on any claims whether known or unknown.

11. In the event that any party in any action pursued by Plaintiff should assert any third-party action, cross-action, counterclaim, or other form of action against Released Parties, then Plaintiff expressly understands and agrees that Released Parties are to incur no further liability to Plaintiff as a result of any claim, demand or cause of action which Plaintiff may assert against anyone as a result of the Incident and Released Parties will pay no further consideration to Plaintiff beyond the Settlement Consideration stated herein. In the event that any claim, demand or cause of action, whether by any third-party action, cross-action, counterclaim or otherwise for contribution or indemnity be asserted against Released Parties in a lawsuit or cause of action brought by Plaintiff, then Plaintiff agrees the Released Parties are to incur no further monetary liability to Plaintiff as the result of the Incident, even if the effect of this Agreement is to reduce any potential recovery by Plaintiff against any other person or entity not expressly benefited by this Agreement.

12. The Debtor Defendants and the Liquidating GUC Trust shall have the right, on or after the Effective Date, to modify the claims register in the bankruptcy cases to reflect the settlement terms embodied herein.

13. **INDEMNITY**

    **PLAINTIFF AGREES TO INDEMNIFY, DEFEND, AND HOLD HARMLESS THE RELEASED PARTIES FROM AND AGAINST (A) ALL CLAIMS THAT HAVE BEEN OR LATER MAY BE ASSERTED BY ANY PERSON, FIRM OR CORPORATION CLAIMING BY, THROUGH OR UNDER PLAINTIFF AND ARISING OUT OF OR RELATING TO THE INCIDENT; AND (B) ALL LEGAL ACTIONS, INCLUDING THIRD-PARTY ACTIONS AND CROSS-ACTIONS ASSERTED OR BROUGHT AGAINST THE RELEASED PARTIES BY ANY PERSON, FIRM, OR CORPORATION IN THE NAME OF PLAINTIFF ARISING OUT OF OR RELATING TO THE INCIDENT, THE LAWSUIT, OR THE SETTLEMENT CONSIDERATION INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS FOR REIMBURSEMENT, DIRECTLY AND/OR THROUGH SUBROGATION OR LIEN, FOR ANY EXPENSES PAID BY OR ON BEHALF OF PLAINTIFF. THIS INDEMNITY SPECIFICALLY APPLIES TO ALL THE ACTS AND OMISSIONS THAT WERE ALLEGED OR COULD HAVE BEEN ALLEGED IN THE LAWSUIT, INCLUDING THE ALLEGED NEGLIGENCE AND/OR GROSS NEGLIGENCE OF THE RELEASED PARTIES.**

14. Plaintiff agrees not to require the participation of the Released Parties or their counsel in any further proceedings, lawsuits, court appearances or trials arising out of the Incident or connected with the Lawsuit, except as may be necessary to effectuate this Agreement. Plaintiff agrees to dismiss the Lawsuit as against the Released Parties with prejudice within five days of the Effective Date of this Agreement. Each party shall bear its own fees (including attorneys' fees and expert fees), costs, and expenses.

15. Plaintiff warrants and represents that before executing this Agreement, he became fully informed of the terms, contents, conditions, and effects of this Agreement; that in making this Agreement, he has had the benefit of the advice of attorneys of his choosing; and that no promises or representations of any kind have been made by Defendants, or Released Parties, or anyone acting for Defendants or Released Parties, except as is expressly stated in this Agreement. Plaintiff has relied solely on his own judgment and the advice of his Counsel in making this settlement, and Plaintiff fully understands that this is a full, complete, and final release of all injuries, claims and damages, past, present or future, known or unknown, and arising out of the Incident in question. Plaintiff understands that the Settlement Consideration is all the consideration that is ever to be paid or provided anyone by or on behalf of Released Parties as a result of the Incident and/or the Lawsuit, regardless of whether the injuries or damages of Plaintiff, or his heirs, executors, administrators, successors and assigns, should change, worsen, or arise in the future.

16. Plaintiff warrants and specifically represents that there is no existing or former spouse, parent, child, guardian, or other person, firm, corporation or other entity with any potential claim for damages as a result of the Incident, including any hospital, health care provider, workers' compensation, Medicare, or Medicaid. Plaintiff additionally represents and warrants that he has paid all liens and satisfied any and all subrogation

interests arising out of the medical care, if any, made the basis of the Lawsuit, and that Plaintiff is specifically and solely responsible for the satisfaction of all such liens, medical bills and subrogation interests to the extent such exist. Plaintiff further releases any and all claims of Plaintiff against the Released Parties arising out of any medical bills, medication expenses, hospital and other healthcare expenses, workers' compensation, whether past, present, and future; liens, including, but not limited to, V.A. liens, health insurer liens, workers' compensation liens, Medicare liens, Medicaid liens, any local, city, county, state or federal government liens, and any and all claims, including, but not limited to subrogated interests or hospital liens, personal injury protection and property damage liens, physicians liens; and any and all other insurer's claims, subrogated interests or other liens, as well as statutory or common law claims for attorney's fees and costs. The Released Parties shall have no liability whatsoever for claims or liens of any kind or nature, including but not limited to liens for medical care asserted by any person, entity, or agency. Further, Plaintiff warrants, represents and covenants that if any such claims or liens are asserted, Plaintiff shall hold harmless and indemnify the Released Parties of and from any and all liability relating to such claims or liens, any Medicare liens, without limitation, including attorney's fees, costs and expenses incurred by the Released Parties in defending against the same.

17. Plaintiff represents and warrants that no medical services provided to him as a result of the Incident made basis of the Lawsuit were paid for by the U.S. Government, Medicare or Medicaid, and Plaintiff affirmatively represents that no governmental agency has a right to recover or subrogate any claim against the Released Parties under any medical recovery act provided by Federal or State law.

18. It is not the intention of any party to this Agreement to shift responsibility of future medical benefits to the Federal Government. It is the parties' intention to comply with the Medicare Secondary Payer Act (42 U.S.C. Sec. 1395y(b) as amended, and the relevant regulations contained in 42 C.F.R. Sec. 411. If any claims are later asserted by Medicare or Medicaid it will be Plaintiff's sole responsibility to satisfy said claims out of these settlement proceeds.

19. This Agreement states the entire agreement of the parties and supersedes all prior or contemporaneous oral or written understandings, agreements, statements or promises. This Agreement may not be amended or modified in any respect except by a written instrument duly executed by all of the parties to this Agreement. This Agreement may be executed in one or more counterparts, each of which shall be an original.

20. This Agreement shall become effective upon the Effective Date. If the Effective Date docs not occur for any reason, it shall be deemed a communication made for settlement purposes purposes only and will not be admissible in evidence or usable for any purposes whatsoever.

21. This Agreement has been and shall be construed to have been drafted by all of the parties to it so that the rule of construing ambiguities against the drafter shall have no force or effect. In the event that any one or more of the provisions of this Agreement shall for any

reason be held to be invalid, illegal or unenforceable in any respect, such invalidity shall not affect any other provision herein. This Agreement is entered into in the State of Texas, and shall be construed and interpreted by and in accordance with the laws of the State of Texas.

22. It is understood that the provisions of this Agreement are contractual and not mere recitals. Any signatories to this Agreement warrant that they have the authority to execute this Agreement and bind Plaintiff.

23. Nothing in this Agreement or any actions taken pursuant hereto is intended or shall be construed as: (a) an admission as to the Allowed amount of, basis for, or validity of any claim other than the Valle Claim, against the Debtor Defendants, the Liquidating GUC Trust, or the Excess Carrier; (b) a waiver of the right of the Liquidating GUC Trust, the Debtor Defendants, or Excess Carrier to dispute any claim, other than the Valle Claim; (c) a promise or requirement to pay any claim other than the Valle Claim in accordance with the terms of the Plan; or (d) a waiver or limitation, except as otherwise stated herein, of the rights and defenses of the Liquidating GUC Trust, the Debtor Defendants, or the Excess Carrier under applicable law.

*[Signature Pages Follow]*

Dated: December 5, 2023

_____
Michael Valle

By: _____
For:  The Liquidating GUC Trust


By: _____
For:  NMG Holding Company, Inc.
      Bergdorf Goodman LLC
      Bergdorf Graphics, Inc.
      Mariposa Intermediate Holdings LLC
      NEMA Beverage Corporation
      NEMA Beverage Holding Corporation
      NEMA Beverage Parent Corporation
      NM Bermuda, LLC
      NM Financial Services, Inc.
      NM Nevada Trust
      NMG California Salon LLC
      NMG Florida Salon LLC
      NMG Global Mobility, Inc.
      NMG Notes PropCo LLC
      NMG Salon Holdings LLC
      NMG Salons LLC
      NMG Term Loan PropCo LLC
      NMG Texas Salon LLC
      NMGP, LLC
      The Neiman Marcus Group LLC

Dated: January 3, 2024

_____  
Michael Valle

By: *Mohsin Meghji, Trustee*  
For: The Liquidating GUC Trust

_____  
By:  
For: NMG Holding Company, Inc.  
Bergdorf Goodman LLC  
Bergdorf Graphics, Inc.  
Mariposa Intermediate Holdings LLC  
NEMA Beverage Corporation  
NEMA Beverage Holding Corporation  
NEMA Beverage Parent Corporation  
NM Bermuda, LLC  
NM Financial Services, Inc.  
NM Nevada Trust  
NMG California Salon LLC  
NMG Florida Salon LLC  
NMG Global Mobility, Inc.  
NMG Notes PropCo LLC  
NMG Salon Holdings LLC  
NMG Salons LLC  
NMG Term Loan PropCo LLC  
NMG Texas Salon LLC  
NMGP, LLC  
The Neiman Marcus Group LLC

Dated:  January 3, 2024

| | |
|---|---|
| /s/_____<br>Michael Valle | /s/_____<br>By:<br>For:  The Liquidating GUC Trust<br><br>/s/_____<br>By:     Tom Mattei<br>For:    NMG Holding Company, Inc.<br>Bergdorf Goodman LLC<br>Bergdorf Graphics, Inc.<br>Mariposa Intermediate Holdings LLC<br>NEMA Beverage Corporation<br>NEMA Beverage Holding Corporation<br>NEMA Beverage Parent Corporation<br>NM Bermuda, LLC<br>NM Financial Services, Inc.<br>NM Nevada Trust<br>NMG California Salon LLC<br>NMG Florida Salon LLC<br>NMG Global Mobility, Inc.<br>NMG Notes PropCo LLC<br>NMG Salon Holdings LLC<br>NMG Salons LLC<br>NMG Term Loan PropCo LLC<br>NMG Texas Salon LLC<br>NMGP, LLC<br>The Neiman Marcus Group LLC |