United States Bankruptcy Court
Southern District of Texas

**ENTERED**
September 20, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-32519 |
| NEIMAN MARCUS GROUP | § | |
| LTD LLC, *et al.*, | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

## RECUSAL

I recuse from further consideration of disputes between the United States Trustee and Jackson Walker LLP that relate to alleged non-disclosure issues by Jackson Walker LLP. I do not recuse generally in any case.

Earlier today, the Court (acting through the undersigned Judge) issued an order in *Altera Infrastructure Project Services LLC*, case 22-90129. The order established a summary judgment procedure with respect to two issues:

- whether the final fee order awarding fees to Jackson Walker in that case should be vacated; and,

- whether the United States Trustee has standing to seek a monetary recovery on behalf of the reorganized debtor in that case.

Also on this date, the undersigned judge sent a letter to Chief United States District Judge Randy Crane. The letter was sent pursuant to Rule 6 of the Court's Disciplinary Rules and refers concerns regarding whether disciplinary proceedings should be commenced against Jackson Walker LLP.

The substance of the referral and the substance of the summary judgment procedure substantially overlap.

I recognize that referring a matter for disciplinary concerns does not ordinarily require recusal. But, in appropriate circumstances, I have previously recused following a disciplinary referral. *See In re Marco A.*

*Cantu,* Case No. 08-70260, ECF No. 2451 (Bankr. S.D. Tex. October 23, 2015). That recusal proved to be appropriate. *See Comm'n for Law. Discipline v. Cantu*, 587 S.W.3d 779, 787 (Tex. 2019).

In this case, it would be inappropriate for me to refer a matter for disciplinary action, and then to grant or deny relief in a bankruptcy case based on findings and conclusions concerning the same situation that was referred.

The Court independently determined to issue the *Altera* order prior to determining recusal. Indeed, the *Altera* order, in part, precipitated the recusal in multiple disputes between the United States Trustee and Jackson Walker. Because I have now determined that recusal is appropriate, I respectfully request that my replacement judge on the *Altera* matter review my *Altera* order to determine whether it should be vacated or modified.

SIGNED 09/20/2024

Marvin Isgur
United States Bankruptcy Judge